## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, LUIS RAFAEL MALDONADO VAILLANT, AND THEIR CONYUGAL PARTNERSHIP | CIVIL NO. |
| **PLAINTIFF,** | |
| v. | SUBJECT MATTER: TITLE VII VIOLATIONS, AGE & SEX DISCRIMINATION, TORTS |
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, JAVIER  RAMOS LUIÑA, ENID LÓPEZ LÓPEZ, ÁNGEL PÉREZ RIVERA, JORGE IRIZARRY HERRANS, LUIS I. ALFARO MARTÍNEZ, MARINE COMAS TORRES, NAPHIS TORRES PADRÓ, EDGARDO RODRÍGUEZ NIEVES, AND *ABC INSURANCE* | PLAINTIFF DEMANDS TRIAL BY JURY |
| **DEFENDANTS.** | |

## COMPLAINT

## I. INTRODUCTION

1) This is an action for employment discrimination and related violations of the constitutional rights of Plaintiff by defendants. The claims, filed on behalf of Mrs. Vicky Rodriguez and her husband, arise from the acts and omissions by defendants, when all throughout the year 2008 they subjected Plaintiff Rodriguez to: a hostile work environment through discrimination and privacy violations; adverse employment conditions, including, but not limited to passing her over for career advancement opportunities, and demeaning her contribution towards colleagues and clients. Defendants Ramos-Luiña, López-López and Pérez-

1

Rivera all throughout the year 2008 also collaborated with, and failed in their duty to prevent, Plaintiff Rodriguez from being the object of other employees' disparaging, demeaning and ridiculing remarks. Plaintiffs also file this action against defendants Irizarry and Alfaro, whom they allege where deliberately indifferent to their rights, and caused the damages alleged, due to their failure to adequately supervise, discipline and monitor Ramos-Luiña, López-López, Pérez-Rivera, Comas-Torres, Torres-Padró and Rodríguez-Nieves and yet unidentified other persons, employees and agents of **GDB**, whose actions and omissions were taken in deliberate indifference to their rights and proximately caused their injuries. Plaintiffs' claims of damages are based on the violation of rights guaranteed under the Constitution and laws of the United States and Puerto Rico.

2) Plaintiff asserts that the defendants' action in constructively demoting her and the procedures used to accomplish such constructive demotion deprived Plaintiff of her due process right for full and fair determination concerning her working conditions, probationary status and fulfillment of a dignified permanent promotion.

## II. JURISDICTION

3) This action is brought pursuant to **29 U.S.C. § 626**, Section 7(b) of the Age Discrimination in Employment Act (**ADEA**).

4) This action is brought pursuant to **42 U.S.C. §1983**, as it pertains to deprivation of rights under color of state law.

5) This action is brought pursuant to **42 U.S.C. §2000**, Title VII of the Civil Rights Act of 1964, and under the provisions of the Civil Rights Act of 1866 to redress the wrongs done to Plaintiffs by defendants.

6) This action is brought pursuant to the provisions of the **Lilly Ledbetter Fair Pay Act** of January 29, 2009.

7) This action is brought pursuant to **42 U.S.C. §1988**, Civil Rights Attorney's Fee Act.

8) Jurisdiction is founded upon **28 U.S.C. §§ 1331**, **1337,** **1343** and **29 U.S.C. § 626**, and the aforementioned statutory provisions. Plaintiffs further invokes the supplemental jurisdiction of the Court pursuant to **28 U.S.C. § 1367** to hear and decide claims arising under the laws of Puerto Rico and any related claims which are deemed to be within respect to the pendent parties.

9) This is the proper venue to bring this action, since the cause of action arose in Puerto Rico and all parties reside in this jurisdiction.

### III. PARTIES

10) Plaintiff Vicky Rodriguez is a citizen of Puerto Rico and employee of Commonwealth of Puerto Rico Governmental Development Bank ["GDB"].

11) Co-Plaintiff, Luis Rafael Maldonado Vaillant, is the spouse of plaintiff Vicky Rodriguez.

12) Defendant **GDB** is a Puerto Rico public corporation created under **7 L.P.R.A. §551**, et seq.

