IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, LUIS RAFAEL MALDONADO VAILLANT, AND THEIR CONJUGAL PARTNERSHIP | CIVIL NO. 09-CV-01151-JP |
| PLAINTIFF, | |
| v. | SUBJECT MATTER: TITLE VII VIOLATIONS, AGE & SEX DISCRIMINATION, TORTS |
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, JAVIER RAMOS LUIÑA IN OFFICIAL AND INDIVIDUAL CAPACITY ENID LÓPEZ LÓPEZ, IN OFFICIAL AND INDIVIDUAL CAPACITY, ÁNGEL PÉREZ RIVERA, IN OFFICIAL AND INDIVIDUAL CAPACITY, JORGE IRIZARRY HERRANS, IN OFFICIAL AND INDIVIDUAL CAPACITY, LUIS I. ALFARO MARTÍNEZ, IN OFFICIAL AND INDIVIDUAL CAPACITY, MARINE COMAS TORRES, IN OFFICIAL AND INDIVIDUAL CAPACITY, NAPHIS TORRES PADRÓ, IN OFFICIAL AND INDIVIDUAL CAPACITY, EDGARDO RODRÍGUEZ NIEVES, IN OFFICIAL AND INDIVIDUAL CAPACITY, AND AMERICAN INTERNATIONAL INSURANCE CO. OF PR, | PLAINTIFF DEMANDS TRIAL BY JURY |
| DEFENDANTS. | |

AMENDED COMPLAINT

I. INTRODUCTION

1)   This is an action for employment discrimination and related violations of the constitutional rights of Plaintiff by defendants. The claims, filed on behalf of Mrs. Vicky Rodriguez and her husband, arise from the acts and omissions by defendants, when all throughout the year 2008 they subjected Plaintiff Rodriguez to: a hostile work environment through

1

discrimination and privacy violations; adverse employment conditions, including, but not limited to passing her over for career advancement opportunities, and demeaning her contribution towards colleagues and clients. Defendants Ramos-Luiña, López-López and Pérez-Rivera all throughout the year 2008 also collaborated with, and failed in their duty to prevent, Plaintiff Rodriguez from being the object of other employees' disparaging, demeaning and ridiculing remarks. Plaintiffs also file this action against defendants Irizarry and Alfaro, whom they allege where deliberately indifferent to their rights, and caused the damages alleged, due to their failure to adequately supervise, discipline and monitor Ramos-Luiña, López-López, Pérez-Rivera, Comas-Torres, Torres-Padró and Rodríguez-Nieves and yet unidentified other persons, employees and agents of **GDB**, whose actions and omissions were taken in deliberate indifference to their rights and proximately caused their injuries. Plaintiffs' claims of damages are based on the violation of rights guaranteed under the Constitution and laws of the United States and Puerto Rico.

**2)** Plaintiff asserts that the defendants' action in constructively demoting her and the procedures used to accomplish such constructive demotion deprived Plaintiff of her due process right for full and fair determination concerning her

working conditions, probationary status and fulfillment of a dignified permanent promotion.

## II. JURISDICTION

3)   This action is brought pursuant to **29 U.S.C. § 626**, Section 7(b) of the Age Discrimination in Employment Act (**ADEA**).

4)   This action is brought pursuant to **42 U.S.C. §1983**, as it pertains to deprivation of rights under color of state law.

5)   This action is brought pursuant to **42 U.S.C. §2000**, Title VII of the Civil Rights Act of 1964, and under the provisions of the Civil Rights Act of 1866 to redress the wrongs done to Plaintiffs by defendants.

6)   This action is brought pursuant to the provisions of the **Lilly Ledbetter Fair Pay Act** of January 29, 2009.

7)   This action is brought pursuant to **42 U.S.C. §1988**, Civil Rights Attorney's Fee Act.

