IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br>    Plaintiffs<br>v.<br><br>Government Development Bank P.R., et al.<br><br>    Defendants | CIVIL No. 09-01151-JP<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

### MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

**TO THE HONORABLE COURT**:

Come now plaintiffs, Vicky Rodríguez Torres, Luis Rafael Maldonado Vaillant, and their conyugal partnership, through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure Rule 33(a)(1) – and cognizant of the Court's orders issued through **Doc.#33**, and its sensitivity to an expeditious discovery process - request leave to serve additional interrogatories, as follows:

### FACTUAL BACKGROUND

1.     The Court ordered each counsel a limit of 30 interrogatories in **Doc.#33**, ¶ II.G, on June 1st 2009.

2.     Defendants filed their INITIAL SCHEDULING CONFERENCE MEMORANDUM, **Doc.#43**, on June 22nd 2009.

3.     Plaintiffs subsequently served defendants a first set of interrogatories reaching 28 questions.

4.     Defendants answered the above, together with a production of documents on August 7th 2009.

5. Within the above, defendants produced documentation bates numbered 272 to 566, issued by their internal Information Technology services provider, as highlighted in bates # 272, **Exhibit 1**.

6. Plaintiffs noted as well, that the above production was comprised mainly of images of documents which exhibit the general appearance of having been created through computer desktop programs or software productivity tools, such as Microsoft Excel, Microsoft Word or Adobe Acrobat forms, or any of their functional equivalents, as illustrated in bates # 390, **Exhibit 2**.

7. Plaintiffs also noted within the above production, images of documents which we interpret as purported e-mail communications, and which exhibit the general appearance of having been created and issued by a corporate messaging system, such as Microsoft Outlook, or its functional equivalent, as illustrated in bates # 376, **Exhibit 3**.

8. The above disclosure by defendants of August 7th 2009 was the first time plaintiffs became aware that defendants intend to routinely reference, introduce and authenticate at trial Electronically Stored Information (**ESI**) involving word-processed documents, spreadsheets and e-mail, among others.

9. Unbeknownst to plaintiffs until then, defendants appear to be supported by a highly sophisticated Information Technology infrastructure and professional services organization, as illustrated in bates # 284 - 286, **Exhibit 4**.

10. Also unbeknownst to plaintiffs until then, defendants appear to employ a highly sophisticated Human Resources software application package, as highlighted in defendants' answer to a plaintiff interrogatory, **Exhibit 5**.

11.     Consequently, plaintiffs discovery efforts were hampered from the beginning of this litigation, as they were unable to properly draft and gauge the interrogatories that would properly elicit the information they need to prove at trial.

12.     As defendants failure to disclose, failure to confer, and failure to supervise denied plaintiffs their right to properly discover ESI at all - specifically where that information resides, whether the information to be discovered has been deleted or spoiled, and therefore is now available only through a recovery system or alternative forms of production - plaintiffs request leave to serve additional interrogatories on defendants.

13.     At the very least, plaintiffs procure, and defendants are required to supplement their disclosures and answers, with information identifying the nature of their computer systems, including specifications on back-up and recovery systems, network systems, e-mail and messaging systems - as well as any specialized software applications used to manage the Human Resources function - including security applications from which plaintiffs can derive the proper attribution of Human Resources transaction authorizations.

## LEGAL DISCUSSION

14.     **Federal Rule of Civil Procedure 11(b)**, imposes on counsel, when making representations to the court:

> " . . . *an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances* . . .".

15.     **Federal Rule of Civil Procedure 16(b)(3)(B)**, permits this case's scheduling order to both, modify the extent of discovery, and to provide for disclosure of ESI.

16.     **Federal Rule of Civil Procedure 26(a)(1)(A)(i)**, requires defendants to provide as part of their initial disclosures:

> "the name and, if known, the address and telephone number <u>of each individual likely to have discoverable information</u>--along with the subjects of that information--that the disclosing party may use to support its claims or defenses . . .".

17.     **Federal Rule of Civil Procedure 26(a)(1)(A)(ii)**, requires defendants to provide as part of their initial disclosures:

> "a copy--or a description by category and location--of all documents, <u>electronically stored information</u>, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . .".

18.     **Federal Rule of Civil Procedure 26(g)** further imposes on counsel the duty to supervise defendants disclosures, answers to interrogatories and production of documents.

