IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br><br>Plaintiffs<br><br>v.<br><br>Government Development Bank P.R., et al.<br><br>Defendants | **CIVIL No. 09-01151-JP**<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

**MOTION REQUESTING PRELIMINARY INJUNCTION AND EVIDENTIARY HEARING**

**TO THE HONORABLE COURT**:

Come now plaintiffs, Vicky Rodríguez Torres (**Rodríguez**), Luis Rafael Maldonado Vaillant, and their conyugal partnership, through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 65, move this Honorable Court for a **PRELIMINARY INJUNCTION** enjoining co-defendant Government Development Bank (**GDB**) from holding the **DISCIPLINARY HEARING** against plaintiff Rodríguez scheduled for **MONDAY, AUGUST 31ST 2009 AT 10:00 A.M.**, and from taking any further administrative or disciplinary employment action against Rodríguez, until appropriate measures are taken to protect her Due Process rights granted by the **United States Constitution**, in its **4th and 14th Amendments**, and as recognized and extended to public-sector employees in **Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985)**. Plaintiffs readily recognize GDB's right to evaluate and discipline its employees and to hold the above disciplinary hearing, but respectfully request the court to order:

1. continuance, until such time as plaintiff has had timely notice;

2. plaintiff be allowed the requisite assistance of counsel at the hearing on the rescheduled date;

3. Plaintiffs further move the Court to order an evidentiary hearing through which it can ascertain:

- the substantial likelihood that plaintiffs will eventually prevail on the merits of the contentions presented through this motion;
- the magnitude of the imminent and irreparable injury to be suffered by plaintiffs unless the injunction issues;
- that in the balance of interests the injury to plaintiffs outweighs whatever damage the proposed injunction could plausibly cause co-defendants;
- the risk that this whole judicial process will be rendered futile by GDB's continuing adverse employment actions against Rodríguez;
- that the public interest is better served by issuing the injunction.

## FACTUAL BACKGROUND

1. Plaintiff Vicky Rodríguez filed the present case against her current employer GDB - *inter alia* - for gender and age discrimination .

2. On or around July 15th 2009, in good faith and full compliance with Fed.R.Civ.P. 26, plaintiff submitted the required initial disclosures, as well as answers and documents pertaining to the interrogatories and requests for documents served by GDB.

3. Congruently within the nature of the relationship between plaintiff and GDB – that of employee and employer – and accordingly with the delimitation and scope of the causes of action invoked in the present case, almost all of the discovery items produced above, by unavoidable and imperative necessity, had to have some relationship with communications, documents and the work performed within the confines of GDB.

4. During plaintiff's deposition appearance before GDB on August 12th and 19th 2009, many of the documents described in the paragraph above were introduced by GDB, and plaintiff was properly and fully examined as to their authorship, nature, origin and content.

5. On August 25th 2009 GDB served on plaintiff a "charge document", alleging that in complying with Fed.R.Civ.P. 26, several serious violations to GDB's Conduct and Ethics Policy had been committed. Specifically, the charges asserted both orally and in writing that the disclosed documents contained "privileged and confidential" information belonging to GDB, its clients and other third parties.

6. In the above "charge document", plaintiff is summoned to appear at a disciplinary hearing on August 31st 2009 before the Director of Human Resources, to face the above charges.

7. A cursory review of the "charge document" reveals that the proposed disciplinary hearing scheduled for August 31st 2009 is nothing more than a sham, with the clear intention to simulate a constitutionally-sufficient effort to bestow on plaintiff an opportunity to be heard according to her due-process rights.

8. The extent of the aggressiveness, and the degree of the threatening tone of the "charge document" reveals that the August 31st 2009 hearing is merely a pretense of a constitutionally-mandated "*Loudermill hearing*", designed to provide GDB a convenient and self-serving "check-list" against which it can legitimize its retaliatory discharge of plaintiff on that very same date.

9. The necessary inference one must draw from the baseless charges leveled against plaintiff, and GDB's caricaturesc take on what constitutes a proper "*Loudermill hearing*", is that this

Court's intervention is immediately required to avoid an imminent and great injustice, and to spare plaintiffs from further indignities committed by GDB.

**LEGAL DISCUSSION**

**PLAINTIFF'S DUE PROCESS RIGHTS**

**10.** Public-sector employees have been long recognized to have a proprietary interest in their continued employment, safeguarded against the government by procedural due process guaranteed by the 4th and 14th Amendments of the U.S. Constitution. *Board of Regents v. Roth, 408 U.S. 564, 576 (1972)*. The property interests protected by the Constitution are not created by the Constitution itself but by other independent sources, such as state level statutory law and judicial precedents. *Paul v. Davis, 424 U.S. 693, 709 (1976)*. The recognition of this proprietary interest has long been extended to government employees in Puerto Rico. *Lupiáñez v. Secretario de Instrucción, 105 D.P.R. 696, 700 (1977)*.

