**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br>    Plaintiffs<br>v.<br>Government Development Bank P.R., et al.<br>    Defendants | CIVIL No. 09-01151-JP<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

**MOTION IN REQUEST FOR ORDER OF PRESERVATION AND LITIGATION HOLD**

**TO THE HONORABLE COURT**:

Come now plaintiffs, Vicky Rodríguez Torres, Luis Rafael Maldonado Vaillant, and their conyugal partnership, through the undersigned counsel, and request that this court issue orders for preservation and litigation hold against co-defendant GDB as follows:

**FACTUAL BACKGROUND**

1. Defendants filed their INITIAL SCHEDULING CONFERENCE MEMORANDUM, **Doc.#43**, on June 22nd 2009. Within it, there was no disclosure addressing co-defendant GDB's highly sophisticated Information Technology infrastructure and professional services organization (**IT**), which includes a highly sophisticated Human Resources software application package, as well as an electronic messaging system.

2. Defendants answered the first set of interrogatories served by plaintiffs, together with a production of documents issued by their internal IT department, on August 7th 2009. Said production was comprised mainly of images of documents which appear to have been created by computer desktop programs, software productivity tools, and e-mail messaging systems.

The above was described by plaintiffs in more detail in **Doc.# 114**, and its accompanying exhibits.

3. As of today, counsel on both sides still have several discovery disputes pending resolution which revolve around electronically stored information (**ESI**) in general, and e-mail communications in particular, including additional discovery ordered as set forth in **Doc#. 123**.

4. The above methodology of production from ¶ 2, above, suggests the following fractured process:

    a. authoritative business events, documents and transactions are executed by computerized means;

    b. the original contents of the above reside as ESI, in software programs native-file format, presumably under the control and custody of the individuals who originated them;

    c. custody and control of the above ESI is transferred to the IT department, who in turn assemble, compile and create yet another version of the ESI;

    d. IT submits their version of the ESI to an off-line printing process;

    e. Printed, hard-copy output in paper format of the process is delivered to co-defendant's counsel;

    f. Co-defendant's counsel turns over the documents to plaintiffs.

5. Plaintiffs contend that the above process does not allow them access to the real, authoritative, and original ESI evidence, but to a mere representation of what co-defendants purport to be a "snapshot" of the evidence at a given point in time. Plaintiffs also contend that the above process - or method of production of evidence - raises serious issues of attribution, authenticity, chain-of-custody, and eventually, hearsay.

6. Plaintiffs are insisting in their ongoing discovery requests, as they have the right to do so, that all discoverable evidence of events, documents and transactions be produced in their

original, "native" electronic file format. As it pertains to discoverable e-mail communications, plaintiffs are not willing to accept purported "representations" or "illusions" of the e-mail communication presented in printed format, or in an electronic image of the "scanned" or "digitalized" printed format.

7. On August 26th 2009, plaintiffs took a deposition from co-defendant Ms. Enid López-López (**López**), during which López was presented with e-mail communications from plaintiffs' disclosures and production of documents. To Counsel Cuadros' questions on behalf of plaintiffs, López made assertions to the fact that she routinely deleted e-mail communications, in a seemingly in-discriminatory fashion.

8. As laid out by plaintiffs in **Doc.# 114**, they intend to discover and rely extensively on ESI owned and controlled by co-defendant GDB. Co-defendants have also raised serious issues of privilege and confidentiality of ESI, as laid out in their request for protective order in **Doc.# 125**.

9. Plaintiffs have also raised significant opposition to what they perceive as co-defendants' efforts to disrupt and derail their discovery efforts of ESI, in their fillings for injunctive relief and opposition to protective orders, **Doc.# 126** and **Doc.# 130**.

10. The routine, cavalier attitude and disregard for the importance of ESI by co-defendants, as displayed from their ostensibly unabashed destruction of e-mail evidence, if continued unchecked, severely impacts plaintiffs' discovery efforts. This, coupled with co-defendants failure to disclose, confer, and supervise the handling and preservation of ESI evidence denies plaintiffs their right to properly discover ESI at all - specifically where it resides, if it has been deleted or spoiled, and if there are any recovery systems or alternative forms of production – as raised by plaintiffs in **Doc.# 114**, and which triggered the order in **Doc.# 123**.

