## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, LUIS RAFAEL MALDONADO VAILLANT, AND THEIR CONYUGAL PARTNERSHIP | CIVIL No. 09-1151 (JP) |
| Plaintiffs | TITLE VII VIOLATIONS, AGE & SEX DISCRIMINATION, TORTS |
| v. | PLAINTIFF DEMANDS A TRIAL BY JURY |
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, JAVIER RAMOS LUIÑA, ENID LÓPEZ LÓPEZ, ÁNGEL PÉREZ RIVERA, JORGE IRRIZARY HERRANS, LUIS I. ALFARO MARTÍNEZ, MARINE COMAS TORRES, NAPHIS TORRES PADRÓ, EDGARDO RODRÍGUEZ NIEVES, AND ABC INSURANCE | |
| Defendants | |

**MOTION IN CONNECTION TO PLAINTIFF'S REQUEST FOR ORDER OF PRESERVATION OF EVIDENCE AND LITIGATION HOLD AND REQUESTING HEARING ON DISCOVERY ISSUES**

TO THE HONORABLE COURT:

**COME NOW** defendants Government Development Bank ("GDB" or "the Bank"), Marine Comas Torres ("Comas"), Edgardo Rodríguez Nieves ("Rodríguez"), Javier Ramos Luiña ("Ramos"), Enid López López ("López"), Luis I. Alfaro Martínez ("Alfaro"), Ángel Pérez Rivera ("Pérez"), and Naphis Torres ("Torres") (collectively referred as to "defendants"), through the undersigned counsel and state and pray as follows:

1.      Plaintiffs have on this date filed a Motion Requesting Order for Preservation and Litigation Hold, suggesting, without foundation, that defendants have been engaging in spoliation of evidence.  See Dkt. No. 135.

2.      As an attachment to the Motion plaintiffs include what purports to be certification of good faith efforts to confer as required by Local Rule 26 suggesting that the undersigned was not responsive to their invitation to so confer.  Plaintiffs, however, are presenting the Court with a slanted version of events.

3.      Plaintiff are not telling this Court that yesterday, at around 12:10 pm, attorney Meléndez wrote to the undersigned regarding plaintiffs' intention of filing a motion requesting a finding of spoliation and for preservation of evidence and demanding a *written* reaction by 5:00 pm. See Exhibit A.  The undersigned was in a deposition for a another case at the time, and the matter was brought to the attention of Lourdes Hernández, Esq., who, in turn, wrote to Mr. Meléndez explaining the situation and suggesting that he wait until tomorrow to confer with Ms. Rexach as required by Local Rule 26(b).  See Exhibit B.

4.      Plaintiffs  did not tell this Court that the basis for their contentions regarding spoliation relate to the document attached herein as Exhibit C and Ms. Enid López' testimony that she has to delete e-mail messages from her in-box in order to prevent it from becoming full. Plaintiffs similarly failed to disclose to the Court how the fact that Ms. López might not have retained, to this date, an electronic copy of an e-mail regarding a schedule of training sessions to which there is no dispute plaintiff ultimately attended, and which was generated more than six months before plaintiff filed a discrimination charge, establishes spoliation of evidence on the part of defendants.  By the same token, plaintiff failed to disclose to this Court that Ms. López has produced to plaintiffs numerous copies of e-mails[1] and notes which *are of consequence* to the case

---

[1]It is important to note that it is not until August 18, 2009 that plaintiff request electronically stored information in its native format.  Plaintiffs never mentioned any type of electronic discovery in the Rule 26(f) discovery conference, in their multiple versions of the ISC Memorandum nor in the ISC Conference.  Moreover, they did not request any such discovery in their First Set of Interrogatories and Request for Production of Documents, even after receiving defendants' initial disclosures, which included copies  multiple electronically created documents.  As a matter of fact, plaintiffs' first set of interrogatories and requests for production of documents does not include *a single solitary* reference to

and generated in connection with plaintiffs' transfer to and from the Municipal Finance Department--

an issue directly related to the allegations in the Complaint.

4.      Plaintiffs did not tell this Court that, in response to Ms. Hernández' communication,

Mr. Meléndez stated that plaintiffs would wait 48 hours before filing the referenced motion. During

a break in the aforementioned unrelated deposition, the undersigned asked her administrative

assistant to communicate to Mr. Meléndez her availability for a conference call at 10:30 am to

discuss any issues related Ms. López' testimony as well as any outstanding issues regarding

defendants' responses to plaintiff's interrogatories and requests for production of documents. See

Exhibit D.

