IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br><br>Plaintiffs<br><br>v.<br><br>Government Development Bank P.R., et al.<br>Defendants | **CIVIL No. 09-01151-JP**<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

### MOTION TO COMPEL DISCOVERY

**TO THE HONORABLE COURT**:

Come now plaintiffs, Vicky Rodríguez Torres, Luis Rafael Maldonado Vaillant, and their conjugal partnership, through the undersigned counsel, and pursuant to **Federal Rule of Civil Procedure 37(a)(4)**, request that this court issue order to compel discovery against co-defendant GDB, for offering the same incessant baseless objections, qualifiers, disclaimers and non-responses of dubious value set forth below, which permeate through each and every interrogatory and request for production of documents served on them by Plaintiffs, as detailed below. Pursuant to **Federal Rule of Civil Procedure 37(a)(1)**, and **Local Rule of Civil Procedure 26(b)**, Plaintiffs include a certification that they have in good faith conferred with co-defendants in an effort to resolve this discovery dispute without court action.

### FACTUAL BACKGROUND

**1.** The scope of this discovery motion covers the attempts carried out by Plaintiffs to secure discoverable information under the custody and control of co-defendant GDB, which Plaintiffs insist they need to prove the claims made under the present case, and over which they have a legitimate right to access: PLAINTIFF'S FIRST SET OF INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS, served on co-defendant GDB. Although both rules 33 and 34 of the Federal Rules of Civil Procedure give GDB every right to object to Plaintiffs' discovery

requests, co-defendant does not want to play by the part of the rules that require the objecting party to object with specificity.

**2.** Co-defendants, as the party not responsive and resisting legitimate discovery requests, bears the burden of establishing why it should not be compelled to respond. Co-defendant's failure to comply with Plaintiffs discovery efforts mainly circle around the unrealistic perception that as imposed on them, the requests are oppressive, burdensome, overbroad, vexatious, and any number of other equivalent empty "canned and boilerplate" expressions and synonyms. Catch phrases repeated throughout GDB's objections as if they were some sort of mantra that could excuse them from complying with the Federal Rules of Civil Procedure. Co-defendants also point, as they have persistently throughout their filings in the present case, that some of their reason and justification to refuse discovery or even diligent litigation participation, is solely based on considerations under the litany of the axiom: "*lawsuits cost time and money*". Persisting in the hopeless cause of raising empty claims of potential injury due to the cost of litigation, should not be taken seriously, but rather discounted as frivolous. *Aristud-Gonzalez v. Government Development Bank for Puerto Rico* 501 F.3d 24, 28 (1st Cir., Puerto Rico, 2007).

**3.** Plaintiffs contend that this wholesale refusal to answer, and concerted effort to conceal legitimate discoverable information, should not be countenanced. Co-defendant, as a computer-savvy litigant is taking unfair advantage of a supposed leeway in the procedural rules, to make discoverable documents intentionally difficult to discover by claiming undue burden. Their pervasive use of generalized objections must be recognized as nothing more than an evasive tactic aimed at hindering and delaying plaintiffs' discovery efforts. Had co-defendants paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of Plaintiffs' discovery request, they undoubtedly would have been in a position to disclose those facts in particularized objections. Co-defendant's

attempt to state "**general objections**" fails on its face to comply with the specificity requirement of rules 33 and 34. It's separately enumerated "**objections**" fare no better.

4. The record shows, as does the discussion below, that Plaintiffs' discovery efforts squarely fit well within their circumspect right to obtain discovery regarding any matter, not privileged, relevant to their present claims, reasonably calculated to lead to the discovery of admissible evidence, under the liberal and permissive standards of the Federal Rules of Civil Procedure.

5. Pursuant to, and in full compliance with, **L. R. Civ. P. 26(b)**, Plaintiffs supply this Honorable Court with the particular objectionable answers to interrogatories that are needed to understand the dispute. The following requests were answered in the described "boilerplate" fashion: Supplemental Request 3; Interrogatories 7, 8, 9, 10, 17, 19, 20, 24; Request for Production of Documents 13, 22, 24. Plaintiffs assert that their reaction to such objections was a demand for answers with more specificity. Plaintiffs include the requests as they were made verbatim, in "APPENDIX L. R. CIV. P. 7(e) - BOILERPLATE OBJECTIONS". Plaintiffs also include verbatim requests which were answered with particularized objections, and reacted to with particularized reactions, in APPENDIX L. R. CIV. P. 7(e) - PARTICULARIZED OBJECTIONS.

6. Before discussing this discovery dispute as prescribed by **L. R. Civ. P. 26(b)**, Plaintiffs also firstly address two broad, blanket, frivolous pretexts on which co-defendants rely to withhold compliance with Plaintiff's properly interposed discovery requests:

   a. assertions that Plaintiffs have not properly complied with discovery requests served on them; and

   b. assertions that discovery requests served on co-defendants are all, or any subset of, the following: "*overbroad, unduly burdensome, oppressive, irrelevant, vague*".

