**Plaintiffs' Paragraph of Introductory Remarks**

Electronically Stored Information

As part of the answers to plaintiff's interrogatories and request for production of documents, GDB submitted documentation in printed, hardcopy format, bates numbered 272 to 566. Documentation in printed, hardcopy format, bates numbered 1 to 271, had been submitted by GDB as co-defendants, initial disclosures. Missing however, is a bates numbered index, to which reference can be made identifying each of the individual documents contained in the above disclosures, answers and production. We also point out that several of the printed documents submitted by GDB exhibit the general appearance of having been created and issued by computer desktop programs or software productivity tools, such as Microsoft Excel, Microsoft Word or Adobe Acrobat, or any of their functional equivalents. Additionally, within the above printed pages with bates numbered 1 to 566, are documents which we interpret as purported e-mail communications, and which exhibit the general appearance of having been created and issued by a corporate messaging system, such as Microsoft Outlook, or its functional equivalent.
In light of the above, we make the following supplemental requests:

> Defendants' Reply to the above introductory parragraph
> *We acknowledge receipt of your communication of August 18, 2009 in connection with your objections to defendants' responses to plaintiffs written discovery requests. At the outset, it should be noted that, through your objections, you have also included electronic discovery requests which were not made as part of plaintiff's First Set of Interrogatories and Request for Production of Documents. Thus, there was no obligation whatsoever for defendants to produce electronic discovery never requested from them. To those effects, please note that Rule 34(b )(2)( e)(ii) provides that ''[i]f a requests does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms". Fed. R. Civ. P. 34(b)(2)(e)(ii), Defendants' responses to plaintiffs' request for production of documents was made in paper form, surely a "reasonably usable form" for the purposes of this claim, and, especially in the case of documents kept in paper files, the documents were produced in the manner "in which [they] are ordinarily maintained)). Moreover, since your August 18, 2009 correspondence is the first time in which electronic discovery is requested, defendants technically have 30 days ill which to respond. See Fed. R. Civ. P. 34(b)(2)(A). Notwithstanding, for the sake of expediency, defendants respond herein, as follows:*

**Plaintiffs' Opposition**
Plaintiffs object to co-defendant's characterization of the "Electronically Stored Information" (ESI) paragraph above as electronic discovery requests never before made. What defendants perceive as such, in reality is a request that the discoverable items be produced in their original format. As previously explained in plaintiffs' **Doc.# 114** - Motion for leave to propound additional interrogatories regarding Defendants' electronic discovery system – the related documents and evidentiary items original format is in fact ESI, not paper or printout based.

Plaintiffs were limited to no fault of their own in drafting discovery requests by defendants failure to disclose the existence of ESI, and accordingly did not specifically make requests in such a format. That defendants, in producing their disclosures and discovery responses chose to employ an off-line, convoluted conversion process of ESI to paper based format does not excuse their obligation to disclose and produce in ESI format. We explained the conversion process earlier in **Doc.# 135. ¶ 4** - MOTION requesting Order of preservation and litigation hold, spoliation.

Defendants production of ESI in paper format after a cumbersome conversion process which raises issues of authenticity and data integrity, is certainly not in the form in which it is ordinarily maintained, nor is it in a reasonable usable form.

Accordingly, defendants do not enjoy the luxury of an additional 30 days in which to respond, and plaintiffs have every right to insist that the related production be submitted in electronic format.

**<u>Supplemental Request 1</u>:**
Please submit a bates numbered index, from which each individual document can be identified and cross-referenced.

> <u>Defendants' Reply</u>
> *Defendants object to this request, on the grounds that it is duplicative inasmuch as an index need not be provided, given defendants' responses to plaintiffs' First Set of Interrogatories and Request for Production of Documents. Contrary to plaintiffs responses to defendants' interrogatories and requests for production of documents, which required the filing of a motion to compel which, to this date, have not been fully complied with, defendants included, as part of their responses to written discovery, the page numbers of the documents which were responsive to each specific interrogatory and request for production of documents. For example, please refer to defendants' response to interrogatory number 6 where, in response to the request for organizational charts of the GDB, defendants referred plaintiffs specifically to the documents bate stamped as 272-321 of the production of documents packet As a corollary, defendants documents were produced in paper form, in an organized manner, and bate stamped in the order in which they were produced. Thus, plaintiffs have before them the necessary means to ascertain exactly which documents correspond to which interrogatory and request for production of documents, something that can certainly not be said about plaintiffs' responses to defendants' written discovery requests.*

**<u>Plaintiffs' Opposition</u>**

Plaintiffs refer defendants to **Doc.# 033** - Initial Scheduling Conference Call, for their duty to index all documentary evidence by page and number and state the materiality and relevance of each record.

