IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br><br>Plaintiffs<br><br>v.<br><br>Government Development Bank P.R., et al.<br>Defendants | CIVIL No. 09-01151-JP<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

## MOTION FOR DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY

**TO THE HONORABLE COURT**:

Come now plaintiffs, Vicky Rodríguez Torres, Luis Rafael Maldonado Vaillant, and their conjugal partnership, through the undersigned counsel, and pursuant to **Federal Rule of Civil Procedure 37(b)(2)(A)**, request that this court find co-defendant GDB in contempt of court, for failure to obey discovery ORDER, as set forth in **Doc.# 123**. In support of their motion, Plaintiffs state as follows:

### FACTUAL BACKGROUND

**1.** On August 18th 2009 Plaintiffs moved the Court for leave to propound additional interrogatories, **Doc.# 114**.

**2.** On August 26th 2009, in granting **Doc.# 114**, the Court issued the following order: "*Defendants SHALL answer Plaintiffs' additional interrogatories, as stated in Plaintiffs' motion, on or before September 9, 2009.*" **Doc.# 123**.

**3.** On September 9th 2009 served responses to Plaintiffs.

### PLAINTIFFS ARE ENTITLED TO COMPLETE RESPONSES TO THEIR INTERROGATORIES

**4.** GDB's answers to Plaintiffs' Interrogatories are at odds with both the Federal Rules of Civil Procedure and pertinent case law, which allow for **broad discovery in civil actions**. Parties may obtain discovery regarding **any matter, not privileged, that is relevant, or reasonably**

**calculated to lead to the discovery of admissible evidence** to the claim or defense of any party. [emphasis added] *Ramirez v. Nicholson, 2007 WL 2990283, at p.2 (S.D. Cal. 2007)*.

**5. Fed.R.Civ.P. 33** allows Plaintiffs to propound interrogatories, for which co-defendant is required to give **full and complete answers**, or furnish such information as they have available **after conducting a reasonable inquiry**. [emphasis added] *Trane Co. v. Klutznick, 87 F.R.D. 473, 476 (W.D. Wis. 1980)*; Answers must be **complete, explicit and responsive**, and if a party cannot furnish details, they should say so under oath, say why and set forth the efforts used to obtain the information. [emphasis added] *Miller v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977)*; To the extent a party objects, the burden is on the objecting party to show why an interrogatory is improper. *Roesberg v. Johns-Manville Corp., 85 F.R.D. 292,296-97 (E.D. Pa. 1980)*.

**6.** More importantly, in the present case any appropriateness of the propounded Interrogatories has been properly adjudicated by the Court, as the Interrogatories subject of this motion are not those merely served and exchanged with Plaintiffs, but those which have been compelled to be answered, as set forth by **ORDER, Doc.# 123**.

## GDB'S OBJECTIONS SHOULD BE OVERRULED

**7.** Co-defendants responses served on September 9th 2009 were far from being in compliance with ORDER set forth by **Doc.# 123**. Contrarily, co-defendants repeated the same canned boilerplate claims of "*overbroad, unduly burdensome, oppressive, irrelevant, vague*", which Plaintiffs address in their Motion to Compel, filed on September 16th 2009, **Doc.# 160**, in violation again of both, **Fed.R.Civ.P. 33(b)(4)** and **Fed.R.Civ.P. 26(g)(1)**. The canned objections, no matter how many times repeated, never rise to the level of valid objections under the Federal Rules of Civil Procedure.

**8.** Besides the canned objections as illustrated above, co-defendants also engage in "**formula pleading**", where after they raise one of the objections, they then state: "*notwithstanding the*

*above*", and continue with what they hope will pass as an answer, or grounds for later making a claim of having preserved the right to properly object. **Such objections and answers preserve nothing**, and constitute only a waste of effort and the resources of both the parties and the court. [emphasis added] *Guzman v. Irmadan, Inc.* 249 F.R.D. 399, 401 (S.D.Fla. 2008).

