IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br><br>Plaintiffs<br><br>v.<br><br>Government Development Bank P.R., et al.<br>Defendants | CIVIL No. 09-01151-JP<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

## MOTION *IN LIMINE* AND FOR DISCOVERY SANCTIONS

**TO THE HONORABLE COURT**:

Come now plaintiffs, Vicky Rodríguez Torres, Luis Rafael Maldonado Vaillant, and their conjugal partnership, through the undersigned counsel, and pursuant to **Federal Rule of Civil Procedure 37(b)(2)(A)** and **37(c)(1)**, request that this court find co-defendant GDB in contempt of court for failure to obey discovery ORDER, as set forth in **Doc.# 33**. Plaintiffs further pray for relief as follows, and in support of their motion, state:

### FACTUAL BACKGROUND

**1.** In the Initial Scheduling Conference Call - **Doc.# 33** - of June 1st 2009, the Court issued several warnings to the parties, including:

   **a.** Failure to comply with the orders set forth by Doc.# 33 would result in stiff penalties, including barring of witnesses or evidence, or monetary sanctions. See Fed. R. Civ. P. 16(f).

   **b.** All non-English language documentary evidence party wishes to use in this case SHALL be accompanied by a certified English language translation in accordance with Local Rule 10(b). Failure SHALL result in the Court disregarding all information premised on the documents.

   **c.** Parties will have a limited capacity to amend the witness they propose at the ISC.

    d. Failure to participate in good faith, or noncompliant acts may result in sanctions, including the payment of reasonable expenses prohibition of certain witness's testimony and the admission of facts.

2. On August 25th 2009, the parties filed a joint informative motion regarding changes in the deposition schedule, **Doc.# 117**. Co-defendant GDB informed the Court it had decided to cancel previous scheduled depositions on, among others: Roberto Rodríguez, Harry de Jesús, Lucy Delgado, José Feijoo, Miguel Gutarra, Vivian Mercado, Aurora Rivera, Mildred Ayala.

3. All of the individuals listed:

    a. Are current GDB employees

    b. Were announced as witnesses in Plaintiffs' ISC Memo;

    c. Were not proposed by GDB as witnesses in co-defendant's ISC Memo.

4. On the days leading to September 10th 2009, Plaintiffs became aware that on or around July 15th 2009, co-defendant GDB had scheduled interviews between their Counsel in the present case, and those current employees mentioned above whose depositions had been cancelled. Plaintiffs effort to confer with opposing Counsel is a matter of record in this docket, and reproduced here as **Exhibit 1**, for the convenience of the Court. Opposing Counsel's rejection of such invitation is also a matter of record, as filed in **Doc.# 145**, Exhibit 10.

5. On September 18th 2009, co-defendant served Plaintiff a supplement to their initial disclosures, which surprisingly consisted of Affidavits taken on the individuals identified in ¶ 2, above, and who Plaintiffs emphasize are all: current GDB employees, Plaintiffs' announced witnesses, who had not been previously identified as witnesses by co-defendants. **Exhibit 2**.

6. Uncharacteristically, the Affidavits were served through an individual who is not an attorney of record in this case. All attorneys, the one serving the supplement to the initial disclosures, and those notarizing the Affidavits are under the employ of the firm representing co-defendants in the present case.

**7.** The Affidavits were submitted in a Non-English language, without an accompanying certified translation.

**8.** The aforementioned Affidavits present another authentication challenge, in that the declarants were purportedly identified through what appears to be expired official government issued documents. For instance, the following individuals were identified by the following Puerto Rico driver's license number, with the following expiration dates: Harry de Jesus, No. 339584 expired April 19th 2009; Roberto Rodriguez, No. 1234657 expired July 15th 2009; Miguel Gutarra, No. 1667104 expired September 19th 2008; Jose Feijoo, No. 2127572 expired September 16th 2008; Vivian Mercado, No. 1796381 expired August 14th 2008 (from http://discotech.dtop.gov.pr, last visited on September 19th 2009).

### GDB'S EGREGIOUS FAILURE TO COOPERATE IN THE DISCOVERY PROCESS

**9.** Saving any violation of Canon 5 of the Puerto Rico Code of Professional Ethics, this motion seeks sanctions pursuant to **Fed. R. Civ. P. 26** and **37** to remedy co-defendant's continuing and egregious failure to cooperate in the discovery process. In particular, Plaintiffs seeks an order precluding GDB from using evidence that has not been timely disclosed.

**10.** GDB has used the discovery process to cause obstruction, obfuscation, and misdirection. Plaintiffs have previously brought to the Court's attention how GDB has failed in its duties to disclose, asserted groundless objections to discovery requests, and withheld relevant and responsive documents. Despite being ordered by the court to answer discovery requests, GDB merely reiterated its boilerplate objections and evasive answers it had previously used in answering other discovery requests served by Plaintiffs.

**11.** Sanctions are fully warranted because GDB's conduct has been deliberate and calculated to impede Plaintiffs from preparing for trial. The Court should therefore grant this motion to deter GDB from similar misconduct in the future.

12. Co-defendant GDB has unleashed a flurry of activity to gain an unfair advantage by dispensing with normal pretrial procedures, and such behavior should be rejected for several reasons. GDB demands expedited discovery and strict adherence to the case's scheduling order, while at the same time it disregards its discovery obligations, requests protective order against discovery, and makes claims of unfounded confidentiality and privilege.

13. Contrary to ethical rules, GDB has unilaterally contacted and interviewed Plaintiffs' announced witnesses, without leave of Court and without Plaintiffs'' knowledge or consent. GDB should not be permitted to engage in any further discovery until after the Court can rule on disqualifying information or documents obtained in the above irregular manner.

