IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICKY RODRÍGUEZ-TORRES, et al.,

    Plaintiffs

    v.

GOVERNMENT DEVELOPMENT BANK OF
PUERTO RICO, et al.,

    Defendants

CIVIL NO. 09-1151 (JP)

### ORDER

Before the Court is Plaintiffs' motion (**No. 135**) for a preservation and litigation hold and Defendant Government Development Bank of Puerto Rico's ("Bank") opposition thereto (No. 145). For the reasons stated herein, said motion is hereby **DENIED**.

In their motion, Plaintiffs allege that the Bank follows a fractured process in the production of electronically stored information ("ESI"). Specifically, Plaintiffs claim that Defendant follows the following process: (1) authoritative business events, documents and transactions are executed by computerized means; (2) the original contents of the above reside as ESI, in software programs' native-file format, presumably under the control and custody of the individuals who originated them; (3) custody and control of said ESI is transferred to the IT department, who in turn assemble, compile and create yet another version of ESI; (4) IT submits their version of the ESI to an off-line printing

CIVIL NO. 09-1151 (JP)          -2-

process; (5) printed, hard-copy output in paper format of the process is delivered to Defendant's counsel; and (6) Defendant's counsel turns over the documents to Plaintiffs.

Plaintiffs contend that the process used by Defendant does not allow Plaintiffs to gain access to the real, authoritative, and original ESI. As a result, Plaintiffs have been requesting that documents and transactions be produced in their original, "native" format. Also, Plaintiffs are alleging that, in the deposition of Defendant Enid López-López ("López"), Defendant López, when presented with e-mail communications from Plaintiffs' disclosures, made assertions to the fact that she routinely deleted e-mail communications, in a seemingly in-discriminatory fashion.

Plaintiffs argue that the fractured process used by the Bank to produce electronically stored documents and the Bank's destruction of evidence as demonstrated by López deleting emails support granting the requested relief. Plaintiffs request that the Court:

(1) take notice of their motion;

(2) issue an Order prohibiting the Bank from altering or destroying ESI evidence during the pendency of this action;

(3) Order the Bank to report to the Court within 30 days:

  (A) the steps it has taken to prevent the alteration or destruction of ESI evidence;

  (B) an ongoing plan for the preservation of documents, data, and tangible things reasonably anticipated to be subjected to discovery in this action;

CIVIL NO. 09-1151 (JP)          -3-

        (C) a communication plan to key individuals to ensure compliance with the above, including:

            (i) mechanisms for monitoring, certifying, or auditing custodian compliance with preservation obligations; and

            (ii) methods to preserve any volatile by potentially discoverable material that originates from the date of the order, such as voicemail, active data databases, or electronic messages;

    (4) Order the Bank to discover, identify, and determine the ESI evidence that has been deleted since the inception of this litigation with the E.E.O.C. charge documents, and report its findings to the Court within 30 days. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices and metadata should be included within the findings.

This Court firmly believes in the efficient management of cases while ensuring that justice is served. As a result, the Court takes very seriously the procedures available to ensure the efficient discovery of information such as the Rule 26(f) Discovery Conference and the Court's Initial Scheduling Conference ("ISC"). Plaintiffs did not take advantage of their opportunity to request ESI in either the Rule 26(f) Conference or the ISC. In fact, Plaintiffs did not even mention ESI in their Rule 26(f) Discovery Conference, ISC Memorandum, or ISC Conference. After Defendants completed their document search efforts and responded to Plaintiffs' written discovery requests, Plaintiffs now intend to engage in electronic discovery.

In order to preserve the ESI, Plaintiffs claim that the procedure used by the Bank is "fractured." However, the Plaintiffs

CIVIL NO. 09-1151 (JP)                -4-

fail to present this Court with any evidence tending to show that information has been lost in the process used by the Bank.  Instead, they rely on the statements by Defendant López.  As Defendant points out in its opposition, the statement by Defendant López that, in the ordinary course of business, she deletes emails to prevent her inbox from becoming full does not support the conclusion, by itself, that evidence has been destroyed since the Defendants had notice of the Plaintiffs' case.  Plaintiffs have not presented evidence that the Bank, upon receiving notice of the Plaintiffs' claim, has destroyed any evidence.  Thus, the Court sees no need to issue an order for a preservation and litigation hold on the Defendants.[1]  Accordingly, the Court **DENIES** Plaintiffs' motion for a preservation and litigation hold.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of September, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE

---

1. The Court's decision today should not be interpreted in anyway to suggest that Defendant is free to delete relevant evidence.