IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICKY RODRÍGUEZ-TORRES, et al.,

        Plaintiffs

           v.

GOVERNMENT DEVELOPMENT BANK OF
PUERTO RICO, et al.,

        Defendants

CIVIL NO. 09-1151 (JP)

## AMENDED INITIAL SCHEDULING CONFERENCE ORDER[1]

I. **INTRODUCTION**:

The parties met with the Court on June 29, 2009, for an Initial Scheduling Conference, represented by counsel: Miguel A. Cuadros-Pesquera, Esq., and Olga María Benítez-Quiñones, Esq., for the Plaintiffs; and Mariela Rexach-Rexach, Esq., and Erika Berríos, Esq., for the Defendants.

II. **PLAINTIFFS' ALLEGATIONS**:

Plaintiff Rodríguez, currently age 59, has been an employee of the Government Development Bank ("GDB") since September 3, 1996. She is still employed by Defendant GDB. Defendant GDB hired Plaintiff Rodríguez to work as a Corporate Credit Officer in the Treasury and Investment Department. Plaintiff Rodríguez claims she has been an exemplary employee, since she began working for

---

1. The Initial Scheduling Order has been amended to change the schedule for the case.

CIVIL NO. 09-1151 (JP)          -2-

Defendant GDB.  This is allegedly supported by the positive performance reviewed issued by her supervisors.  In addition, Plaintiff Rodríguez claims she increased production rate according to management objectives.

On or around September 16, 2002, Plaintiff Rodríguez was transferred to the role of Account Executive, in the Private Financing Department.  Plaintiff Rodríguez alleges that as soon as she began working as an Account Executive, she began experiencing a sexual and age related hostile work environment.  On April 4, 2008, Plaintiff was assigned to the Municipal Financing Department, where she was submitting to a probationary period despite her numerous years of service to Defendant GDB.  Defendants allegedly made many disparaging remarks about Plaintiff's age and sex.  Plaintiff also alleges that she was excluded from company activities based on her age and sex, including training and continued education opportunities, and internal and customer meetings.

Plaintiff alleges that she has applied for several positions for which she is fully qualified and that would offer her higher compensation, but that she has been passed over in favor of male applicants with less experience than her.  She also alleges that her male colleagues are given different and more challenging workloads. As a result of this treatment, Plaintiff alleges that she has experienced emotional distress.

CIVIL NO. 09-1151 (JP)          -3-

Rodríguez filed a discrimination charge with the EEOC on November 18, 2008, and was subsequently issued a right to sue letter.

### III. **DEFENDANTS' ALLEGATIONS**:

Defendant GDB hired Plaintiff Rodríguez to work as a Corporate Credit Officer in the Treasury and Investment Department. Plaintiff Rodríguez was forty-seven years of age at the time she was hired. On September 12, 2002, she was transferred to the Private Financing Department as an Account Executive. At that time, co-defendant Angel Pérez-Rivera was GDB's Private Financing Director. From April 3, 2008 to December 15, 2008, Plaintiff Rodríguez was temporarily transferred to the Municipal Financing Department. During this time, Plaintiff Rodríguez' supervisor was Co-defendant Enid López-López.

On May 23, 2008, GDB posted an opening for the position of Special Program Director. The position required close work with "Special Communities Program." This program is a government initiative to develop Puerto Rico's poorest sectors by providing training programs aimed at helping the community to become self-sufficient. In order to achieve this goal, Puerto Rico's stated public policy requires that public corporations, agencies and municipalities work in an integrated manner.

Plaintiff Rodríguez along with several employees requested to be considered for the position of Special Program Director. Defendant Luis I. Alfaro-Martínez was the hiring director who conducted the interviews with the candidates and ultimately decided

CIVIL NO. 09-1151 (JP)          -4-

who would be hired.  Defendant alleges that Plaintiff's Rodríguez application was accidently misplaced by the Human Resources evaluation committee.  Notwithstanding, Mrs. Cajigas, the employee appointed to the position, was better qualified than Plaintiff. Since May 2000, she had worked directly with the Special Communities.