13) Defendants Jorge Irizarry, Luis I. Alfaro, Javier Ramos-Luiña, Enid López-López, Ángel Pérez-Rivera, Marine Comas Torres, Naphis Torres Padró y Edgardo Rodríguez Nieves were at all times relevant to this complaint officers and employees of the **GDB**.

14) On **November 18, 2008**, Plaintiff timely submitted a charge of discrimination against the **GDB** and the above-named supervisors with the Equal Employment Opportunity Commission (**"EEOC"**) on the basis of gender, age and both gender and age.

15) On January 20, 2009, plaintiff received a "notice of right to sue within 90 days" from the **EEOC**. A copy of this

4

notice is attached, marked **Exhibit "1"**, and incorporated by reference.

16) At all times relevant to this Complaint, the **GDB** was engaged in an industry affecting commerce as defined in Section 11(h) of the **ADEA**, **29 U.S.C. § 630**.

17) At all times relevant to this Complaint, the **GDB** has employed 20 or more employees for each working day in each of 20 or more calendar weeks in the preceding calendar year.

18) The **GDB** was and is, therefore, an employer within the Commonwealth of Puerto Rico and within the jurisdictional coverage of Section 11(b) of the **ADEA, 29 U.S.C.A. § 630**, and Title VII of the Civil Rights Act, **42 U.S.C. §2000**.

19) Defendants **Irizarry, Alfaro, Ramos-Luiña, López-López, Pérez-Rivera, Comas-Torres, Torres-Padró** and **Rodríguez-Nieves** were at all times relevant to this complaint employers within the Commonwealth of Puerto Rico and within the jurisdictional coverage of **ADEA, 29 U.S.C.A. § 630**, and **42 U.S.C. §2000**, and accountable for the action of the **GDB**'s agents and its supervisors.

20) The aforementioned defendants directly caused the injuries and violation to Plaintiffs' civil rights by their actions, and by their omissions in failing to prevent others from injuring Plaintiffs.

21) Defendant **GDB** failed in its duty and obligation as an employer to prevent, disavow and dissuade all harassment, discriminations and violations to their employee's rights by not implementing and enforcing the necessary or convenient measures for this purpose.

22) Defendant **GDB** promoted a pattern of discrimination by not maintaining an employee recruitment and advancement policy based on objective and uniform implementation, and in violation of the merit principle provisions of the Law for the Administration of Human Resources in Public Service of the Commonwealth of Puerto Rico, Lay 184 of August 3, 2004, 3 L.P.R.A. secs. 1461-1464.

23) Defendants **Irizarry** and **Alfaro**, where at all times relevant to this complaint respectively President and Executive Vice President of the **GDB**, and thus charged with the responsibility of supervising the actions of **Ramos-Luiña, López-López, Pérez-Rivera, Comas-Torres, Torres-Padró** and **Rodríguez-Nieves**. On information and belief, these **GDB** officers failed in their duty to supervise, evaluate, monitor and assign **Ramos-Luiña, López-López** and **Pérez-Rivera, Comas-Torres, Torres-Padró** and **Rodríguez-Nieves**, or otherwise assure that they would not represent a risk of injury to **GDB** employees such as Vicky Rodriguez, proximately causing the injuries alleged herein.

6

24) Defendants **Ramos-Luiña, López–López** and **Pérez–Rivera** were at all times relevant to this complaint respectively, First Vice-President and In-charge of Principal Financing Area, Director of Municipal Financing, and Director of Private Financing of **GDB**, and thus charged with the responsibility of supervising the actions of unnamed employees. On information and belief, these **GDB** officers failed in their duty to supervise, evaluate, monitor and assign unnamed employees or otherwise assure that they would not represent a risk of injury to **GDB** employees such as Vicky Rodriguez, proximately causing the injuries alleged herein.

25) Defendants **Comas-Torres, Torres-Padró** and **Rodríguez-Nieves** through their personal and direct actions discriminated against plaintiff and allowed the unnamed employees and/or agents of **GBD**, and failed to ensure that these unnamed employees and/or agents did not represent a danger to other employees and/or agents of **GBD**, as is Plaintiff.

26) Defendants **Comas-Torres, Torres-Padró** and **Rodríguez-Nieves** in their official capacity as Recruitment and Appointment Director, Human Resources Director and Human Resources Sub-Director, failed in their duty to prevent, disallow and dissuade harassment, discrimination and rights violations of **GBD** employees, as is Plaintiff, by no

implementing and/or enforcing the necessary or convenient measures for this purpose.