8)   Jurisdiction is founded upon **28 U.S.C. §§ 1331, 1337, 1343** and **29 U.S.C. § 626**, and the aforementioned statutory provisions. Plaintiffs further invokes the supplemental jurisdiction of the Court pursuant to **28 U.S.C. § 1367** to hear and decide claims arising under the laws of Puerto Rico and any related claims which are deemed to be within respect to the pendent parties.

9)   This is the proper venue to bring this action, since the cause of action arose in Puerto Rico and all parties reside in this jurisdiction.

### III. PARTIES

10)  Plaintiff Vicky Rodriguez is a citizen of Puerto Rico and employee of Commonwealth of Puerto Rico Governmental Development Bank ["GDB"].

11)  Co-Plaintiff, Luis Rafael Maldonado Vaillant, is the spouse of plaintiff Vicky Rodriguez.

12)  Defendant **GDB** is a Puerto Rico public corporation created under **7 L.P.R.A. §551**, et seq.

13)  Defendants **Jorge Irizarry, Luis I. Alfaro, Javier Ramos-Luiña, Enid López-López, Ángel Pérez-Rivera, Marine Comas Torres, Naphis Torres Padró** and **Edgardo Rodríguez** Nieves were at all times relevant to this complaint officers and employees of the **GDB**.

14)  On **November 18, 2008**, Plaintiff timely submitted a charge of discrimination against the **GDB** and the above-named supervisors with the Equal Employment Opportunity Commission ("**EEOC**") on the basis of gender, age and both gender and age.

15)  On January 20, 2009, plaintiff received a "notice of right to sue within 90 days" from the **EEOC**. A copy of this notice is attached, marked **Exhibit "1"**, and incorporated by reference.

16) At all times relevant to this Complaint, the **GDB** was engaged in an industry affecting commerce as defined in Section 11(h) of the **ADEA**, **29 U.S.C. § 630**.

17) At all times relevant to this Complaint, the **GDB** has employed 20 or more employees for each working day in each of 20 or more calendar weeks in the preceding calendar year.

18) The **GDB** was and is, therefore, an employer within the Commonwealth of Puerto Rico and within the jurisdictional coverage of Section 11(b) of the **ADEA**, **29 U.S.C.A. § 630**, and Title VII of the Civil Rights Act, **42 U.S.C. §2000**.

19) Defendants **Irizarry**, **Alfaro**, **Ramos-Luiña**, **López-López**, **Pérez-Rivera**, **Comas-Torres**, **Torres-Padró** and **Rodríguez-Nieves** were at all times relevant to this complaint employers within the Commonwealth of Puerto Rico and within the jurisdictional coverage of **ADEA**, **29 U.S.C.A. § 630**, and **42 U.S.C. §2000**, and accountable for the action of the **GDB**'s agents and its supervisors.

20) The aforementioned defendants directly caused the injuries and violation to Plaintiffs' civil rights by their actions, and by their omissions in failing to prevent others from injuring Plaintiffs.

21) Defendant **GDB** failed in its duty and obligation as an employer to prevent, disavow and dissuade all harassment, discriminations and violations to their employee's rights by not

implementing and enforcing the necessary or convenient measures for this purpose.

**22)** Defendant **GDB** promoted a pattern of discrimination by not maintaining an employee recruitment and advancement policy based on objective and uniform implementation, and in violation of the merit principle provisions of the Law for the Administration of Human Resources in Public Service of the Commonwealth of Puerto Rico, Law 184 of August 3, 2004, 3 L.P.R.A. secs. 1461-1464.

**23)** Defendants **Irizarry** and **Alfaro**, where at all times relevant to this complaint respectively President and Financing Director of the **GDB**, and thus charged with the responsibility of supervising the actions of **Ramos-Luiña, López-López, Pérez-Rivera, Comas-Torres, Torres-Padró** and **Rodríguez-Nieves**. On information and belief, these **GDB** officers failed in their duty to supervise, evaluate, monitor and assign **Ramos-Luiña, López-López** and **Pérez-Rivera, Comas-Torres, Torres-Padró** and **Rodríguez-Nieves**, or otherwise assure that they would not represent a risk of injury to **GDB** employees such as Vicky Rodriguez, proximately causing the injuries alleged herein.