19.     **Federal Rule of Civil Procedure 34(a)(1)(A)**, on the other hand, allows plaintiffs to serve on defendants discovery requests which include:

> "any designated documents or <u>electronically stored information</u>--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--<u>stored in any medium from which information can be obtained</u> . . .".

## CONCLUSSION

20.     In the present case, from the facts as stated in ¶'s 1 to 13, plaintiffs content that defendants failed in their duty to disclose and properly answer discovery requests, to the detriment of plaintiffs' rights, specifically as it pertains to the availability and discoverability of ESI, and that such a failure led plaintiffs to draft interrogatories and document requests which excluded from their scope addressing the availability of discoverable ESI.

21. Plaintiffs also content that defendants counsel failed in their **Rule 11** duty of candor to the court in failing to bring to its attention the extent and pervasiveness of ESI in the hands of defendants, and failed in their **Rule 26(g)** duty to supervise defendants production of ESI.

22. In as much **Rules 26 and 34** put ESI in equal footing with all other forms of discovery, and it is well within the discretion of the Court under **Rule 16** to amend the initial scheduling order, plaintiffs submit to the court that far from negatively impacting the calendar of this case, additional interrogatories regarding ESI will enable all parties to more easily review, organize, and manage discovery, and set the stage for pretrial and trial proceedings.

23. Consequently, for all of the above, plaintiffs are justified in requesting leave from the Court to supplement the interrogatories served on defendants, to the extent where they can uncover the relevant ESI information previously omitted in interrogatories 1 to 28.

24. Plaintiffs further assert that their exclusion of ESI from the scope of their discovery was done inadvertently, in good faith and to no fault of their own, given the above omissions by defendants.

25. Plaintiffs include as **Exhibit 6** to this motion, the proposed interrogatories it intends to serve on defendants, if the Honorable Court grants the following prayer for relief.

**PRAYER FOR RELIEF**

For all of the above, plaintiffs pray this Honorable Court:
- Take Notice of all of the above;

- GRANT plaintiffs leave to serve the additional interrogatories, as drafted in Exhibit 6;

- ORDER defendants to answer the additional interrogatories within 10 days.

Respectfully submitted in New York, city of the sovereign State of New York, this 17th day of August, 2009

S/William Meléndez Menéndez
William Meléndez Menéndez
USDC-PR No. 226902

Cuadros & Cuadros
701 Ponce de León Ave. Suite 215
San Juan, Puerto Rico 00907
(787) 379 - 7011
We.Melendez@e-Lex.us

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendants Mariela Rexach-Rexach, at [mrexach@salawpr.com](mrexach@salawpr.com) and [zserrano@salawpr.com](zserrano@salawpr.com).

S/William Meléndez Menéndez
William Meléndez Menéndez
USDC-PR No. 226902

Banco Gubernamental de Fomento para Puerto Rico
Diagrama de Organización



**Banco Gubernamental de Fomento para Puerto Rico**
**Oficina de Recursos Humanos y Relaciones Laborales**
**Sección Programas y Servicios Al Empleado**

*Evaluación por Desempeño Anual - Empleados de Carrera*

Periodo de Evaluación: 15 de diciembre de 2008 al 30 de junio de 2009

Nombre del Empleado: Vicky Rodríguez

Departamento: Financiamiento Privado (basado en la administración de los clientes de TDF, subsidiaria del BGF).

*Favor justificar los criterios de Excelente y Necesita Mejorar.