**11.** *Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985)* further states, and refers to state law the answer to the question of what exactly is the scope of the due process when it attaches:

> "The point is straightforward: the Due Process Clause provides that certain substantive rights-life, liberty, and property-cannot be deprived **except pursuant to constitutionally adequate procedures**. . . . In short, once it is determined that the Due Process Clause applies, **the question remains what process is due** . . .".

**12.** In **Loudermill**, the statutory state law of the case did not define the precise elements of what constituted due process, and therefore the court devised a solution where the minimum constitutionally-sufficient process had to include a right to a pre-termination hearing, where employees had the opportunity to be heard and confront the charges leveled against them. This constitutionally-sufficient minimum was recognized in Puerto Rico by *Marrero Caratini v.*

*Rodriguez Rodriguez 138 D.P.R. 215, 222 (1995)*, under the caveat that it did so in absence of an applicable statute that provided broader procedural rights.

13. **3 L.P.R.A. § 2151** establishes that when a governmental agency, instrumentality or equivalent holds adjudicative hearings, the following procedural rights must be safeguarded: <u>Timely notice</u> of the charges or complaints; Introduction of one's own <u>evidence</u>; <u>Impartial</u> adjudication; Final adjudication <u>based on the official record</u> of the case. The official record of the case is defined by **3 L.P.R.A. § 2102(c)** as: "<u>all the documents which have not been exempted from disclosure by an act and other material related to a specific matter which is or has been under consideration by an agency</u>".

14. Under **3 L.P.R.A. § 2159**, when a governmental agency, instrumentality or equivalent holds adjudicative hearings, it must serve proper notification to all parties of interest <u>at least fifteen (15) days before the date of the hearing</u>. **3 L.P.R.A. § 2159(b)** further extends procedural rights to include the right to appear at the adjudicative hearing <u>represented by and with the assistance of counsel</u>.

15. Further procedural rights are extended by **3 L.P.R.A. § 2164**, which requires that any order, decision or final resolution disposing of the matter subject of the hearing include and expound: <u>findings of fact and conclusions of law that provide the grounds for the adjudication</u>.

**PROHIBITIONS AGAINST RETALIATION**

16. **32 L.P.R.A. § 3120**, in regulating claims leveled by employees against their employers, expressly protects employees from being countersued or countercharged by their employers, <u>in any way, or for any cause</u>. Furthermore, this very court has recognized that the cited statute

confers on employees a substantive right, unencumbered by any procedural rules followed by a U.S. federal court. <u>Hoyos v. Telecorp Communications, Inc.</u>, *488 F.3d 1, 4-5 (1st Cir., 2007)*; <u>Santoni Roig v. Iberia Lineas Aereas de Espana</u>, *688 F.Supp. 810, 818-819 (D.Puerto Rico,1988)*.

**17.** Both Title VII, and ADEA – anti-discrimination legislation under which plaintiff brings the present case - contain anti-retaliation provisions in **42 U.S.C. § 2000e-3(a)** and **29 U.S.C.A. § 623(d)**, respectively.

**CHARGES ARE BASELESS**

**18. Fed.R.Civ.P. 26(a)(1)(A)(ii)** requires parties to provide each other <u>copies or description of all documents</u> . . . tangible things <u>that they have in their possession, custody, or control</u> and <u>may use to support claims or defenses</u> . . .

**19. 32 L.P.R.A. § 1781,** in regulating the maintenance and disclosure of evidence contained in public records, states as follows: **"***Every citizen has a <u>right to inspect and take a copy of any public document</u> of Puerto Rico, except as otherwise expressly provided by law*".

**20. P.R. Rule of Evidence 31** has a very restrictive take on what constitutes "official information" to which a privilege of disclosure is available, requiring that it be <u>acquired in confidence</u>, and <u>not open or publicly disclosed at time the claim of privilege is made</u>. And even in the rare cases where **Rule 31** privilege attaches – and assuming that the persons invoking it have cleared the hurdle of showing "standing" to do so – this flimsy privilege is further exposed to the express and implied waiver provisions of **Rules 33 and 34**. **Rule 35** further reduces the utility and availability of evidentiary privileges, by mandating that they: <u>shall be strictly construed as regards the determination of the existence of a privilege</u>.

**21.** Additionally, the Puerto Rico Supreme Court has been exceptionally reluctant to recognize privacy and secrecy rights to documents belonging to governmental institutions, and consequently has struck down statutes which deny access by its citizens to publicly held information and documents. _Noriega v. Hernández Colón_, 122 D.P.R. 650 (1988); _Soto v. Secretario de Justicia_, 112 D.P.R. 477, 485 (1982). All of this, without even starting to consider how claiming a right to secrecy or privacy, over publicly held information and documents encroaches on the citizens' right to be informed over public matters, as protected by the 1st Amendment to the US Constitution. _Santiago v. Bobb y El Mundo, Inc._, 117 D.P.R. 153, 159 (1986 ).