## LEGAL DISCUSSION

**11. Federal Rule of Civil Procedure 26(f)** directs parties to discuss issues regarding the preservation of discoverable information, particularly with respect to ESI because of its dynamic, mutable nature. *Managing Discovery of Electronic Information: A Pocket Guide for Judges*, at pages 16 - 17. Federal Judicial Center, 2007.

**12. Federal Rule of Civil Procedure 26(g)** further imposes on counsel the duty to supervise defendants disclosures, answers to interrogatories and production of documents.

**13.** A party's ESI preservation obligation, addressing specifically e-mail communications, has been described as a duty to suspend routine document retention and destruction practices, and put in place a "litigation hold" to ensure the preservation of relevant documents. *Zubulake v. UBS Warburg* 220 F.R.D. 212, 218 (2003).

**14.** Spoliation refers to the destruction or material alteration of evidence, or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *Silvestri v. General Motors Corp.* 271 F.3d 583, 590 (2001); *Velez v. Marriott PR Management, Inc.* 590 F.Supp.2d 235, 258 (D.Puerto Rico, 2008).

**15.** A parties breach of its preservation duty is sanctionable by the Court's case management orders, and the Court's inherent power to regulate the affairs which are presented before it. Accordingly, this Court within its discretion may impose on co-defendants preservation orders and litigation holds, and allocate to them any additional costs plaintiffs incur in procuring this protection. *Residential Funding Corp. v. Degeorge Financial Corp.* 306 F.3d 99, 108 (2002).

**16.** Accordingly, plaintiffs move for the orders of preservation and litigation hold as detailed below, which will aid the Court to determine to what extend co-defendant GDB has destroyed ESI evidence.

**17.** Plaintiffs preserve their right to move the Court for later findings of spoliation and further sanctions for discovery abuse, including dispositive motions for default judgment and holdings for adverse inferences, once they have determined the extend of the destruction of relevant discoverable ESI evidence. The computation of time to determine the timeliness of a spoliation motion should not start to accrue until co-defendant GDB is in full compliance with the information requested below.

### PRAYER FOR RELIEF

For all of the above, plaintiffs pray this Honorable Court:
- Take Notice of all of the above;
- Issue ORDER to co-defendant GDB prohibiting the alteration or destruction of ESI evidence during the pendency of this action;
- ORDER co-defendant GDB to report to the Court within 30 days:
    1. the steps it has taken to prevent the alteration or destruction of ESI evidence;
    2. an ongoing plan for the preservation of documents, data, and tangible things reasonably anticipated to be subject to discovery in this action;
    3. a communication plan to key individuals to ensure compliance with the above, including:
        i. mechanisms for monitoring, certifying, or auditing custodian compliance with preservation obligations; and

      ii. methods to preserve any volatile but potentially discoverable material that originates from the date of the order, such as voicemail, active data in databases, or electronic messages;

- ORDER co-defendant GDB to discover, identify, and determine the ESI evidence that has been deleted since the inception of this litigation with the E.E.O.C. charge document, and report its findings to the Court within 30 days. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices and metadata should be included within the findings.

Respectfully submitted in New York, city of the sovereign State of New York, this 3rd day of September, 2009

                                                                  S/William Meléndez Menéndez
                                                                  William Meléndez Menéndez
                                                                      USDC-PR No. 226902

                                                                                  Cuadros & Cuadros
                                                          701 Ponce de León Ave. Suite 215
                                                               San Juan, Puerto Rico 00907
                                                                      We.Melendez@e-Lex.us

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to counsel for co-defendants Mariela Rexach-Rexach, at mrexach@salawpr.com and zserrano@salawpr.com, as well as all other parties of interest.

                                                                   S/William Meléndez Menéndez
                                                                  William Meléndez Menéndez
                                                                    USDC-PR No. 226902