5.      Plaintiffs did not tell this Court that at approximately 4:36 am  Mr. Melédez sent a

communication to the undersigned and her administrative assistant stating he was unavailable at

10:30 am because he would be traveling to Puerto Rico, but that he would be available at around

3:00 pm.  He indicated, however, that his availability was subject to confirmation by attorney

Cuadros. See Exhibit E.

6.      Plaintiffs did not tell this Court that neither of plaintiffs' counsel confirmed Mr.

Meléndez' availability for 3:00 pm.  Alternatively, at approximately 2:30 pm when the undersigned

returned to her office after attending to other commitments, she found the communication from

plaintiff's other counsel, Ms. Olga Benitez, which plaintiffs conveniently did include as an exhibit

to their motion, once again, demanding a written response by 5:00 pm.  Plaintiffs' did not tell this

Court that they did not call the undersigned at 3:00 pm either.  We submit to the Court the

aforementioned hardly constitute good faith efforts to confer as required by Local Rule 26(b).

Evidently, they did not wait 48 hours before filing, as promised, either.

---

electronically stored information or meta data

7.      Defendants take strong objection to plaintiffs' suggestion that they have engaged in spoliation.  We respectfully submit to the Court such baseless accusations are in violation of Rule 11 of the Federal Rules of Civil Procedure and the most recent example of plaintiffs' vexatiousness and unnecessary multiplication of proceedings in the instant case.   The undersigned is well-aware of her obligations to the parties and the Court and submits defendants have fully complied with their preservation and production obligations.[2]

8.      Defendants wish to advise the Court of their intention of opposing plaintiffs Motion for Requesting Order of Preservation, and fully briefing this Court regarding the vexatiousness of plaintiffs' discovery requests, their failure to fully comply with this Court's order of August 7, 2009 compelling disclosures, Dkt. No. 102, and plaintiff Rodríguez' mendacity in her responses to written discovery and during deposition, among other things, which continue to arise in this case and which have unnecessarily increased the cost of litigation.  We request that the Court stay its ruling on plaintiffs' Motion Requesting Order of Preservation until defendants have had adequate time to respond.  We submit to the Court we will be in a position to file an opposition on or before September 11, 2009.

9.      While we are loath to occupy the Court's time with these matters, we understand that if the purposes of the Federal Rules of Civil Procedure are to be adequately served, discovery abuses and other vexatious pre-trial behavior should be brought to the Court's attention as soon as possible so that they can be immediately curtailed.  The benefit provided by the Rules' policy of deterrence is lost if parties wait until the end of the case to bring these matters to the attention of the Court.

---

[2]We pause to note to the Court that the non-specific, conclusory and stereotyped nature of the allegations included in the Complaint (an issue which defendants have noted since the beginning of this litigation and of which plaintiffs seem to make light of by referring to defendants' reference to Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), as "patronizing" and "ubiquitous," see Dkt. No 115) makes any *reasonable* preservation order almost impossible to fashion.

See  Matter of Yagman 796 F.2d 1165, 1184 (9th Cir. 1986).  Moroever, we are very cognizant of

this Court's interest in being made fully aware of all issues which might impact its case management

and orders in connection thereto.

       10.     Accordingly, we urge this Court to schedule a hearing regarding discovery issues so

that it can fully appreciate the discovery situation, curtail vexatiousness and harassment, and prevent

the unnecessary waste of time and resources.

       WHEREFORE, it is respectfully requested that this Honorable Court take notice of the

above, stay its decision on plaintiffs' Motion Request Order of Preservation until after defendants

have had the opportunity to respond and that it schedule a hearing regarding discovery as soon as

possible.

       RESPECTFULLY SUBMITTED.

       In San Juan, Puerto Rico, this 3rd day of September, 2009.

       WE HEREBY CERTIFY that on, we electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system. Notice of this filing will be sent to all parties.  Parties may access

this filing through the Court's system.

SCHUSTER AGUILÓ LLP
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611


**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com

H:\ATTY\MRX\GDB\Vicky Rodríguez\informative-spoliation.wpd