7. Assuming for the sake of the argument in ¶ 6(a), above  - without conceding – that Plaintiffs have not complied with their duty to properly discover, this is not the proper discussion thread on which to bring up such an issue. Plaintiffs have taken exception before, as they did in

opposition to **Doc.# 145**, to co-defendants exceeding the scope of the discussion in their multiple filings with the Court. Here, the scope of the discussion is limited to **discovery requests served on co-defendants**. In **Doc.# 145** the scope of the discussion was Plaintiffs request for orders of data preservation and litigation hold. Whether or not Plaintiffs are properly complying with their discovery duties is a matter that needs to discussed by the parties as they exchange requests, objections, replies and reactions **in that proper discussion thread**, not in this one, not in opposing a data preservation and litigation hold, and not anywhere else.

8. However difficult it is for Plaintiffs to comprehend why they need to continue to squabble over the obvious, they carry on with the assumption made above for the sake of arguing co-defendant's assertion in ¶ 6(a), above. Plaintiffs reject that it is lawful for co-defendants to withhold answers to interrogatories, or oppose document requests, just because and on account only, that they have not obtained sufficient discovery from Plaintiffs. That is not sufficient legal reason for co-defendants to return the favor in kind to Plaintiffs. *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, *538 (D. Kan. 1989)*; "A party, however, may not withhold discovery solely because it has not obtained to its satisfaction other discovery.". *Audiotext Comm. Network. Inc. v. U.S.equa Telcomm., Inc.*, 1995 WL 625953, at p.1 (D. Kan. 1995).

9. On ¶ 6(a), above, enough said.

10. Which leads us into co-defendant's equally unavailing procedural posture of ¶ 6(b), above: canned boilerplate claims of "*overbroad*, *unduly burdensome*, *oppressive*, *irrelevant*, *vague*", which are in violation of both, **Fed.R.Civ.P. 33(b)(4)** and **Fed.R.Civ.P. 26(g)(1)**. The canned objections, no matter how many times repeated, never rise to the level of valid objections under the Federal Rules of Civil Procedure.

11. Courts have long held through a litany of decisions, that the responding party must have a valid objection to each discovery request in order to escape the production requirement, and show specifically how each interrogatory is not relevant or how each question is overly broad,

burdensome, or oppressive. <u>McLeod, Alexander, Powell & Apfell, P.C. v. Ouarles</u>, 894 F2d 1482, 1485 (5th Cir. 1990). Recitations of expense and burdensomeness are merely conclusory. <u>Panola Land buyers Association v. Shuman</u>, 762 F2d 1550, 1559 (11th Cir. 1985).

12. "*The grounds for objecting to an interrogatory must be <u>stated with specificity</u>. Any ground not stated in a timely objection <u>is waived</u> . . .*" [emphasis added]. **Fed.R.Civ.P. 33(b)(4)**. See also a ruling based on the rule pertaining to interrogatories, <u>Jayne H. Lee, Inc. v. Flagstaff Indus.</u>, 173 F.R.D. 651, 657 (D.Md.1997), and another to document production requests, <u>Hall v. Sullivan</u>, 231 F.R.D. 468, 473 (D.Md.2005). "*Further, the failure by the Defendants to particularize their objections to Plaintiffs' discovery requests suggested a probable violation of* **<u>Fed.R.Civ.P. 26(g)(1)</u>** *(failure to conduct a "reasonable inquiry" before objecting to an interrogatory or document request).*" [emphasis added]. <u>Mancia v. Mayflower Textile Servs. Co</u>, 253 F.R.D. 354, 356 (2008). **<u>Mancia</u>** provides a lengthy and persuasive analysis, together with a well-reasoned assessment of "canned" discovery objections.

13. Plaintiffs have also questioned in earlier filings, how a discovery request, of information residing mainly in GDB's Information Technology (IT) infrastructure, can be possibly construed as costly, burdensome, or difficult in any way to produce. In doing so, they have pointed out co-defendant's five (5) year IT budget plan for external services and infrastructure, includes: IT services for **$5,690,986.31**; Audit and assurance for **$4,990,021.82**; Technical services for **$66,512,500.84** (contract registry held at the Office of the Comptroller or "*Contralor*", at URL address: **http://www.ocpr.gov.pr/**, last visited on September 4th, 2009). Funded by the above budget, are technological components such as: 100 applications and software programs, desktop productivity tools, integrated ERPs, database management systems and applications for banking, investment and treasury operations, 40 Intel-based servers.

14. All this results in a significantly large volume of Electronically Stored Information (ESI) that is relevant to this litigation. E-mail messages, diaries, journals, memos, and correspondence

regarding Plaintiff Vicky Rodriguez reside on the aforementioned servers, as is all information regarding the reasons and motivation for all employment actions at issue in this case. GDB also maintains personnel databases with discoverable information regarding the age and gender of its workforce, from which discriminatory conduct and animus can be corroborated.