Plaintiffs also object to defendants characterization of plaintiffs' responses to discovery requests. Plaintiffs' did submit a bates number index, and further went through the effort of converting their paper based documentation into PDF format, with "bookmark" references and information concerning the file from which each bates numbered page was created. Plaintiffs submitted the above in "text searchable" format, for defendants ease of use.

Plaintiffs also object to defendants observation concerning their responsiveness to discovery requests, as this is not the proper thread of messages in which this issue should be discussed. A separate thread exists where plaintiffs' responses are being addressed, and defendants have failed to bring up their concerns there.

**Supplemental Request 2:**
Please identify, for each of the above indexed documents, the corresponding computer desktop program or software productivity tool from which it was created, or electronic messaging system from which it was transmitted.

    Defendants' Reply
    *Please refer to our response to Supplemental Request 1. Regarding the requests included in Plaintiffs' Supplemented Discovery Requests" submitted to the Court on August 18, 2009, pursuant to the Court's order of August 26, 2009, Dkt. No, 123, defendant, have until September 9, 2009, to respond.*

**Plaintiffs' Opposition**
Defendants reply is noted, and plaintiffs will await until September 9th 2009 before issuing a reaction to the response.

**Supplemental Request 4:**
For each of the above indexed documents which is purported to be an e-mail communication, please identify the data extraction techniques and key-words utilized for its identification.

    Defendants' Reply
    *The email communications provided with defendants' responses to plaintiffs' First Set of Interrogatories and Request for Production of Documents, as well as in their initial disclosures, were, not necessarily extracted electronically at the time of production, but were available in paper form under the custody of the individual defendants (as evidenced by the*

*documents themselves). Additionally, each of the individual defendants verified their e-mail accounts within the Bank and extracted those documents having to do with plaintiff s applications to job postings or administrative transfers between the Private Financing and Municipal Financing Departments, as the case may have been. As evidence of the thoroughness of the responses, it was made evident during the deposition of Enid Lopez that plaintiffs received various copies of the same e-mail communication produced by senders and recipients.*

**Plaintiffs' Opposition**

Plaintiffs take notice of defendants methodology for ESI production, as detailed above.

Plaintiffs caution defendants, however, that such a methodology is unacceptable, as the document that finally reaches plaintiffs is far removed from its originating source, after it is subjected to the unreliable conversion process alluded to before. As such, it raises serious issues of data integrity and completeness, attribution, authenticity, chain-of-custody, and eventually, hearsay. It will be nearly impossible for defendants to properly authenticate any such evidence, if presented in its current format.

Plaintiffs further advise that, pending defendants' compliance with Order set forth in **Doc.# 123** on September 9th 2009, they will move the Court for additional e-mail discovery requests in ESI original format, taken directly from their source, with a reliable and thorough protocol approved by the Court.

General Objections

We object to the submitted answers, as they are unresponsive, and as such fall short of the requirements set forth under the Rules of Civil Procedure, which require them to be complete, explicit, full, direct and without evasion, in accordance with information that GDB readily controls.

As we peruse GDB's answers, we repeatedly identify objections interposed in the form of broad generalized labels unsupported or clarified by memorandum of a law, or any another document. We do find, however, catch-all, stereotyped and cliché objections, naming every conceivable ground, including - *inter alia* - that the interrogatories are duplicative, not relevant to subject matter of the litigation, oppressive, and overly vague. Our contention is that GDB cannot simply intone the above familiar litany, and offer it as pretext to not be responsive.

Of all the objections noted below, none are stated with specificity, nor are they carefully delineated by GDB, thus failing to meet the burden of proof imposed on them to show in what respect the corresponding interrogatory is improper.

1. **Interrogatory 5.**

Please state the names and titles of the individuals who have responsibility for and control of labor relations and/or human resources activities within the defendant corporation, and state as to each such officer or individual:
a. Name, address, sex, age, and race;
b. Employment history with the defendant, including job duties and dates;
c. Duties and responsibilities.

> Defendants' Response
> *The GDB objects to this Interrogatory inasmuch as the information sought is impermissibly overbroad, unduly burdensome, oppressive and irrelevant to the claims or defenses raised in the Complaint. Notwithstanding this objection and without waiving it, GDB submits the following:*
> *a. Guillermo Camba Director of Human Resources. I can be reached through the undersigned legal representation.*
> *b. I am GDB's Human Resources Director since February 17,2009.*
> *c. I am the Director of Human Resources Department and have ultimate responsibility for the same.*

> **Plaintiff's Reaction**
> The information sought lies wholly within the knowledge of GDB, and is at risk of not being revealed at all, unless this interrogatory is answered. Please make a specific showing of reasons why this interrogatory should not be answered, and name in which specific ways it is overbroad and burdensome. Also specify how the specific invoked burdens outweigh the benefit the information sought would provide to plaintiffs.