**9.** As stated in **Doc.# 160**: Valid, specific objections to each discovery request must be articulated to excuse non-compliance, with a showing of how each interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive. *McLeod, Alexander, Powell & Apfell, P.C. v. Quarles*, 894 F2d 1482, 1485 (5th Cir. 1990); Recitations of expense and burdensomeness are merely conclusory. *Panola Land buyers Association v. Shuman*, 762 F2d 1550, 1559 (11th Cir. 1985); *Any ground not stated in a timely objection is waived . . ."* [emphasis added]. **Fed.R.Civ.P. 33(b)(4)**; See also a ruling pertaining to interrogatories, *Jayne H. Lee, Inc. v. Flagstaff Indus.*, 173 F.R.D. 651, 657 (D.Md. 1997); Grounds for objecting to an interrogatory must be stated with specificity. **Fed. R. Civ. P. 33(b)(4),** *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000); a ruling pertaining to document production requests, *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D.Md. 2005). "Further, the failure by the Defendants to particularize their objections to Plaintiffs' discovery requests suggested a probable violation of **Fed. R. Civ. P. 26(g)(1)** [emphasis added]. *Mancia v. Mayflower Textile Servs. Co*, 253 F.R.D. 354, 356 (2008). GDB has not met these standards. GDB's objections are boilerplate and should be overruled **for lack of specificity**.

**10.** A party objecting to a discovery request is required to specifically detail the reasons why each interrogatory is **irrelevant**, whether it do so by a simple affidavit or by some other evidence that supports its objection. General objections are not proper. *Schaap v. Executive Industries, Inc.*, 130 F.R.D. 384, 386 (1990). An objection that a discovery request is "**irrelevant and not reasonably calculated to lead to admissible evidence**" must include a specific explanation describing why the request lacks relevance, and why the information sought will

not reasonably lead to admissible evidence. [emphasis added] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 345 (1978). GDB has not met these standards. GDB's "**irrelevant**" objections are boilerplate and should be overruled.

**11.** To voice a successful objection to an interrogatory, defendant could not simply intone the familiar "**overly broad, burdensome, oppressive and irrelevant**" litany. [emphasis added] *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (1980); "The burden of proof is generally on the party that objects to an interrogatory. Co-defendant's assertion of a "**overbroad**" objection, still has to include an answer to whatever part of the question is proper and provide a meaningful explanation of its basis for its objection to the balance. *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 458, (D.D.C., 2002). GDB has not met these standards. GDB's "**overbroad**" objections are boilerplate and should be overruled.

**12.** Objections which state that a discovery request is "**vague, overly broad, or unduly burdensome**" are, by themselves, meaningless, and are deemed without merit. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. [emphasis added] *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982). Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all. *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). The objection of **burdensomeness** will therefore not be considered without some indication of why the interrogatory is difficult to answer. [emphasis added] *Leumi Financial Corp. v. Hartford Acc. & Indem. Co.*, 295 F.Supp. 539, 544 (D.C.N.Y., 1969). GDB has not met these standards. GDB's "**burdensome**" objections are boilerplate and should be overruled.

## GDB'S DISINGENUOUS "BURDENSOME" OBJECTIONS

**13.** GDB's "**burdensome**" objections are so flagrantly disingenuous, that they warrant still further discussion.

**14.** Plaintiffs have previously pointed out co-defendant's economic and technological might, with a five (5) budget plan of **$77,193,508.97**, excluding their internal IT professional organization, and the IT infrastructure costs which are shared with the whole of GDB, and which are therefore not available to Plaintiffs at the Office of the Comptroller's URL address **http://www.ocpr.gov.pr.** Plaintiffs have also raised concerns that GDB is hosting, managing, in possession and control of all Electronically Stored Information (ESI) data storage and communication networks, where all information, transactions and events relevant to the employment actions at issue reside.

**15.** Plaintiffs have also pointed out that co-defendant's disclosures, answers and production of documents are produced through a cumbersome, convoluted, fractured, and unreliable process, whereby information originally in ESI is converted to printed format before being handed to Plaintiffs. This is an inordinately time consuming and fundamentally improper practice that divorces documents from their contextual background, and merely serves to underscore that the burden is much greater on co-defendants to continue to produce the information in the paper format they have employed so far, than it would be to simply produce it in its native electronic file format.

**16.** Co-defendants specifically object to producing e-mail communications in their native electronic file format ( ".pst" for their Outlook messaging system) based on burden. This simply does not make any sense. How could it possibly be more burdensome for defendants to produce electronic files in the .pst format that they are already in, than to take the extra steps of conversion to create separate hardcopy documents? Co-defendants have been so far unable to justify such a position. There is no great burden involved in producing documents in their native format, nor should doing so take an extravagant amount of time from GDB's Microsoft Outlook system, a commonly available email program that stores email in separate user files carrying a ".pst" extension.

17. "*Many courts have automatically assumed that an undue burden or expense may arise simply because electronic evidence is involved. This makes no sense. Electronic evidence is frequently cheaper and easier to produce than paper evidence because it can be searched automatically, key words can be run for privilege checks, and the production can be made in electronic form obviating the need for mass photocopying.*". [emphasis added] *Zubulake v. UBS Warburg LLC.,* 217 F.R.D. 309, 318 (S.D.N.Y., 2003).