14. Discovery so conducted is unfairly poised in one direction. The only foreseeable solution is to permit Plaintiffs to seek discovery at GDB's cost, whereby Plaintiffs have the opportunity to examine the witnesses subject of this dispute prior to any consideration of monetary sanctions, attorney disqualification, or evidentiary hearing on any of these matters. GDB's discovery tactics are fundamentally unfair and should be stopped.

15. Co-defendant's "gamesmanship" should not be permitted, but rather condemned, because its primary purpose is to prejudice and inconvenience Plaintiffs. Had co-defendants seen the necessity of interviewing Plaintiffs' witnesses, they should have maintained their original deposition schedule, or at the very least, brought their concerns to Plaintiffs or the Court, rather than taking matters into its own hands, and engaging in "self-help".

**GDB'S ACTIONS SUBVERT DEPOSITION PROCESS**

16. GDB's improper interference with Plaintiffs' witnesses prejudices their ability to assert their claims, by subverting the deposition process, and by destabilizing the integrity of the discovery process altogether.

17. In federal cases, all phases of a civil deposition are designed to be subject to strict court control. From there, courts use their discretion to issue orders designed to prevent abusive

tactics during depositions, and issue rulings on discovery motions. <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525, 527 (E.D. Pa. 1993).

18. Co-defendants, as a matter of record, have moved the Court in several instances when they have seen it fit to protect their interests, and the same opportunity needs to be afforded to Plaintiffs, more so because their witnesses might be under apprehension and undue pressure as current employees of GDB. If co-defendant is allowed to interfere with Plaintiffs' witnesses without the presence of opposing counsel, Plaintiffs undoubtedly would suffer irreparable prejudice.

### 19. GDB'S FAILURE TO MAKE TIMELY DISCLOSURES

20. The Court derives its authority to impose the sanctions requested here from **Fed. R. Civ. P. 26** and **37**, as well as its inherent ability to manage its docket, prevent abuse of the judicial process, and ensure that cases before it are conducted in a fair, orderly, and expeditious manner. <u>Unigard Security Ins. Co. v. Lakewood Engineering and Manufacturing Corp.</u>, 982 F.2d 363, 367-69 (9th Cir. 1992); <u>In re Matter of Yagman</u>, 796 F.2d 1165, 1187 (9th Cir. 1986). Sanctions available include preclusion of evidence. <u>Finley v. Hartford Life and Accident Ins. Co.</u>, 249 F.R.D. 329, 331 (N.D. Cal. 2008).

21. As co-defendants failure to disclose is in violation of a court order, sanctions available also include: (i) directing that the matters embraced in the sanctions be taken as established for purposes of the action; and (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. **Fed. R. Civ. P. 37(b)(2)(A)(i) & (ii)**. Further, as GDB failed to provide information or identify a witness as required by **Rule 26(a)**, and its duty to make supplemental disclosures under **Rule 26(e)**, **Fed. R. Civ. P. 37(c)(1)** contains a "self-executing" sanction prohibiting the party from using the information it failed to disclose on a motion, at a hearing, or at a trial. <u>Law v. Hillcrest Hospice, Inc.</u>, 300 Fed. Appx. 768 (11th Cir. 2008).

**22.** Belated compliance with discovery orders does not preclude the imposition of sanctions. Neither does last-minute tender of documents cure the prejudice to Plaintiffs, nor does it restore to them the opportunity to use the courts. <u>Payne v. Exxon Corp.,</u> *121 F.3d 503, 508 (9th Cir. 1997)*; <u>North American Watch Corp. v. Princess Ermine Jewels</u>, *786 F.2d 1447, 1451 (9th Cir. 1986)*.

### EVIDENCE OF RETALIATION

**23.** Plaintiffs also bring to the attention of the Court that improper interference with the above witnesses - who are not just any adverse witnesses against GDB, but current employees under their influence – can be construed as continued acts of retaliation against plaintiff Rodríguez under **42 U.S.C. § 1985**, and evidence that the underlying claims of discrimination are in fact intentional discrimination, and actionable by both, Plaintiffs, as well as by the witnesses.

**24.** Retaliation against persons who oppose discrimination prohibited by Title VII of the Civil Rights Act of 1964 is prohibited. Opposition to discrimination can be shown by making a charge against the employer, or by testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing related to the enforcement of such rights. **42 U.S.C. § 2000e-3(a)**.

### CONCLUSION

**28. Federal Rule of Civil Procedure 26(e)(1)(A)** requires GDB to supplement or correct its disclosures or responses in a timely manner. GDB took into its hands the prerogative of concealing its interference with Plaintiffs' witnesses, and taking statements from them without prior notification to Plaintiffs, or obtaining leave from the Court.

**29.** Defendants, their counsel, and their witnesses should be prohibited from making any argument concerning, introducing evidence of, or referring to these matters. This motion is based on the ground that such evidence is inadmissible under **Fed. R. Civ. P. 26(e) and 37(c)(1)**.

**WHEREBY**, for all of the above, Plaintiffs pray this Honorable Court:

**Take NOTICE** of all of the above;

**ORDER** GDB to refrain from any use or reference to the statements taken from Plaintiffs' witnesses, in any discovery proceeding, motion or at trial;

**ORDER** GDB to provide at its own cost an opportunity for Plaintiffs to examine the witnesses subject of this motion, and determine the circumstances under which their statements were taken;

**ORDER** against GDB the imposition of any further sanctions it sees fit;

**Respectfully submitted in New York, NY this 19th day of September, 2009.**

S/William Meléndez Menéndez  
William Meléndez Menéndez  
USDC-PR No. 226902  

William E. Meléndez **|** We.Melendez@e-Lex.us
Cuadros & Cuadros **|** 701 Ponce de León Ave. Suite 215 **|** San Juan, Puerto Rico 00907

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendants and all other parties of interest.