On August 29, 2008, Plaintiff Rodríguez applied for the career position of Special Projects Executive.  Plaintiff was considered for the position, but Miguel Deynes was hired because he was more qualified than Plaintiff, given his experience with complex socioeconomic studies and finance.

On August 18, 2008, Plaintiff requested to be considered for the career position of Inspection and Control Specialist.  She was informed on the same date that the opening was no longer in effect given issues with the union, and that the position would be filled externally.

Defendant GDB had an anti-discrimination policy in place at all times relevant to the complaint.  Defendants claim that the complaint's allegations are too broad.  In addition, Defendants allege that the instant complaint fails to give them a fair notice of what the claims are and the grounds for those claims.  Also, Defendants claim that at no time did they discriminate against Plaintiff Rodríguez or take an adverse employment action against her.

CIVIL NO. 09-1151 (JP)          -5-

IV.  **UNCONTROVERTED FACTS OF THE PARTIES**:

The following uncontested facts were stipulated at the Initial Scheduling Conference by the parties hereto, and are hereby incorporated into this Order:

1.  Plaintiff Rodríguez was born on August 4, 1949, is a female, married, a United States citizen, and is domiciled and a resident of the Commonwealth of Puerto Rico.

2.  Rodríguez was hired by Defendant GDB on September 3, 1996, when she was forty seven years old, to work as a Corporate Credit Officer in the Treasury and Investment Department.

3.  Plaintiff Rodríguez is currently employed, and has been employed by GDB, since September 3, 1996.

4.  Plaintiff joined GDB as a Corporate Credit Officer, in the Treasury and Investment Department.

5.  On or around September 12, 2002, Plaintiff was transferred to the role of Account Executive, in the Private Financing Department.

6.  On or around April 4, 2008, Plaintiff was informed of her administrative transfer to the Municipal Financing Department, effective as of April 7, 2008.

7.  On April 30, 2008, GDB invited applicants to apply for the position Number 0370, Account Executive for the Municipal Financing Department, with an annual salary of $28,800,

CIVIL NO. 09-1151 (JP)          -6-

and Scale 9.  Application deadline for this position was May 13, 2008.

8.    On May 23, 2008, GDB invited applicants to apply for the position number 0355, Director of Special Programs, with an annual salary of $51,400, and Scale 13.  Application deadline for this position was June 6, 2008.  The position required close work with "Special Communities Program."

9.    This "Special Communities Program" is a government initiative to develop Puerto Rico's poorest sectors by substituting the traditional paternalistic model for one which involves the very community, empowering it as a change-agent towards a better quality of life.  In order to achieve this goal, Puerto Rico's stated public policy requires that public corporations, agencies and municipalities work in an integrated manner, employing systemic and interdisciplinary approach.

10.   As part of Defendants' Valuation and Retribution Plan, all GDB confidence and career employees had to fill out questionnaires.

11.   On June 5, 2008, Plaintiff Rodríguez applied for the position number 0355, Director of Special Programs, whose qualifications and requirements Plaintiff met.

CIVIL NO. 09-1151 (JP)          -7-

12. On August 6, 2008, invited applicants to apply for the position number 4000, Control and Fiscal Expert, with an annual salary of $32,200, and Scale 10.

13. On August 18, 2008, Plaintiff Rodríguez applied for the position number 4000, Control and Fiscal Expert, whose qualifications and requirements Plaintiff met.

14. On August 18, 2008, Elsy Alvarado-Cabrera, GDB employee, informed Plaintiff the position number 4000, Control and Fiscals Expert was left without effect.

15. On or about August 19, 2008, GDB invited applicants for the position number 4000, Executive for Special Projects.

16. Luis I. Alfaro-Martínez ("Alfaro") was the hiring director who would be interviewing the candidates and deciding who would be hired for the Special Programs Executive position.