27) Plaintiff had on different occasions verbally informed her concerns and treatment to **GBD's** management, in particular López-López and Ramos-Luiña.

28) Plaintiff filed a grievance within her immediate chain of command on **November 7, 2008**, and despite her testimony and the availability of employees corroborating plaintiff's allegations, said grievance was handled in a cursory manner, and not one disciplinary step has been taken to date to correct the situation or discipline those responsible.

29) Defendants' failure to take any other steps to rectify or even investigate plaintiff's claim, acceptance of the inadequate reasons for the constructive demotion decision, and refusal to follow adequate procedures for probation and demotion, effectively ratified, sanctioned, and condoned the discriminatory conduct, and served to conceal it from proper further redress by Plaintiff.

30) The above-described actions and omissions were taken on behalf of the **GDB** and named defendants, as well as other unnamed **GDB** Directors, Officers, Officials and Management, and constitute discriminatory treatment against Plaintiff.

31) Discriminatory acts of defendants and their refusal to follow departmental standards and procedures for demotion actions were taken on behalf of the **GDB** and named defendants, as well as other unnamed **GDB** Directors, Officers, Officials and Management, and were actions under the color of the statutes, regulations, customs, and usages of the Commonwealth of Puerto Rico.

32) On information and belief, **GDB** Directors, Officers, Officials and Management have long been aware of the habitually discriminatory conduct by defendants against Plaintiff.

33) Furthermore, **GDB** Directors, Officers, Officials and Management knew or should have known that defendants granted more favorable treatment to employee's who are either male or younger than Plaintiff, or both.

34) Despite this knowledge, **GDB** Directors, Officers, Officials and Management failed to take any steps to rectify the situation, and instead permitted Plaintiff's work conditions and environment to progressively deteriorate.

35) The failure of **GDB** Directors, Officers, Officials and Management to take remedial action indicates that the age and gender discrimination animus that pervades in **GDB** is endorsed by its highest levels of authority.

36) At all times relevant to this complaint, all defendants were acting under color of the law of the Commonwealth of Puerto Rico.

37) Each of these defendants is also sued in his/her personal capacity and conjugal partnership.

## IV. FACTUAL ALLEGATIONS

38) Plaintiff is currently employed, and since 1996 has been employed, by **GDB**.

39) Plaintiff joined **GDB** as a Corporate Credit Officer, in the Treasury and Investment Department.

40) On or around On September 16th, 2002, Plaintiff was transferred to the role of Account Executive, in the Private Financing Department.

41) On or around April 4th, 2008, Plaintiff was transferred to the Municipal Financing Department, where she was embarrassingly submitted to a constructive probationary period, as any other unknown newly hired from the street, not withstanding her valuable years of service and extended tenure with **GDB**.

42) All throughout the period from 1996, until or around September 16th, 2002, Plaintiff proved herself as an employee and professional of outstanding caliber, evidenced by positive performance reviews issued by her supervisors.

43) Plaintiff at all times satisfactorily performed her duties and, in fact, had demonstrated an increased production rate according to management objectives.

44) All throughout the period from or around September 16th, 2002, and increasingly until reaching intolerable levels on April 4th, 2008, Plaintiff's work environment turned progressively hostile, as she was and still is subjected to continuous discrimination and privacy violations.

45) **GDB**, as well as the parties charged in their individual capacity have knowingly tolerated and engaged in insistent disparaging remarks about Plaintiff's age and personal appearance, as well as directing demeaning and ridiculing comments toward her workload and professional performance.

46) Specific instances of conduct above, subject Plaintiff to a work environment charged with discriminatory ridicule and insult, directed to her in such specific derogatory terms, as to make it clear that the motivation is a pervasive hostility towards her age and gender.

47) Without cause or justification, **GDB** and its above mentioned agents arbitrarily and discriminatorily excluded Plaintiff from the following activities customarily attended by male and younger counterparts:

a) Training and continued education opportunities;

b) Bank-related activities and communications, including, but not limited e-mail distributions;

c) Internal and customer meetings in which her participation would be otherwise essential.