**24)** Defendants **Irizarry** and **Alfaro** are sued in their official capacity as President and Financing Director of the Government Development Bank for Puerto Rico, a public corporation of the Commonwealth of Puerto Rico.

25) Defendant **Jorge Irizarry Herrans** at the time of the facts was President of the Bank.  He was aware of the discriminatory practices going on in the bank in the Municipal and Private Financing Departments, and of the treatment received by Plaintiff.  **Irizarry** turned a blind eye to the situation, and Failed in his duty to properly supervise employees under his purview and to curtail any and all discriminatory practices employed by his subordinates.  For his direct and personal actions and omissions, Defendant **Irizarry** is also sued in individual capacity.

26) Defendant **LUIS I. ALFARO MARTÍNEZ** at the time of the facts was Financing Director of the Bank.  He was aware of the discriminatory practices in the Bank's Municipal and Private Financing Departments, and of the treatment received by Plaintiff.  **Alfaro** turned a blind eye to the situation, and failed in his duty to supervise employees and to stop discriminatory practices comitted by his subordinates. Ignored Plaintiff's request for meeting to discuss and seek remedy for her complaint about Bank's management.  For his direct and personal actions and omissions, Defendant **Alfaro** is also sued in individual capacity.

27) Defendants **Ramos-Luiña, López-López** and **Pérez-Rivera** were at all times relevant to this complaint respectively, Principal Financing Officer, Director of Municipal Financing Department,

and Director of Private Financing of **GDB**, and thus charged with the responsibility of supervising the actions of unnamed employees. On information and belief, these **GDB** officers failed in their duty to supervise, evaluate, monitor and assign unnamed employees or otherwise assure that they would not represent a risk of injury to **GDB** employees such as Vicky Rodriguez, proximately causing the injuries alleged herein.

**28)** Defendants **Ramos-Luiña, López-López** and **Pérez-Rivera** are sued in their official capacity as Principal Financing Officer, Director of Municipal Financing Department, and Director of Private Financing of the Government Development Bank for Puerto Rico, a public corporation of the Commonwealth of Puerto Rico.

**29)** Defendant **Javier Ramos Luiña** was Plaintiff's previous and current supervisor in Private Financing Department. Ramos-Luiña shows preferential treatment to male employees and helped create a hostile work environment by:

    a) Telling Plaintiff that they are going to meet to discuss a particular project or matter, and then the meeting never takes place;

    b) Excluding Plaintiff from meetings with clients and other interested parties directly related to Plaintiff's case management load;

    c) Failed to reply regularly to Plaintiff's emails;

d) Excludes Plaintiff's name from reports in which Plaintiff collaborated; and

e) Principally assigns clerical work to Plaintiff.

30) Plaintiff had previously informed her of Plaintiff's discontent with the treatment to which she was subjected. For his direct and personal actions and omissions, Defendant **Ramos-Luiña** is also sued in individual capacity.

31) Defendant **Enid López López** was Plaintiff's previous supervisor in Municipal Financing Department. **López-López** showed preferential treatment of male employees, who are also younger than Plaintiff, and has made various remarks about age at staff meetings, while looking at Plaintiff. Created a hostile work environment by:

a) Segregating Plaintiff from other employees by not assining her a work space in the department;

b) Not assigning Plaintiff work as account officer in Municipal Financing, and then inquiring at staff meetings what Plaintiff was doing;

c) Would not meet with Plaintiff;

d) Would not advise Plaintiff of staff meeting notifications and other internal correspondence; and

e) Did not include Plaintiff in seminar shortly after Planitiff's tranfer to Municipal Financing department,

but did include the other male employees transferred at the same time as Plaintiff.

**32)** Plaintiff had previously informed her of Plaintiff's discontent with the treatment to which she was being subjected. For her direct and personal actions and omissions, Defendant **López-López** is also sued in individual capacity.