| Criterios a Medir | Excelente 6 | Bueno 5 | Satisfactorio 4 | Satisfactorio 3 | Necesita Mejorar 2 | Necesita Mejorar 1 | Razones |
|---|---|---|---|---|---|---|---|
| 1. Calidad de Servicio al Cliente | 6 | | | | | | Atiende y se adapta a las necesidades de los clientes, tanto en español como en inglés |
| 2. Trabajo en Equipo | 6 | | | | | | Fomenta el trabajo en equipo, las metas y objetivos solicitados. |
| 3. Relaciones Interpersonales | | 5 | | | | | Goza del respeto de sus compañeros. |
| 4. Comunicación Verbal y Escrita | 6 | | | | | | Comunica bien sus ideas tanto verbales como escritas. |
| 5. Proceso de Cambios | | 5 | | | | | Continúa demostrando su interés incondicional para mejorar los procesos de trabajo. |
| 6. Trabajo Realizado | | 5 | | | | | Cumple con los resultados en los trabajos y actividades solicitadas. |
| 7. Desarrollo Profesional | | 5 | | | | | Alcanzado los resultados esperados por su supervisor. |
| 8. Calidad de Trabajo | | 5 | | | | | Alcanzado los resultados esperados por su supervisor. |
| 9. Planificación y Organización | 6 | | | | | | Buen resultado en la planificación y organización de su trabajo. |
| 10. Análisis y Solución de Problemas | | 5 | | | | | Desempeño cumplió con lo requerido. |
| 11. Toma de Decisiones | | 5 | | | | | Cumplió con lo requerido. |
| Subtotales | 24 | 35 | 0 | 0 | 0 | 0 | |

| Criterios para Empleados que Supervisan | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12. Desarrollo del Personal | | | | | | | |
| 13. Destrezas de Supervisión | | | | | | | |
| Totales | 24 | 35 | 0 | 0 | 0 | 0 | |

Número de Meses Evaluados _____

Resultado: 5 36

60       Excelente
59-40   Bueno
39-30   Satisfactorio
29-10   Necesita Mejorar

390

N4300-225-0506R

copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us inmediately by reply email and delete this message from your inbox. Thank you.

---

**From:** Torres Padró, Naphis (GDB)
**Sent:** Viernes, 14 de Noviembre de 2008 02:41 p.m.
**To:** López López, Enid (GDB)
**Cc:** Rodríguez Nieves, Edgardo (GDB); Ramos, Javier (GDB); Alfaro Martinez, Luis I. (GDB)
**Subject:** RE: Financiamiento Municipal

Gracias por la confirmación Enid. Incluso por el dato adicional ofrecido por teléfono respecto a la falta de trabajo de Vicky, debido a otros reclutamientos en tu área cuyos incumbentes asumieron parte de las labores que ella realizaba. Estamos atendiendo el asunto tomando en consideración todos los extremos y oportunamente les dejaremos saber

Saludos,
Naphis

---

**From:** López López, Enid (GDB)
**Sent:** Viernes, 14 de Noviembre de 2008 12:11 p.m.
**To:** Torres Padró, Naphis (GDB)
**Cc:** Rodríguez Nieves, Edgardo (GDB); Ramos, Javier (GDB)
**Subject:** FW: Financiamiento Municipal

Buenos días:

Confirmo conversación telefónica entre: Javier Ramos, Naphis Torres y esta servidora

Como les explique en la conversación la Sra. Vicky Rodríguez no tiene asignado ninguna tarea relacionada al área de financiamiento municipal. Incluso cuando en el mes de septiembre les notifique y solicite oficialmente se incorporara nuevamente a la Sra. Rodríguez al área de origen fue amparado en un comunicado de la Sra. Marine Comas donde quedaba establecido que la Sra. Rodríguez estaba con carácter temporero mientras se trabajaba con la sustitución de personal del área de financiamiento municipal. Cuando la situación de personal fuera resuelta, la Sra. Rodríguez regresaría a su unidad de origen.

En ese momento, las ejecutorias de la Sra. Rodríguez fueron valiosas para dar continuidad a las operaciones del área. No obstante, luego surge la reclamación a la Unión de Empleados donde se reclamo que se estaba afectando la unidad apropiada, por determinación de Recursos Humanos, la Sra. Rodríguez cesó de realizar labores de apoyo o ayuda a nuestra división. Esta decisión causó un gran malestar en la Sra. Rodríguez, incluso nos reclamó que esto a ella la perjudicaba

Entiendo que la Sra Rodríguez es un excelente recurso que puede ser evaluado para asignar a otra división que requiera apoyo

No obstante, me llama la atención que nuevamente se curse una llamada para preguntar de las tareas que realiza la Sra Rodríguez, cuando es de todos conocida la situación con la empleada. La recomendación que nos hizo Recursos Humanos era que a pesar de no tener trabajo en el área se autorizara su asistencia para no afectar a la empleada, pues al momento no era recomendable hacer cambios por el periodo de veda electoral. Lo cual me resulta un tanto conflictivo, tener un recurso sin realizar alguna tarea para justificar un salario, sin embargo esas fueron las directrices para trabajar el asunto, las cuales han sido acatadas

21/11/2008

376





Banco Gubernamental de Fomento para Puerto Rico
Diagrama de Puestos
Departamento de Sistemas de Información y Oficina de Proyectos Tecnológicos

Preparado por: Sistemas y Procedimientos – dic. 08

285



21. Has the defendant been required by the EEOC to make and preserve employment records and to make certain reports concerning your employment activities and practices?