## ANALYSIS

**22.** It is patently evident from the factual background that plaintiff has established that the disciplinary hearing scheduled for MONDAY, AUGUST 31ST 2009 AT 10:00 A.M., is not an ordinary, informal hearing whereby GDB is trying to determine if certain allegations made against an employee are true, and to fairly determine subsequent remedial and corrective action. The hearing is not a pre-termination evaluation, but a final adjudicative action by an employer with the clear goal of pulling the trigger on plaintiff, and submitting her to the further indignity of losing her livelihood, precisely at the twilight of her career. As such, plaintiff should be afforded the full procedural rights typically afforded in post-termination hearings, which include the right to present her own evidence, confront the evidence proffered against her, and be assisted by counsel.

23. Plaintiff's procedural rights have certainly not been followed in the events leading to the disciplinary hearing. Notification was not forthcoming until August 25th 2009, less than a week before the hearing on August 31st 2009, and materially short of the 15 day minimum lead time required by **3 L.P.R.A. § 2159**. Plaintiff has also been required to appear alone, unassisted by counsel in violation of her due process right of **3 L.P.R.A. § 2159(b)**. GDB, on the other hand, seems to have been covering all the bases, in order to have an "official record" which could misleadingly suggest that procedural due process was followed: the presentation of a charge document, allegations of violation of a grossly constitutionally-vague internal policy document, a seemingly "emergency protective order" filed in the present case (**Doc.#125**) to create the misapprehension that GDB has been irreparably harmed by plaintiff's actions, and so forth.

24. GDB's adverse employments against plaintiff are abusive and unlawful, as per legal authority cited above. **32 L.P.R.A. § 3120**, **42 U.S.C. § 2000e-3(a)** and **29 U.S.C.A. § 623(d)** have very definitive language, prohibiting GDB from all its conduct leading to the disciplinary hearing. As recent as May 27th 2008, the U.S. Supreme Court recognized that retaliation against an employee for having filed a discrimination complaint, is in and of itself evidence of intentional and invidious discrimination. <u>Gómez-Pérez v. Potter</u>, 128 S.Ct. 1931 (2008).

25. The less-than-serious "charge document" is very far from serving as a constitutionally-sufficient notification of allegations against plaintiff. Plaintiff did nothing more than comply with **Fed.R.Civ.P. 26**, in providing co-defendants with full and adequate disclosure. Had plaintiff failed to produce the documents identified in the charge document and in **Doc.#125**, GDB would have been required to produce them, as they are material and relevant to claims and defenses from both sides. These work-related documents are the only ones that could support

the mostly circumstantial evidence that a discrimination plaintiff must rely on to prove her claims. Even GDB relies on their content to _support its defenses_, as laid out in **Doc.#125**, where in so many words GDB alleges "_of course plaintiff was not copied in the communications, they had nothing to do with her duties!_".

**26.** Furthermore, the documents were not publicly disclosed or disseminated in any way. They were merely handed to plaintiff's legal representation. Had any of the documents been really sensitive or privileged, counsel was bound by **Federal Rule of Evidence 502(b)**, and required to promptly notify and destroy them, and therefore any confidentiality has been protected at all times.

**27.** Neither the charge document, nor **Doc.# 125** adequately define what is the legal basis for GDB's claim for confidentiality, privilege and secrecy over public documents. Neither document even describes what specific information is so sensitive, that disclosure has to be prevented. All to the contrary, legal authority cited above seems to suggest that the documents are public, and are therefore available not only to plaintiff, but to the general public at-large. **3 L.P.R.A. § 2102(c)**, **32 L.P.R.A. § 1781, P.R. Rule of Evidence 31 & 33-35**.

**28.** Further, the uncontroverted fact that plaintiff tendered the documents on July 15th 2009, and GDB failed to take any action to rectify the situation until August 25th 2009, even if there had been any valid privilege or right of confidentiality – a fact and legal conclusion which we vehemently deny – such inaction would have undoubtedly constituted waiver, and such privilege or right would be consequently unavailable, and therefore plaintiff would have no legal responsibility whatsoever for the alleged "disclosure".

**29.** In conclusion, GDB has not shown any legitimate and valid reason to relentlessly pursue adverse employment actions against plaintiff, nor any compelling reason to rush to the disciplinary hearing of August 31st 2009. Therefore the hearing should be cancelled and continued at a future date, in compliance with all the above cited procedural rights asserted by plaintiff.

**30.** Plaintiff includes a proposed ORDER as Exhibit 1, in compliance with L.Civ.R. 65.1.

### PRAYER FOR RELIEF

For all of the above, plaintiffs pray this Honorable Court:

- Take Notice of all of the above;

- ISSUE Injunction against GDB, granting plaintiff's current motion

- ORDER the parties to appear at an evidentiary hearing over the matters discussed above.

Respectfully submitted in New York, city of the sovereign State of New York, this 28th day of August, 2009

S/William Meléndez Menéndez
William Meléndez Menéndez
USDC-PR No. 226902
Cuadros & Cuadros
701 Ponce de León Ave. Suite 215
San Juan, Puerto Rico 00907

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendants Mariela Rexach-Rexach, at mrexach@salawpr.com and zserrano@salawpr.com, and all other parties of interest.

S/William Meléndez Menéndez
William Meléndez Menéndez
USDC-PR No. 226902