15. GDB is in exclusive control of all relevant personnel records, aggregated employment data, and e-mail communications regarding relevant topics, all sitting and being hosted by co-defendants computers, and all flowing through this employer's data-communications network. Other responsive ESI is only recoverable by GDB owned and controlled recovery and back-up systems.

16. For this litigation to be objectively and fairly decided on the facts and on the merits in this virtually paper-free environment , all of the above relevant information cannot just remain solely available to GDB, and withheld from Plaintiff. Otherwise, the discovery effort of this discrimination case will be crippled, undermining the strong public policy of resolving disputes on their merits, and an injustice and unfair leverage and advantage would ensue precisely in favor of the most powerful party in this litigation, over the one with the most modest means. *Zubulake v. UBS Warburg LLC* 217 F.R.D. 309, 317 (S.D.N.Y., 2003).

17. Co-defendant GDB did not make full, proper, and timely disclosure of its highly sophisticated Information Technology infrastructure and professional services organization (IT). No mention of this was made by co-defendants, when they filed their INITIAL SCHEDULING CONFERENCE MEMORANDUM, **Doc.# 43**, on June 22nd 2009. Notwithstanding all of the above, it never occurred to co-defendant that it could possibly have Electronically Stored Information (ESI) evidence, which might be relevant to this litigation, or that there was even any of this type of evidence to be had by the parties. To this day, they still brazenly maintain that such a failure is inconsequential and immaterial, because only irrelevant data is contained within such systems (**Doc.# 144**). It also accuses a complete disregard towards plaintiffs' right, and co-

defendants' obligation, to have their ESI discovery requests complied with in original, "native" electronic file format.

18. For the Court's convenience, plaintiffs reiterate that in their request for preservation orders and litigation hold of **Doc.# 135**, that:

   a. there are several discovery disputes pending resolution which revolve around electronically stored information (**ESI**), including e-mail communications;
   b. co-defendants method of producing purported ESI is a cumbersome, convoluted, fractured, and unreliable process;
   c. the above process presents several evidentiary issues, including those authoritativeness, attribution, authenticity, chain-of-custody, and hearsay;
   d. plaintiffs are requesting that all discoverable evidence of ESI origin be produced in their original, "native" electronic file format;
   e. co-defendants have disrupted and derailed discovery efforts of ESI, accusing a cavalier attitude and disregard for the importance of ESI;
   f. the continued destruction of ESI by co-defendants denies plaintiffs their right to a proper discovery.

19. **Federal Rule of Civil Procedure 16(c)(1)** directs that at pretrial and management conferences, attorneys make stipulations about <u>all matters that can reasonably be anticipated for discussion</u>, which includes, as it should, the requirement that there be a discussion of <u>ESI discovery</u>, if such discovery is contemplated in the action.

20. **Federal Rule of Civil Procedure 26(f)** directs parties to discuss issues regarding the preservation of discoverable information, particularly with respect to ESI because of its dynamic, mutable nature. <u>Managing Discovery of Electronic Information: A Pocket Guide for Judges</u>, at pages 16 - 17. Federal Judicial Center, 2007.

21. **Federal Rule of Civil Procedure 26(g)** further imposes on counsel the duty to supervise defendants disclosures, answers to interrogatories and production of documents.

## **CONCLUSION**

GDB's objections fall far short of the specificity required by Fed.R.Civ.P. 33 and 34 and evidence a failure to comply with Fed.R.Civ.P. 26(g). Due to the clear violations of the Federal Rules of Civil Procedure as noted, Plaintiffs request that this Court order co-defendants to fully respond without further objections to:

>**Supplemental Requests: 1 - 4**;
>
>**Interrogatories: 5 – 9, 10, 17, 19, 20, 21, 24**;
>
>**Request for Production of Documents: 12, 13, 15, 22, 24**.

Because co-defendants continuously request expedited relief in all of their previous discovery motions, however incorrectly denominated as "informative motion", "protective order", "opposition to litigation hold", and the like, and because Plaintiffs need complete discovery responses to issue further supplemented discovery requests, prepare for and take scheduled depositions, Plaintiffs asks that the Court order co-defendants to deliver its complete responses by the **close of business on September 25th 2009**, observing Plaintiffs preferred format and communication method: **Native electronic file format**, **Adobe Acrobat PDF** format for images of printed documents, to be delivered via **e-mail messaging**, to all Plaintiffs' attorneys of record.

**WHEREBY**, for all of the above, Plaintiffs pray this Honorable Court:
>**Take NOTICE** of all of the above;
>
>**GRANT** Plaintiffs present motion.

Respectfully submitted in New York, this 16th day of September, 2009.

S/William Meléndez Menéndez
William Meléndez Menéndez
USDC-PR No. 226902

William E. Meléndez | We.Melendez@e-Lex.us
Cuadros & Cuadros | 701 Ponce de León Ave. Suite 215 | San Juan, Puerto Rico 00907

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendants and all other parties of interest.

---

Case 3:09-cv-01151-JP     Document 160     Filed 09/16/2009     Page 9 of 9

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendants and all other parties of interest.