> Defendants' Reply
> *Defendants reiterate the objection.*

**Plaintiffs' Opposition**
Plaintiffs reiterate that all grounds for an objection to an interrogatory must be stated with specificity, and that defendants fail again to meet that burden. Defendants are expecting that plaintiffs take at face value their self serving adjudication that that the discovery sought is not connected with the facts alleged, and to conform to the proposed answer. Absent a showing of adequate grounds for the objection, plaintiffs request that the interrogatory as drafted be answered.

2. **Interrogatory 21.**

Has the defendant been required by the EEOC to make and preserve employment records and to make certain reports concerning your employment activities and practices?

> Defendants' Response
> *The GDB objects to this Interrogatory inasmuch as it is vague and unintelligible.*

**Plaintiff's Reaction**
Please make a specific showing of where the interrogatory is so ambiguous and so lacking in specificity that it cannot be answered, and how GDB is impaired form offering even a restricted answer, in such a case.

Defendants' Reply
*Defendants reiterate their objection. As stated in the response, the interrogatory is vague and unintelligible "Vague", as defined in the "Definitions" section of defendants' responses, means "'ambiguous, or nor specified with reasonable particularity", while "unintelligible" is defined, in Websters New Collegiate Dictionary, as ''not intelligible; obscure". In other words, the interrogatory cannot be understood, and therefore cannot be responded to. For plaintiffs to request that defendants specify why it is that their interrogatory cannoot be understood is unreasonable. Should plaintiffs craft a clear, specific interrogatory that clearly tells defendants what it is that plaintiffs are seeking to obtain, defendants may re-visit their objection.*

**Plaintiffs' Opposition**
Plaintiffs take notice of the above reply, and offer in response the following clarification, and redrafts the question to read as a request for production of documents as follows: "Please produce, in their original ESI format, all detail, summary and statistical records which GDB is required by law to maintain in compliance with EEOC regulatory mandates".

3. **Request for Production of Documents 12.**

All documents describing, relating or referring to communications or statements made by any GDB employee, agent and/or representative that referred or related to plaintiffs age, or gender (sex) or a combination of both.

Defendants' Response
*The GDB objects to this Request for Production of Documents inasmuch as it is vague and unintelligible.*

**Plaintiff's Reaction**
Please make a specific showing of where the request for production of documents is so ambiguous and so lacking in specificity that it cannot be produced, and how GDB is impaired form offering even a restricted production, in such a case.

Defendants' Reply
*Defendants reiterate their objection. Please refer to Interrogatory No. 21 (item 9) above for further discussion.*

**Plaintiffs' Opposition**
Plaintiffs take notice of the above reply, and offer in response the following clarification, and redrafts the question to read as a request for production of documents as follows:

**Please produce, in their original ESI format, all e-mail communications originated within GDB since January 2008 to the present date, in which reference has been made to plaintiff Vicky Rodríguez.**

**Develop a protocol for automatic data extraction, in conference and agreement with opposing counsel and GDB's Information Technology organization, to perform the following:**

- **Determine the extent to which the related e-mail communications might have deleted or destroyed;**
- **Determine the protocol and proposed project plan to recover the deleted or destroyed communications;**
- **Define the data extraction key-words, through which the relevant records will be retrieved, including but not limited to communications which might have any combination of the following words or phrases: Vicky, Rodríguez, Caso, Testigos, Demanda, Plaintiff, Vieja, 'la nena', Arrugas, años, edad, and any other pejorative and derogatory terms typically used to demean persons according to their age and gender;**
- **Define the protocol to ensure that privileged and confidential material is properly excluded and disposed of.**

4. **Request for Production of Documents 15.**

The personnel files of each employee who received the same treatment in activities such as hiring selection, assignment, promotion, demotion, discipline, compensation or other employment related action which the plaintiff contends are discriminatory in this complaint.

Defendants' Response
*The GDB objects to this Request for Production of Documents inasmuch as it is vague and unintelligible.*

**Plaintiff's Reaction**
Please make a specific showing of where the request for production of documents is so ambiguous and so lacking in specificity that it cannot be produced, and how GDB is impaired from offering even a restricted production, in such a case.

Defendants' Reply
*Defendants reiterate their objection, Plaintiffs have not specified what they mean by "same treatment", and therefore their request is vague and not able to be understood. In addition, the request for "personnel files" is vague, in that "personnel files" contain multiple documents that have no bearing whatsoever on plaintiffs' allegations. Should plaintiffs craft a specific, intelligible request for production of documents, stating specifically which documents plaintiffs wish to obtain, defendants may revisit their objection.*

**Plaintiffs' Opposition**
Plaintiffs take notice of the above, and redraft the request to read: "the personnel file of each employee who has been assigned permanently or administratively to work in any of the

departments at which plaintiff Rodríguez has been assigned permanently or administratively, from January 2008 to the present date".