18. To determine whether an interrogatory imposes an "undue burden," courts have adopted a proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory. 8A *Wright & Miller*, *Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174*; "*Although preparation of a direct answer will be time-consuming, and probably costly, the information is crucial to the issues of this suit, and is in the exclusive custody of the defendant. . . . Accordingly, defendant's objection to Plaintiffs' Second Interrogatory Number 1 is overruled.*". [emphasis added] *King v. Georgia Power Co.,* 50 F.R.D. 134, 136 (N.D.Ga., 1970). "*Defendant's repeated objections that it will be burdensome and expensive to answer the interrogatories must also be overruled. The value to plaintiff of the information sought clearly outweighs any annoyance and expense involved in its disclosure by defendant.*" [emphasis added] *Seff v. General Outdoor Advertising Co.,* 11 F.R.D. 597, 598 (N.D. Ohio, 1951).

**CONFIDENTIALITY AND PRIVILEGE OBJECTIONS**

19. Co-defendants further invoke blind "confidentiality" and "privilege" objections to Plaintiffs' discovery requests. They are equally unavailing: "*The rules of discovery contemplate disclosure of all pertinent evidence except where the information is privileged. It is not a valid objection that the information is confidential, if it is relevant and material to the controversy.*" [emphasis added] *Seff v. General Outdoor Advertising Co.,* 11 F.R.D. 597, 598 (N.D. Ohio, 1951).

**20.** The law is clear that a party cannot avoid responding to interrogatories such as GDB's by invoking the attorney-client privilege or the work product doctrine. "*Seeking the <u>facts and documents which support a particular allegation</u> in a complaint violates neither the attorney-client or work product privileges*.". [emphasis added] <u>Convergent Business Systems. Inc. v. Diamond Reporting, Inc.,</u> *1989 WL 92038, at p.1 (E.D.N.Y., 1989)*. Interrogatories seeking the factual specifics which a party contends supports a contention do not implicate the attorney work product doctrine. <u>King v. E.F. Hutton & Co.,</u> *117 F.R.D. 2, 5 n.3 (D.D.C. 1987)*.

**21.** Here, Plaintiffs are seeking information regarding the systems and software applications which process all data that is of consequence in the case, to better plan and manage additional discovery efforts. Access control and security information is relevant and material in the determination of the quality and integrity of the information. Efforts of data preservation and avoidance of spoliation cannot, under any conceivable scenario, be construed as "privileged"; it is instrumental that parties share such information from the beginning of the case, right until the bitter end of the discovery process.

**22.** "*In the absence of good cause shown, <u>failure to timely file objections to interrogatories or requests for production constitutes a waiver</u> of any objections, <u>including</u> objections based on work product and <u>attorney-client privilege</u>*." [emphasis added]. <u>Byrd v. Reno</u>, *1998 WL 429676, at p.7 (D.D.C., 1998)*.

**23.** Here, as discussed in Plaintiff's multiple discovery motions, the information sought by their interrogatories goes to the core issues in this case, and is exclusively within GDB's possession; Plaintiffs' need to discover GDB's key contentions clearly outweigh any effort required to disclose the information in co-defendant's possession; GDB in fact only needs to exert a minimum effort, as the information so requested is readily available in the format demanded by Plaintiffs, native electronic file format. The Court should overrule GDB's objections and compel complete responses.

**24.** For the convenience of the Court, and pursuant to **L. R.Civ.P. 26(b)**, co-defendant's discovery requests and reaction to GDB's objections have been set forth verbatim below. GDB's answers and objections are included as **EXHIBIT 1** to this motion.

**<u>Supplemented Interrogatory 1</u>**
List all data bases and data structures which GDB maintains or has maintained, and which are now in its possession, from which statistical information can be obtained or produced to determine, for individual employees or for applicants for employment, all or any part of the biographical data or conditions of employment listed below:
  a. gender;
  b. age or date of birth;
  c. seniority dates which may be used for purposes of progression, demotion, lay-off or recall;
  d. date of hire;
  e. date and reason for termination;
  f. temporary job assignments, and the initial dates of such assignments;
  g. all rates of pay;
  h. relative standing or position;
  i. dates of transfer between divisions or branches;
  j. level of education: formal, vocational, professional seminars and certifications;
  k. previous work experience, training, or qualifications prior to hire, or acquired while employed;
  l. requests or bids for promotion or transfer;
  m. refusals to promote;
  n. gross earnings for each year;
  o. earnings for each pay period;
  p. payroll records.