17. Plaintiff Rodríguez's application was accidentally misplaced by the Human Resources evaluation committee. When it was recovered, the application was submitted for Alfaro's consideration but Cajigas had already been selected for the position of Specials Programs Director.

18. On August 20, 2008, Plaintiff Rodríguez received a copy of her performance evaluation from Javier Ramos, for the period of July 1, 2007 to April 30, 2008, which gave Rodríguez scores between 6 and 5, corresponding to

CIVIL NO. 09-1151 (JP)        -8-

Excellent and Good, for an overall evaluation of 5.31 out of 6.00.

19. On August 26, 2008, Plaintiff Rodríguez requested from Merle Montalvo, GDB Training Officer, a list of courses, seminars, or training that were soon to be offered, and inquired about GDB´s continuing education sponsorship for its employees.

20. On August 26, 2008, Merle Montalvo answered Plaintiffs request and informed Rodríguez that due to the electoral ban, the only seminars to be approved were those of urgent need of the service.

21. On August 29, 2008, Plaintiff Rodríguez applied for the position number 4000, Executive for Special Projects, whose qualifications and requirements Plaintiff met.

22. Enid López-López was the hiring director who would be interviewing the candidates and deciding who would be hired.

23. On August 29, 2008, Plaintiff Rodríguez requested that Defendant Enid López-López submit to the Human Resource Department her evaluation of Plaintiff's performance.

24. On Plaintiff Rodríguez's September 2, 2008, performance evaluation by Enid López for the period of April 7 to June 30, 2008, Plaintiff received an overall score of 5.38 out of 6.00.

CIVIL NO. 09-1151 (JP)          -9-

25.  On September 3, 2008, Plaintiff Rodríguez's annual salary was increased by $2,640.00 to the amount of $58,860.00, based the results of Rodríguez's evaluation.

26.  On September 4, 2008, Miguel A. Deynes-Vargas, a male, was selected to fill position number 4000, Executive of Special Projects, with a recommended annual salary of $63,000.00.

27.  On November 18, 2008, Rodríguez filed a claim of discrimination on the basis of age, sex and age/sex with the Puerto Rico Office of the Equal Employment Opportunity Commission ("EEOC") (No. 515 2009 00095).

28.  On December 2, 2008, Plaintiff was informed that immediately following her return to work from her vacation, Plaintiff would be returned to the Private Financing Department.

29.  On December 9, 2008, Plaintiff requested that her vacation time be extended up to and including December 12, 2008, since her husband was to undergo surgery on December 11 of that year.

30.  On December 15, 2008, Plaintiff Rodríguez received a letter signed by Defendant Naphis Torres-Padró confirming that her administrative transfer to the Municipal Financing Department had ended on December 12, 2008, and

CIVIL NO. 09-1151 (JP)          -10-

notifying her that she would be returned to her position in the Private Financing Department on December 15, 2008.

31. On December 15, 2008, Plaintiff informed Lucy Delgado that she would not participate in the Christmas Luncheon.

32. On January 14, 2009, the EEOC issued a "right to sue within 90 days" letter.

33. Plaintiff Rodríguez filed the present complaint on February 13, 2009.

34. At times relevant to the Complaint, co-defendant Javier Ramos-Luiña was GDB's Principal Financing Officer.

35. At times relevant to the Complaint, co-defendant Enid López-López was the GDB's Municipal Financing Director.

36. At times relevant to the Complaint, co-defendant Ángel Pérez-Rivera was the GDB's Private Financing Director.

37. During the period of August 29, 2007 through December 31, 2008, co-defendant Jorge Irizarry-Herrans was the GDB's President.

38. During the period of December 18, 2007 through December 31, 2008, co-defendant Luis I. Alfaro-Martínez was GDB's Financing Director.

39. During the period of December 17, 2007 through June 30, 2008, Comas worked as Human Resources Director for the GDB. On July 1, 2008 she returned to her position as Recruiting and Nominations Director for the GDB.