48) Plaintiff, throughout the period from or around September 16th, 2002, and until the present day, has aspired to positions for which she is fully qualified, and which would offer her enhanced personal fulfillment and higher compensation.

49) Without cause or justification, although Plaintiff repeatedly bided to the positions, she was consistently passed over in favor of male applicants with less experience than her.

50) Plaintiff's career advancement opportunities have been further hindered by **GDB**'s recruitment of personnel from mainly outside the Bank, with relatively little exposure to banking, to positions for which Plaintiff is qualified, and for which she has expressed interest while discussing her current workload and level of career satisfaction with her supervisors.

51) Invariably, the outside recruits were males, younger than Plaintiff.

52) Discriminatory treatment of Plaintiff is not limited to the above, as it also extends to how male and younger

counterparts are treated differently as they are assigned more significant workloads, as well as the assignment of handling the most prominent accounts within the **GDB**.

53) Specific instances of conduct above, subject Plaintiff to such disadvantageous terms and conditions of employment to which her male and younger counterparts are not exposed, as to make it clear that the motivation is a pervasive hostility towards her age and gender.

54) In the remarks and actions alleged above, defendants acted within the scope of their employment as agents of **GDB**, under the supervisory control of all named defendants and other **GDB** Directors, Officers, Officials and Management.

55) Defendant's discriminatory conduct above created a work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with her work performance, and caused Plaintiff acute emotional distress necessitating medical treatment and consequent medical expenses.

56) All practices against Plaintiff, by named defendants constitute a violation of United States Federal and Puerto Rico anti-discrimination Law.

57) All injuries suffered by Plaintiff are as a direct and proximate result of the grossly negligent and culpable actions and omissions of all the defendants, which were

taken in reckless disregard of and in deliberate indifference to Plaintiff's constitutional rights.

### V. FIRST CAUSE OF ACTION

58) Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

59) This cause of action arises under the provisions of **29 U.S.C. § 626**, (**ADEA**), the **Lilly Ledbetter Fair Pay Act** of January 29, 2009, and **42 U.S.C. §2000**, and under the provisions of Law 100, **29 L.P.R.A. §146** *et seq*, and Law 69, **29 L.P.R.A. §1321** et seq., which prohibit gender and age discrimination.

60) This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

61) At all times relevant to this complaint Plaintiff's terms and conditions of employment, with respect to such matters as training, advancement, compensation, benefits, privileges, fringe benefits and bonuses, were not commensurate with that of similarly situated younger and male employees.

62) The actions and omission described herein constitute an illegal discriminatory practice, actionable pursuant to **42 U.S.C. §1983**.

63) Discriminatory acts of defendants and their refusal to follow departmental standards and procedures for demotion decisions were taken on behalf of the **GDB** and named defendants, as well as other unnamed **GDB** Directors, Officers, Officials and Management and were actions under the color of the statutes, regulations, customs, and usages of the Commonwealth of Puerto Rico.

64) These actions subjected plaintiff, a person within the jurisdiction of the Commonwealth of Puerto Rico, to the deprivation of rights secured to plaintiff by the Constitution and the laws of the United States and the Commonwealth of Puerto Rico, specifically: plaintiff's right under **42 U.S.C. §1983**, to be free from discrimination in employment and to be protected by due process of law.

65) Defendants who are natural persons are accountable and respond in their official capacity for charges under **29 U.S.C. § 626** and **42 U.S.C. §2000**, and personally for charges under **42 U.S.C. §1983**.

66) The defendants respond jointly and severally to Plaintiffs for these violations, entitling Plaintiffs to an award of

15

compensatory damages, costs, interests and attorney fees under **42 U.S.C. §1988**.

67) Given the wanton and malicious actions and omissions as described herein, the Plaintiffs are entitled to an award of punitive or exemplary damages.

## VI. SECOND CAUSE OF ACTION

68) Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

69) The pervasive discriminatory actions, violations to Plaintiff's rights to privacy and dignity, and hostile work environment have disrupted Plaintiffs health, peace of mind, family life, and lifestyle.