**33)** Defendant **Angel Pérez Rivera** was Plaintiff's previous supervisor as Director of Private Financing during the relevant time period. **Pérez-Rivera** showed preferential treatment to male employees. Created a hostile work environment by:

a) Failing to assign work to Plaintiff;

b) Failing to reply in a timely manner to Plaintiff's requests for seminars;

c) When attending conferences, site inspections, or client meetings, would ignore Plaintiff thus demeaning her to other participants and herself.

d) Would assign Plaintiff a particular case and then would assing the same case to another coworker, usually a male, thus effectively removing her from the case without notice or explanation.

e) Would make certain comments intended to humiliate and attack Plaintiff's credibility and self-esteem.

**34)** For his direct and personal actions and omissions, Defendant **Pérez-Rivera** is also sued in individual capacity.

**35)** Defendants **Comas-Torres, Torres-Padró** and **Rodríguez-Nieves** through their personal and direct actions discriminated against plaintiff and allowed the unnamed employees and/or agents of **GBD**, and failed to ensure that these unnamed employees and/or agents did not represent a danger to other employees and/or agents of GBD, as is Plaintiff.

**36)** Defendants **Comas-Torres, Torres-Padró** and **Rodríguez-Nieves** in their official capacity as Recruiting and Nominations Director, Human Resources Director and Human Resources Sub-Director, failed in their duty to prevent, disallow and dissuade harassment, discrimination and rights violations of GBD employees, as is Plaintiff, by no  implementing and/or enforcing the necessary or convenient measures for this purpose.

**37)** Defendants **Comas-Torres, Torres-Padró** and **Rodríguez-Nieves** are sued in their official capacity. **Comas-Torres** as Human Resources Director for her actions and omissions during the period of December 18, 2007 to June 30, 2008, and as Recruiting and Nominations Director for her actions and omissions since July 1, 2008; **Torres-Padró** as Human Resources Director; and **Rodríguez-Nieves** as Human Resources Sub-Director of the Government Development Bank for Puerto Rico, a public corporation of the Commonwealth of Puerto Rico.

**38)** As Human Resources Director Defendant **Marine Comas Torres** was aware of Plaintiff's concern with her transfer to the

Municipal Financing Department and the lack of work being assigned to her in that department.  She was aware of Plaintiff's positive evaluations and multiple requests for promotion.  Mrs. Comas also knew of Plaintiff's physical segregation from other Municipal Financing Department co-workers. As Recruiting & Nominations Director was responsible for implementing a pattern of hiring male and/or younger persons to positions for which Plaintiff was qualified and to which had signified her aspirations.  For her direct and personal actions and omissions, Defendant **Comas-Torres** is also sued in individual capacity.

**39)** Defendant **Naphis Torres Padró** as Human Resources Director was the person to whom Plaintiff reported the discriminatory practices and hostile work environment to which she had been subjected by the Bank, personally on November 7, 2008 at around 10:30 AM. Although Mr. Torres indicated to Plaintiff that he would follow up on her claims, he never did.  His reaction to Plaintiff's claims was to communicate to Plaintiff that 'these things are sometimes about perception', seemingly sweeping the situation under the rug.  For his direct and personal actions and omissions, Defendant **Naphis-Torres** also sued in individual capacity.

**40)** Defendant **Edgardo Rodriguez Nieves** as Human Resources Sub-Director, and interim HR director when Naphis Torres Padró

left the Bank, was aware of Plaintiff's complaints to GDB about the discriminatory practices and hostile work environment to which she had and has been subjected, and has failed in his duty to follow up and seek solutions for the problem. For his direct and personal actions and omissions, Defendant **Rodriguez-Nieves** is also sued in individual capacity.

41) Plaintiff had on different occasions verbally informed her concerns and treatment to **GBD's** management, in particular **López-López** and **Ramos-Luiña.**

42) Plaintiff filed a grievance within her immediate chain of command on **November 7, 2008**, and despite her testimony and the availability of employees corroborating plaintiff's allegations, said grievance was handled in a cursory manner, and not one disciplinary step has been taken to date to correct the situation or discipline those responsible.