The GDB objects to this Interrogatory inasmuch as it is vague and unintelligible.

22. If your answer to the preceding interrogatory is in the affirmative, please state the date of and reason for any exemption from record keeping requirements the defendant has been granted by the EEOC.

N/A.

23. Please describe how information on such matters as employee's race, sex, marital status or national origin is maintained and stored by the defendant corporation?

The GDB employees' information is under Human Resources staff custody. Specifically GDB employees' information is electronically stored in the "Lawfon" system, to which only Human Resources personnel can access.

24. Please identify each job vacancy which has occurred (during the relevant time period) in any facility owned or operated by the defendant and state:

    a. the date the job became available;
    b. the work experience, educational accreditation, or other qualifications required of job applicants;
    c. the name, sex, and age of the person who filled the vacancy.

The GDB objects to this Interrogatory inasmuch as the information sought is impermissibly overbroad, unduly burdensome oppressive and wholly irrelevant to the claims or defenses raised in the Complaint. Notwithstanding this objection and without waiving it, please refer to the answer provided to Interrogatory number 15.

25. With regard to Plaintiff's transfer from on or around the date of September 16th, 2002 to the Private Financing Department, please state the following:

    a. Title of Transferred Position;

Account Executive

    b. Duties of Transferred Position;

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br><br>　　　Plaintiffs<br><br>　　　　　v.<br><br>Government Development Bank P.R., et al.<br><br>　　　Defendants | CIVIL No. 09-01151-JP<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

**SUPPLEMENTED DISCOVERY REQUESTS**

**Supplemented Interrogatory 1**

List all data bases and data structures which GDB maintains or has maintained, and which are now in its possession, from which statistical information can be obtained or produced to determine, for individual employees or for applicants for employment, all or any part of the biographical data or conditions of employment listed below:

   a. gender;
   b. age or date of birth;
   c. seniority dates which may be used for purposes of progression, demotion, lay-off or recall;
   d. date of hire;
   e. date and reason for termination;
   f. temporary job assignments, and the initial dates of such assignments;
   g. all rates of pay;
   h. relative standing or position;
   i. dates of transfer between divisions or branches;
   j. level of education: formal, vocational, professional seminars and certifications;
   k. previous work experience, training, or qualifications prior to hire, or acquired while employed;
   l. requests or bids for promotion or transfer;
   m. refusals to promote;
   n. gross earnings for each year;
   o. earnings for each pay period;
   p. payroll records.

**Supplemented Interrogatory 2**
Describe GDB's Information Technology infrastructure, including: manufacturer, model number, operating system, input/output devices, and other peripherals.

**Supplemented Interrogatory 3**
Describe GDB's network infrastructure, with attention to the following:

   a. operating system;
   b. configuration of network servers and workstations;
   c. communications and connectivity capabilities for each computer;
   d. computers that have been used to store, receive or generate data related to the subject matter of this litigation.

**Supplemented Interrogatory 4**
Identify and describe all software programs that have been, or are currently, in use by GDB, including desktop productivity tools, integrated Enterprise Resource Management Systems, and Database Management Systems.

**Supplemented Interrogatory 5**
List all email and corporate level messaging systems in use by GDB, giving particular attention to:

   a. hardware that has been used or is currently in use as a communication server or mailbox repository;
   b. specific type of hardware form which connectivity is allowed, including home PCs, laptops, desktops, cell phones, personal digital assistants;
   c. all users known to have generated email related to the subject matter of this litigation;
   d. all email known to reference or are relevant to the subject matter of this litigation;
   e. extraction methods and key-word definitions utilized to retrieve the above information.

**Supplemented Interrogatory 6**
List all security and authentication policies for all networks and applications previously identified, together with any formal procedures for determining proper user authentication, and attribution and transaction authorization.