**26.** GDB's answer represents another failure to respond, as it is materially incomplete, evasive, misleading, whether intentionally, by deliberate omission, or negligently. Plaintiffs note that the request was answered by an individual in the Human Resources function, as opposed to someone with a business-analysis, technology, or more appropriate background. These additionally propounded discovery requests were destined to elicit ESI information, and ideally should be answered by one qualified in this discipline. As an example to the incompleteness of the answer, Plaintiffs submit **EXHIBIT 2**, with a general overview of the Lawson software capabilities, which indicates the availability of the information GDB refuses to accept is readily available to them in electronic format (from http://www.lawson.com, last visited on August 25th 2009).

**27.** For all remaining requests shown verbatim below, GDB's answered with one of the "canned" objections discussed above, without further explanation or justification. For the reasons explained earlier, Plaintiffs request that the interrogatories be answered fully.

**Supplemented Interrogatory 2**
Describe GDB's Information Technology infrastructure, including: manufacturer, model number, operating system, input/output devices, and other peripherals.

**Supplemented Interrogatory 3**
Describe GDB's network infrastructure, with attention to the following:
  a. operating system;
  b. configuration of network servers and workstations;
  c. communications and connectivity capabilities for each computer;
  d. computers that have been used to store, receive or generate data related to the subject matter of this litigation.

**Supplemented Interrogatory 4**
Identify and describe all software programs that have been, or are currently, in use by GDB, including desktop productivity tools, integrated Enterprise Resource Management Systems, and Database Management Systems.

**Supplemented Interrogatory 5**
List all email and corporate level messaging systems in use by GDB, giving particular attention to:
  a. hardware that has been used or is currently in use as a communication server or mailbox repository;
  b. specific type of hardware form which connectivity is allowed, including home PCs, laptops, desktops, cell phones, personal digital assistants;
  c. all users known to have generated email related to the subject matter of this litigation;
  d. all email known to reference or are relevant to the subject matter of this litigation;
  e. extraction methods and key-word definitions utilized to retrieve the above information.

**Supplemented Interrogatory 6**
List all security and authentication policies for all networks and applications previously identified, together with any formal procedures for determining proper user authentication, and attribution and transaction authorization.

**CONCLUSION**

**28.** Plaintiffs have previously pointed out GDB's cavalier attitude and disregard towards both, its discovery obligations, and Plaintiffs' right to proper and full discovery. GDB's continued tactics of recalcitrance in discovery now turn even more outrageous, by challenging this Court's

**ORDER**, **Doc.# 123**. It is more outrageous still, when we consider that co-defendant also failed in its disclosure and scheduling duties regarding ESI. This is more than a cavalier attitude toward discovery obligations and the Court's Orders; it is brazen, willful and contumacious conduct.

**29.** Worst of all, it is done surreptitiously, with no real intent of seriously discussing the purported contentions and constructing legal arguments to reach the merits of Plaintiffs' Interrogatories . Co-defendants could have challenged Plaintiffs' motion for leave to propound additional interrogatories, **Doc.# 114** of August 18th 2009. But they chose to do nothing, and have therefore pursuant to **L.R.Civ.P. 7(b)** deemed to have waived any future objection. They could have challenged the Court's Order of August 26th 2009 granting leave, **Doc.# 123**, either by moving for "reconsideration", or by moving the Court to rely on its inherent power to modify, rescind or vacate its own interlocutory orders. *John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88 (1922)*. But as of this date such Order remains unopposed and unchallenged.

**30.** Continued tactics of recalcitrance in discovery to such an extent irreparably prejudice Plaintiffs opportunity to use the discovery requested. This prejudice cannot be underestimated. Plaintiffs requested the information and documents at issue shortly after commencement of this lawsuit, and are still being denied access to relevant information and responsive documents.

**WHEREBY**, for all of the above, Plaintiffs pray this Honorable Court:

**Take NOTICE** of all of the above;

**ORDER** GDB to appear and show cause why it should not be held in contempt for violating this Court's Order as enumerated above, and impose any sanctions it sees fit;

**ORDER** GDB to fully answer the discovery requests subject of this motion.

**Respectfully submitted in New York, NY this 17th day of September, 2009.**

<u>S/William Meléndez Menéndez</u>
William Meléndez Menéndez
USDC-PR No. 226902

William E. Meléndez | We.Melendez@e-Lex.us
Cuadros & Cuadros | 701 Ponce de León Ave. Suite 215 | San Juan, Puerto Rico 00907

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendants and all other parties of interest.