CIVIL NO. 09-1151 (JP)          -11-

40.   Co-defendant Naphis Torres-Padró was GDB's Human Resources Director from July 1, 2008 to December 31, 2008.

41.   At times relevant to the Complaint, co-defendant Edgardo Rodríguez-Nieves was GDB's Human Resources Subdirector.

## V.   **PRELIMINARY ORDERS**:

A.   The parties **SHALL** file with the Court their expert witness reports and curriculum vitae, along with a brief description of the expected testimony of their expert witnesses, as follows:

1.   Plaintiffs **SHALL** file the report and CV of Dr. Franceschini **on or before August 12, 2009.**

2.   Defendants **SHALL** disclose their medical expert **on or before September 16, 2009.** Defendants **SHALL** file their expert witness report and CV **on or before October 19, 2009.**

B.   Defendants informed the Court that they already served interrogatories and requests for admissions upon Plaintiffs. Plaintiffs **SHALL** answer **on or before July 13, 2009.**

C.   Plaintiffs **SHALL** serve their revised interrogatories today, June 29, 2009, upon Defendants. Defendants **SHALL** answer **on or before July 29, 2009.** Plaintiffs **SHALL** serve their requests for admissions **on or before July 13, 2009.**

CIVIL NO. 09-1151 (JP)          -12-

D.   **On or before July 13, 2009,** Plaintiffs **SHALL** amend their complaint to clarify and include whether Defendants are sued in their personal or individual capacities.

E.   **On or before July 14, 2009,** Plaintiffs **MAY** ask Defendants for specific information about each listed witness; Defendants **SHALL** answer **on or before July 29, 2009.**

F.   Defendant's expert witness **SHALL** examine Plaintiff Rodríguez **on or before September 28, 2009.**

G.   Plaintiffs **MAY** object to uncontested fact No. 9 **on or before July 13, 2009,** provided that their objection is accompanied by the proper evidentiary support.

H.   **On or before July 13, 2009,** Plaintiffs **SHALL** provide Defendants with the information regarding uncontested fact No. 7.  Defendants **MAY** object to said fact **on or before July 23, 2009.**