70) The actions and omission described herein constitute a tort under the Constitution and laws of the Commonwealth of Puerto Rico, for which the defendants respond to the Plaintiffs in compensatory damages, pursuant to **Article 1802** and **1803** of the **Civil Code of Puerto Rico**. This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

## VII. THIRD CAUSE OF ACTION

71) Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

72) At all times relevant to this complaint Plaintiff was subject of demonstrated discriminatory actions and treatment towards women, particularly, of her age, when she was submitted to continuous insults, disparaging remarks and ridicule, directed at her age, personal appearance and professional performance, at a sufficient degree to constitute an abusive attack on her honor, dignity, personal integrity, reputation and private and family life.

73) The actions and omission described herein constitute a privacy claim based on the violation of her right to privacy and dignity, a tort in violation of the provisions of **Article II §§1, 8** and **16** of the Constitution of the Commonwealth of Puerto Rico. This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

## VIII. FOURTH CAUSE OF ACTION

74) Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

17

75) The insurers identified with the fictitious name ABC Insurance issued policies which cover the damages alleged herein.

76) These insurers respond directly to the plaintiff pursuant to the Direct Action Statute of the Commonwealth of Puerto Rico.

## IX. JURY DEMAND

77) Plaintiff demands trial by jury.

## X. PRAYER FOR RELIEF

**WHEREFORE,** the plaintiffs demands judgment against the defendant and pray:

78) That this Court issue an injunction to order such affirmative relief as is appropriate, including, but not limited to, directing **GDB** to restore Plaintiff to the appropriate position in consistence with her experience and these pleadings, such as Director of Private Financing or Director of Special Projects.

79) That this Court enjoins the defendants **GDB** and its named and unnamed agents and codefendants from discriminating on the basis of age and gender in determining working conditions of its employees.

80) That this Court enters a permanent injunction against **GDB,** its supervisors, employees, and agents, ordering them to

cease and desist from engaging in the discriminatory practices described above.

81) That this Court award the plaintiff unpaid wages and other compensation to date, as well as the corresponding sum for unpaid wages and other compensation for each day that elapses until the plaintiff is properly promoted to the above job classification.

82) That this Court award the plaintiff damages in the form of full front pay and full back pay pursuant to applicable laws and regulations, and compensatory damages in the amount of $600,000.00 for medical expenses and physical pain and suffering, and $800,000.00 for psychological pain and anguishes.

83) That this Court awards the plaintiff liquidated damages as provided by the **ADEA**.

84) That this Court award the plaintiff reasonable attorney's fees and the other costs of this action under **42 U.S.C. § 1988**, Civil Rights Attorney's Fee Act.

85) That this Court award plaintiff back pay, and other damages, including, but not limited to, costs, disbursements.

86) That this Court awards the plaintiff such other and further relief as may be just and equitable.

**STATEMENT UNDER PENALTY OF PERJURY**

I, Vicky Rodríguez Torres on oath state as set forth below:

1.   That I am of legal age, married, businessperson, and a resident of San Juan, Puerto Rico.

2.   That I have read the foregoing Complaint, and have reviewed all information alleged therein and believe the same is true as evidenced by the records of the case.

Pursuant to **28 U.S.C. § 1746**, I declare under penalty of perjury the foregoing as true and correct.

Executed this twelve (12) day of February, 2009 at San Juan, Puerto Rico.

_____
Vicky Rodríguez Torres

**STATEMENT UNDER PENALTY OF PERJURY**

I, Luis Rafael Maldonado Vaillant, on oath state as set forth below:

1.   That I am of legal age, married, retired, and a resident of San Juan, Puerto Rico.

2.   That I have read the foregoing Complaint, and have reviewed all information alleged therein and believe the same is true as evidenced by the records of the case.

Pursuant to **28 U.S.C. § 1746**, I declare under penalty of perjury the foregoing as true and correct.

Executed this twelve (12) day of February, 2009 at San Juan,
Puerto Rico.

_____
Luis Rafael Maldonado Vaillant

In San Juan, Puerto Rico, today February 13, 2009.

**LAW OFFICES OF CUADROS & CUADROS**
**Centro de Seguros Bldg., Suite 215**
**701 Ponce de León Avenue (Miramar)**
**San Juan, Puerto Rico 00907**
**Tel: (787) 725-2652**
**Fax: (787) 728-3820**

By:_____
   **Miguel A. Cuadros Pesquera**
   **USDC-PR No. 114814**