43) Defendants' failure to take any other steps to rectify or even investigate plaintiff's claim, acceptance of the inadequate reasons for the constructive demotion decision, and refusal to follow adequate procedures for probation and demotion, effectively ratified, sanctioned, and condoned the discriminatory conduct, and served to conceal it from proper further redress by Plaintiff.

44) The above-described actions and omissions were taken on behalf of the **GDB** and named defendants, as well as other unnamed

13

**GDB** Directors, Officers, Officials and Management, and constitute discriminatory treatment against Plaintiff.

45) Discriminatory acts of defendants and their refusal to follow departmental standards and procedures for demotion actions were taken on behalf of the **GDB** and named defendants, as well as other unnamed **GDB** Directors, Officers, Officials and Management, and were actions under the color of the statutes, regulations, customs, and usages of the Commonwealth of Puerto Rico.

46) On information and belief, **GDB** Directors, Officers, Officials and Management have long been aware of the habitually discriminatory conduct by defendants against Plaintiff.

47) Furthermore, **GDB** Directors, Officers, Officials and Management knew or should have known that defendants granted more favorable treatment to employee's who are either male or younger than Plaintiff, or both.

48) Despite this knowledge, **GDB** Directors, Officers, Officials and Management failed to take any steps to rectify the situation, and instead permitted Plaintiff's work conditions and environment to progressively deteriorate.

49) The failure of **GDB** Directors, Officers, Officials and Management to take remedial action indicates that the age and gender discrimination animus that pervades in **GDB** is endorsed by its highest levels of authority.

14

**50)** At all times relevant to this complaint, all defendants were acting under color of the law of the Commonwealth of Puerto Rico.

## IV. FACTUAL ALLEGATIONS

**51)** Plaintiff is currently employed, and since 1996 has been employed, by **GDB**.

**52)** Plaintiff joined **GDB** as a Corporate Credit Officer, in the Treasury and Investment Department.

**53)** On or around On September 16th, 2002, Plaintiff was transferred to the role of Account Executive, in the Private Financing Department.

**54)** On or around April 4th, 2008, Plaintiff was transferred to the Municipal Financing Department, where she was embarrassingly submitted to a constructive probationary period, as any other unknown newly hired from the street, not withstanding her valuable years of service and extended tenure with **GDB**.

**55)** All throughout the period from 1996, until or around September 16th, 2002, Plaintiff proved herself as an employee and professional of outstanding caliber, evidenced by positive performance reviews issued by her supervisors.

**56)** Plaintiff at all times satisfactorily performed her duties and, in fact, had demonstrated an increased production rate according to management objectives.

57) All throughout the period from or around September 16th, 2002, and increasingly until reaching intolerable levels on April 4th, 2008, Plaintiff's work environment turned progressively hostile, as she was and still is subjected to continuous discrimination and privacy violations.

58) **GDB**, as well as the parties charged in their individual capacity have knowingly tolerated and engaged in insistent disparaging remarks about Plaintiff's age and personal appearance, as well as directing demeaning and ridiculing comments toward her workload and professional performance.

59) Specific instances of conduct above, subject Plaintiff to a work environment charged with discriminatory ridicule and insult, directed to her in such specific derogatory terms, as to make it clear that the motivation is a pervasive hostility towards her age and gender.

60) Without cause or justification, **GDB** and its above mentioned agents arbitrarily and discriminatorily excluded Plaintiff from the following activities customarily attended by male and younger counterparts:

a) Training and continued education opportunities;

b) Bank-related activities and communications, including, but not limited e-mail distributions;

c) Internal and customer meetings in which her participation would be otherwise essential.

61) Plaintiff, throughout the period from or around September 16th, 2002, and until the present day, has aspired to positions for which she is fully qualified, and which would offer her enhanced personal fulfillment and higher compensation.