VI.  **WITNESSES**:

A.   Plaintiffs

1.   Vicky Rodríguez-Torres

2.   Luis Rafael Maldonado-Vaillant

3.   Javier Ramos-Luiña

4.   Enid López-López

5.   Angel Pérez-Rivera

6.   Jorge Irizarry-Herrans

CIVIL NO. 09-1151 (JP)          -13-

    7.   Luis I. Alfaro-Martínez

    8.   Marine Comas-Torres

    9.   Naphis Torres-Padró

    10.  Edgardo Rodríguez-Nieves

    11.  Hugh Andrews

    12.  Fernando Batlle

    13.  Pedro Bonnin

    14.  Madeline Cajigas

    15.  Emma Cancio

    16.  Gonzalo Candelario

    17.  José Casellas

    18.  José Chaves

    19.  María C. Colberg, Esq.

    20.  Lucy Colón

    21.  Beryl Córdova

    22.  María Cubero

    23.  Harry de Jesús

    24.  Elizabeth de la Cruz

    25.  Lucy Delgado

    26.  Miguel Deynes

    27.  Amaury Díaz

    28.  Adalberto Echevarría

    29.  Mónica Espinosa

    30.  José Feijoo

CIVIL NO. 09-1151 (JP)          -14-

31.  Iraida Figueroa

32.  Carlos García

33.  Marisilda González

34.  Miguel Gutarra

35.  Mario Iturrino

36.  Attorney Ledesma

37.  Inés Martin

38.  María Martínez

39.  Héctor Méndez

40.  Vivian Mercado

41.  Merle Montalvo

42.  Jaime Morgan-Stubbe

43.  Myriam Martínez

44.  Edgar Motta

45.  Betsy Ann Nazario

46.  Tere Padrón

47.  Orlando Pare

48.  Julio Pietrantoni, Esq.

49.  Aurora Rivera

50.  Julio Rivera (FirstBank)

51.  Nancy Rivera

52.  María de Lourdes Rodríguez

53.  Roberto Rodríguez

54.  Edgardo Rodríguez

CIVIL NO. 09-1151 (JP)          -15-

    55.  Neil Rowland

    56.  Alfredo Salazar

    57.  Miguel Santón (FirstBank)

    58.  Jaime Santos

    59.  Camille Toro

    60.  Alberto Torruella (Serrallés)

    61.  Jim Trevorrow

    62.  Angie Viego

    63.  Emma Vélez

    64.  Attorneys at McConnell Valdés

    65.  Mildred Ayala

    66.  Maritza Ferreira

    67.  Lucy González

    68.  Taty González

    69.  Maritza Guridys

    70.  Juan Carlos-Larriuz

    71.  Richard Méndez

    72.  Vivian Mercado

    73.  Dr. Suzette Rivera-McMurray (treating
         gastroenterologist)

    74.  Dr. Jorge Sánchez (treating psychiatrist)

    75.  Emilio Torres

    76.  María Trigo, Esq.

CIVIL NO. 09-1151 (JP)          -16-

    B.   Defendants

        1.   Javier Ramos-Luiña

        2.   Enid López-López

        3.   Angel Pérez-Rivera

        4.   Luis I. Alfaro-Martínez

        5.   Marine Comas-Torres

        6.   Naphis Torres-Padró

        7.   Edgardo Rodríguez-Nieves

        8.   Julitza Arroyo

        9.   Elsy Alvarado-Cabrera

        10.  Madelyne Cajigas

        11.  Miguel A. Deynes-Vargas

No additional witnesses, including witnesses intended to be used solely for impeachment purposes, will be permitted to testify at trial because this will create undue prejudice to the opposing party. If any party wishes to use additional witnesses, it will be at the discretion of the Court. Parties that wish to admit the testimony of additional witnesses must file the following information with the Court on or before **November 23, 2009:** the name and address of the witness, a short statement as to the subject matter of their testimony, and proof that either the name of the witness or the relevance of the proposed testimony was not known at the time of this Initial Scheduling Conference. In the case of a proposed expert witness, the party requesting leave to amend the witness list must

CIVIL NO. 09-1151 (JP)          -17-

also provide the expert's report to the Court and to the defendant within two weeks of the request, which must include all the information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and all, if any, information requested in the Initial Scheduling Conference Call.  If any party decides not to use a witness listed herein at trial, the party must notify all other parties at least fifteen days before trial.  Failure to provide such notice may result in sanctions, including an instruction to the jury that it may presume that the party did not call the witness to testify at trial because the witness's testimony was adverse to its case.

        Noncompliance with this Order regarding additional witnesses will result in the witnesses not being permitted to testify at trial. The Court expressly reserves its decision as to whether the reasons provided constitute good cause shown to rebut its presumption that these witnesses should be excluded.  The party informing new witnesses must produce them at its own cost for depositions to be scheduled by the other party, to be taken within two weeks if the other party so desires.

**VII. <u>DOCUMENTARY EVIDENCE</u>**:

        A.   Plaintiffs'

                1.   Medical records from cardiologists, gastroenterologist, neurologist, physician, and psychiatrist.

CIVIL NO. 09-1151 (JP)          -18-

      2.    Emails, letters and announcements pertaining to Plaintiff's transfer to and from Municipal Financing, employee performance evaluations, training opportunities and seminars, announcement of available positions, and Plaintiff's applications to said positions.