62) Without cause or justification, although Plaintiff repeatedly bided to the positions, she was consistently passed over in favor of male applicants with less experience than her.

63) Plaintiff's career advancement opportunities have been further hindered by **GDB**'s recruitment of personnel from mainly outside the Bank, with relatively little exposure to banking, to positions for which Plaintiff is qualified, and for which she has expressed interest while discussing her current workload and level of career satisfaction with her supervisors.

64) Invariably, the outside recruits were males, younger than Plaintiff.

65) Discriminatory treatment of Plaintiff is not limited to the above, as it also extends to how male and younger counterparts are treated differently as they are assigned more significant workloads, as well as the assignment of handling the most prominent accounts within the **GDB**.

66) Specific instances of conduct above, subject Plaintiff to such disadvantageous terms and conditions of employment to which her male and younger counterparts are not exposed, as to make it

17

clear that the motivation is a pervasive hostility towards her age and gender.

**67)** In the remarks and actions alleged above, defendants acted within the scope of their employment as agents of **GDB**, under the supervisory control of all named defendants and other **GDB** Directors, Officers, Officials and Management.

**68)** Defendant's discriminatory conduct above created a work environment extremely detrimental to Plaintiff's emotional and physical health, interfered with her work performance, and caused Plaintiff acute emotional distress necessitating medical treatment and consequent medical expenses.

**69)** All practices against Plaintiff, by named defendants constitute a violation of United States Federal and Puerto Rico anti-discrimination Law.

**70)** All injuries suffered by Plaintiff are as a direct and proximate result of the grossly negligent and culpable actions and omissions of all the defendants, which were taken in reckless disregard of and in deliberate indifference to Plaintiff's constitutional rights.

### <u>V. FIRST CAUSE OF ACTION</u>

**71)** Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

**72)** This cause of action arises under the provisions of <u>**29 U.S.C. § 626**</u>, (**ADEA**), the <u>**Lilly Ledbetter Fair Pay Act**</u> of

January 29, 2009, and **42 U.S.C. §2000**, and under the provisions of Law 100, **29 L.P.R.A. §146** *et seq*, and Law 69, **29 L.P.R.A. §1321** et seq., which prohibit gender and age discrimination.

**73)** This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

**74)** At all times relevant to this complaint Plaintiff's terms and conditions of employment, with respect to such matters as training, advancement, compensation, benefits, privileges, fringe benefits and bonuses, were not commensurate with that of similarly situated younger and male employees.

**75)** The actions and omission described herein constitute an illegal discriminatory practice, actionable pursuant to **42 U.S.C. §1983**.

**76)** Discriminatory acts of defendants and their refusal to follow departmental standards and procedures for demotion decisions were taken on behalf of the **GDB** and named defendants, as well as other unnamed **GDB** Directors, Officers, Officials and Management and were actions under the color of the statutes, regulations, customs, and usages of the Commonwealth of Puerto Rico.

**77)** These actions subjected plaintiff, a person within the jurisdiction of the Commonwealth of Puerto Rico, to the deprivation of rights secured to plaintiff by the Constitution and the laws of the United States and the Commonwealth of Puerto Rico, specifically: plaintiff's right under **42 U.S.C. §1983**, to be free from discrimination in employment and to be protected by due process of law.

**78)** Defendants who are natural persons are accountable and respond in their official capacity for charges under **29 U.S.C. § 626** and **42 U.S.C. §2000**, and personally for charges under **42 U.S.C. §1983**.

**79)** The defendants respond jointly and severally to Plaintiffs for these violations, entitling Plaintiffs to an award of compensatory damages, costs, interests and attorney fees under **42 U.S.C. §1988**.

**80)** Given the wanton and malicious actions and omissions as described herein, the Plaintiffs are entitled to an award of punitive or exemplary damages.

## VI. SECOND CAUSE OF ACTION

**81)** Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

**82)** The pervasive discriminatory actions, violations to Plaintiff's rights to privacy and dignity, and hostile work

environment have disrupted Plaintiffs health, peace of mind, family life, and lifestyle.