B.   Defendants'

   1. Rodríguez' personnel file.

   2. GDB's anti discrimination policies.

   3. Specials Programs Director Position's file.

   4. Specials Projects Executive Position's file.

   5. Inspection and Control Specialist Position's file.

   6. GDB's recruitment process policies.

No other documents, including documents intended to be used solely for impeachment purposes, will be admitted without leave of Court. Parties that wish to admit documentary evidence not listed above must serve the document on all other parties and must file the following information with the Court on or before **November 23, 2009:** a description of the documentary evidence, the document's relevance to the case, and an explanation as to why the document's existence or materiality was not known at the time of the Initial Scheduling Conference. The Court expressly reserves its decision as to whether any document not specifically listed in this Order will be admitted.

CIVIL NO. 09-1151 (JP)          -19-

## VIII.  **DISCOVERY**:

The parties have agreed that they will conduct only the following discovery:

    A.   Plaintiffs'

        1.   Depositions:

            a.   Defendant's expert medical witness: November 9, 2009, beginning at 9:00 a.m., at the office of Plaintiffs' counsel.

            b.   Javier Ramos - October 7, 2009, beginning at 9:00 a.m., at the office of Plaintiffs' counsel.

            c.   Enid López - August 20, 2009, beginning at 9:00 a.m., at the office of Plaintiff's counsel.

            d.   Angel Pérez-Rivera - August 26, 2009, beginning at 9:00 a.m., at the office of Plaintiffs' counsel.

            e.   Luis Alfaro - October 7, 2009, beginning at 2:00 p.m., at the office of Plaintiffs' counsel.

            f.   Marine Comas - October 8, 2009, beginning at 2:00 p.m., at the office of Plaintiffs' counsel.

            g.   Naphis Torres - October 8, 2009, beginning at 9:00 a.m., at the office of Plaintiffs' counsel.

            h.   Edgardo Rodríguez-Nieves - October 22, 2009, beginning at 9:00 a.m., at the office of Plaintiffs' counsel.

CIVIL NO. 09-1151 (JP)          -20-

    B.   Defendants

        1.   Depositions:

            a.   Dr. Franceschini - September 4, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.

            b.   Vicky Rodríguez - August 12, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.

            c.   Gonzalo Candelario - August 27, 2009, beginning at 9:00 a.m., at the office Defendants' counsel.

            d.   José Chaves - September 9, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.

            e.   Harry de Jesús - September 9, 2009, beginning at 2:00 p.m., at the office of Defendants' counsel.

            f.   Lucy Delgado - September 11, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.

            g.   José Feijoo - September 11, 2009, beginning at 2:00 p.m., at the office of Defendants' counsel.

            h.   Miguel Gutarra - September 16, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.

            i.   Vivian Mercado - September 16, 2009, beginning at 2:00 p.m., at the office of Defendants' counsel.

CIVIL NO. 09-1151 (JP)          -21-

> j.   Aurora Rivera - September 17, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.
>
> k.   Roberto Rodríguez - August 27, 2009, beginning at 2:00 p.m., at the office of Defendants' counsel.
>
> l.   Edgardo Rodríguez - September 17, 2009, beginning at 2:00 p.m., at the office of Defendants' counsel.
>
> m.   Mildred Ayala - September 23, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.
>
> n.   Suzette Rivera-McMurray - September 23, 2009, beginning at 2:00 p.m., at the office of Defendants' counsel.
>
> o.   Dr. Jorge Sánchez - September 24, 2009, beginning at 9:00 a.m., at the office of Defendants' counsel.

All depositions are taken day-to-day until finished. All the discovery the parties are to conduct has been scheduled herein with their knowledge and consent. Unless the parties agree otherwise, depositions that begin in the morning shall break for lunch at 12:30 p.m. and shall resume at 1:30 p.m. No further discovery will be conducted without leave of the Court. If leave is granted, the rules as herein stated apply to this further discovery. If any other judge schedules anything for the same date as any of the scheduled

CIVIL NO. 09-1151 (JP)          -22-

depositions, the attorney must inform that judge that the depositions in this case have already been scheduled by Order of this Court. The Court includes this section as part of the foregoing Order after an attorney with this concern brought it to the Court's attention in De Jesús Colón, et al. v. Toledo Dávila, et al., Civ. No. 99-1511 (JP).