83) The actions and omission described herein constitute a tort under the Constitution and laws of the Commonwealth of Puerto Rico, for which the defendants respond to the Plaintiffs in compensatory damages, pursuant to **Article 1802** and **1803** of the **Civil Code of Puerto Rico**. This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

## VII. THIRD CAUSE OF ACTION

84) Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

85) At all times relevant to this complaint Plaintiff was subject of demonstrated discriminatory actions and treatment towards women, particularly, of her age, when she was submitted to continuous insults, disparaging remarks and ridicule, directed at her age, personal appearance and professional performance, at a sufficient degree to constitute an abusive attack on her honor, dignity, personal integrity, reputation and private and family life.

86) The actions and omission described herein constitute a privacy claim based on the violation of her right to privacy and

dignity, a tort in violation of the provisions of **Article II §§1**, **8** and **16** of the Constitution of the Commonwealth of Puerto Rico. This court has supplemental jurisdiction pursuant to **28 U.S.C. §1367** to hear and adjudicate these claims arising from the same nucleus of operative facts, and to hear and adjudicate any such claim this court may deem to be brought on behalf of a pendent party to this action.

## VIII. FOURTH CAUSE OF ACTION

**87)** Plaintiffs repeat and reallege each and every preceding paragraph of this complaint.

**88)** The insurers AMERICAN INTERNATIONAL INSURANCE CO. OF PR issued policies which cover the damages alleged herein.

**89)** These insurers respond directly to the plaintiff pursuant to the Direct Action Statute of the Commonwealth of Puerto Rico.

## IX. JURY DEMAND

**90)** Plaintiff demands trial by jury.

## X. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs demands judgment against the defendant and pray:

**91)** That this Court issue an injunction to order such affirmative relief as is appropriate, including, but not limited to, directing **GDB** to restore Plaintiff to the appropriate position in consistence with her experience and these pleadings,

such as Director of Private Financing or Director of Special Projects.

**92)** That this Court enjoins the defendants **GDB** and its named and unnamed agents and codefendants from discriminating on the basis of age and gender in determining working conditions of its employees.

**93)** That this Court enters a permanent injunction against **GDB**, its supervisors, employees, and agents, ordering them to cease and desist from engaging in the discriminatory practices described above.

**94)** That this Court award the plaintiff unpaid wages and other compensation to date, as well as the corresponding sum for unpaid wages and other compensation for each day that elapses until the plaintiff is properly promoted to the above job classification.

**95)** That this Court award the plaintiff damages in the form of full front pay and full back pay pursuant to applicable laws and regulations, and compensatory damages in the amount of $600,000.00 for medical expenses and physical pain and suffering, and $800,000.00 for psychological pain and anguishes.

**96)** That this Court awards the plaintiff liquidated damages as provided by the **ADEA**.

**97)** That this Court award the plaintiff reasonable attorney's fees and the other costs of this action under **42 U.S.C. § 1988,** Civil Rights Attorney's Fee Act.

**98)** That this Court award plaintiff back pay, and other damages, including, but not limited to, costs, disbursements.

**99)** That this Court awards the plaintiff such other and further relief as may be just and equitable.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Mariela Rexach Rexach**, PO Box 363128, San Juan, Puerto Rico 00936-3128.

In San Juan, Puerto Rico, this Thirtieth (30) day of July of 2009.

**LAW OFFICES OF CUADROS & CUADROS**
Centro de Seguros Bldg., Suite 215
701 Ponce de León Avenue (Miramar)
San Juan, Puerto Rico 00907
Tel: (787) 725-2652/Fax: (787) 724-3820

**Signed By:** *M. A. Cuadros*
      **Miguel A. Cuadros Pesquera**
      **USDC-PR No. 114814**

**Signed By:** *Olga M. Benítez Quiñones*
      **Olga María Benítez Quiñones**
      **USDC-PR No. 226502**

24