Any party requesting any document or further information during or as a result of a deposition must formalize the request in writing within seven days of the deposition and must file a copy with the Court. The non-requesting party must comply with the request within fifteen days of the filing of the request.

IX.  **DISPOSITIVE MOTIONS**:

The Court grants the parties until **January 21, 2010,** to file any and all dispositive motions. If the non-moving party wishes to file an opposition, it must do so on or before **February 8, 2010. In the event that additional proposed uncontested facts are set forth by the non-moving party in its opposition to a motion for summary judgment, the moving party MAY submit, within five days of the filing of the opposition, a limited reply statement of facts. The limited reply statement SHALL address only the additional facts proposed by the non-moving party. The Court warns the parties that it will not grant extensions of time to file a dispositive motion, extensions of time to oppose a dispositive motion, or extensions of time to file certified translations in support of or in opposition to dispositive**

CIVIL NO. 09-1151 (JP)        -23-

**motions.** The parties must serve the Court with a courtesy paper copy of their dispositive motions, together with all their attachments on the date they are filed. Non-compliance with any Order herein may result in the imposition of sanctions on the non-complying party, attorney, or both, and may include a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading.

**The Court also warns the parties that they must strictly comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules for the United States District Court for the District of Puerto Rico. If a party opposing a motion for summary judgment fails to comply with the requirements of Local Rule 56(c), the Court will deem admitted all properly supported facts proposed by the moving party.**

**In the event that a motion for summary judgment is filed and the case is not fully adjudicated on the motion for summary judgment, the Court will exercise its discretion under Rule 56(d) of the Federal Rules of Civil Procedure to determine the facts which are not in substantial controversy. The Court's determinations of the facts which are not in substantial controversy will be listed in its "Opinion and Order" adjudicating the motion for summary judgment, and the "Opinion and Order" will constitute an order under Rule 56(d) of the Federal Rules of Civil Procedure. These facts, and the facts listed the Uncontroverted Facts section of this Order, will form a**

CIVIL NO. 09-1151 (JP)          -24-

**list of uncontested facts that will be given to the jury.  The jury will be instructed that the facts are uncontested, and that they should disregard contradicting testimony.**

**Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules for the United States District Court for the District of Puerto Rico are important tools in the Court's efforts to ensure judicial economy.  Parties ignore these requirements at their peril.**

**X.    SCHEDULE WITH THE COURT:**

Pretrial is **SET** for **March 22, 2010, at 2:00 p.m.**  While at the Pretrial Conference, the attorneys are ordered to have their clients available by phone, under penalty of fine.  Trial is **SET** for **March 29, 2010, at 9:30 a.m.**  On or before **March 12, 2010,** the parties must (1) meet and mark for identification all exhibits to be offered at trial, (2) file proposed jury instructions with citations to supporting authority, proposed verdict form, and proposed voir dire, if a jury trial is scheduled herein, and (3) file a joint pre-trial memorandum pursuant to Local Rules for the United States District Court for the District of Puerto Rico.  Any and all motions *in limine* shall be filed with the Court on or before **February 22, 2010.**  Oppositions to motions *in limine* shall be filed within five days of the filing of the original motion.  Failure to comply with this Order is at the risk of the proponent of the evidence not submitted in accordance with the above requirements.

CIVIL NO. 09-1151 (JP)          -25-

The dates specified herein were agreed to or otherwise ordered by the Court at the Initial Scheduling Conference and the parties have been informed by the Court that they have to comply with the schedule regardless of the fact that this Order, in its written form, may not be entered before the deadline for compliance. These dates must not be changed. If a party or parties change the dates ordered herein, the change is at the risk of the party or parties interested in the information, and the Court will not alter the later deadlines or schedules in the litigation.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of October, 2009.


                                        s/Jaime Pieras, Jr.
                                     JAIME PIERAS, JR.
                                 U.S. SENIOR DISTRICT JUDGE