IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICKY RODRÍGUEZ-TORRES, et al.,

        Plaintiffs

        v.

GOVERNMENT DEVELOPMENT BANK OF
PUERTO RICO, et al.,

        Defendants

CIVIL NO. 09-1151 (JP)

**ORDER**

    Before the Court are Plaintiffs' motions (**Nos. 160 and 164**) to compel discovery requests and for discovery sanctions, and Defendant Government Development Bank of Puerto Rico's ("GDB") oppositions thereto (Nos. 168 and 174).  For the reasons stated herein, Plaintiffs' motions to compel and for sanctions are hereby **DENIED**.

    By way of background, on September 16, 2009, Plaintiffs filed a motion to compel discovery requests (No. 160).  On the next day, Plaintiffs filed a second motion for discovery sanctions and to compel discovery requests (No. 164).  Defendant GDB opposed both motions.  The Court, on October 5, 2009, entered an Order holding in abeyance both motions by Plaintiffs and ordering the parties to provide the Court with a joint informative motion with all the information necessary for the Court to resolve the motions.  The parties complied with the Order and submitted the joint informative

CIVIL NO. 09-1151 (JP)            -2-

motion on November 2, 2009 (No. 198). The Court will now address the

discovery disputes in the motions brought by Plaintiffs.

## 1. Interrogatories Number Eight, Nine, Seventeen, and Twenty-Four

Interrogatory eight states:

As of January 1, for each year 2007, 2008, 2009, state
with reference to the persons employed by co-defendant
GDB: a) total number of employees; b) number of female
employees; c) number of employees over 40; d) number of
female employees over 40.

Interrogatory nine states:

As of January 1, for each year 2007, 2008, 2009, state
with reference to the persons employed by co-defendant
GDB, in each job title or job category: a) the average
salary; b) total number of employees; c) number of female
employees; d) number of employees over 40; e) number of
female employees over 40 (redrafted to include a sub-set
of the elements requested in both Interrogatories 9 and
10, as they were originally drafted).

Interrogatory seventeen states:

For each year 2007, 2008, 2009, list for each GDB employee
who has been promoted: a) name, gender, age, date of
promotion; b) job promoted from, with its corresponding
salary grade and department; c) job promoted into, with
its corresponding job description and criteria, selection
devices and procedures, salary grade and department; d)
justifications and reasons for selection over others; e)
date and position of initial hire, with its corresponding
salary grade and department; f) other positions held with
employer, with their corresponding salary grade and
department; g) the supervisors and officials involved with
promotion and the nature of their involvement; h) copy of
personnel file and all documents related to promotion.

Interrogatory twenty-four states:

For each year 2007, 2008, 2009, identify each job vacancy
which has occurred and state: a) the date the job became
available; b) the work experience, educational

CIVIL NO. 09-1151 (JP)          -3-

accreditation, or other qualifications required of job applicants; c) the name, sex, and age of the person who filled the vacancy.

In the joint informative motion, Defendant GDB objects to all four requests on a number of different grounds. One of the grounds is the relevance of said requests. GDB argues that said requests are irrelevant because Plaintiffs pleaded facts supporting claims of disparate treatment and not disparate impact.

Plaintiffs admit that the complaint pleads facts related to a disparate treatment theory and not disparate impact.[1]  However, Plaintiffs argue that the evidence sought in the interrogatories could form the basis for which discriminatory intent could be inferred. Also, Plaintiffs argue that if the evidence shows a clear and pervasive difference between protected and non-protected individuals, Plaintiffs would be able to recover under disparate impact and would be able to amend their complaint.

After considering the arguments, the Court disagrees with Plaintiffs. Under Federal Rule of Civil Procedure ("FRCP") 15(a), Plaintiffs could only amend the complaint if they had leave from Court because more than twenty-one days have passed since the

---

1.    Plaintiffs first argue that they choose not to characterize their claims as either disparate impact or disparate treatment. Then they admit that the complaint only raises claims of intentional discrimination and that the claims do not involve Plaintiffs attacking a facially neutral GDB policy. From this second statement, it is clear, even though Plaintiffs attempt to avoid admitting it, that the claims here involve disparate treatment and not disparate impact. See Smith v. City of Jackson, 544 U.S. 228, 239 (2005) (explaining that disparate impact involves facially neutral employment practices).

CIVIL NO. 09-1151 (JP)          -4-

complaint was served on Defendants.  The Court has already altered
the schedule in this case because of all the motions filed by the
parties.  Adding a claim of disparate impact would force the Court
to alter the schedule again.  The Court will not allow this.

As such, the Court finds that interrogatories eight, nine,
seventeen and twenty-four are requesting irrelevant information.  The
information requested goes to disparate impact claims and not to
disparate treatment.  Since the complaint only brings claims of
disparate treatment, the information requested is irrelevant to the
claims in the complaint.  Accordingly, the Court **DENIES** Plaintiffs'
motion requesting that Defendants be compelled to answer
interrogatories eight, nine, seventeen, and twenty-four.

### 2.   Request for Production of Documents Number Twelve

Request for production of documents twelve states:

For each year 2007, 2008, 2009, produce in native
electronic format with its original metadata all e-mail
communications and calendar entries describing, relating
or referring to plaintiff Vicky Rodríguez, both inbound
and outbound from co-defendant GDB's messaging system
servers. Particular attention to the following definition
of extract key-words needs to be exercised:
a) identification of Rodríguez by different variations of
her name; b) designation of pejorative and derogatory
terms typically used to demean persons according to their
age and gender (including but not limited to phrases such
as: vieja, nena, arrugas, años, edad, etc.);
c) designation of phrases which could be referring to the
current and past litigations, and which could suggest
retaliatory animus or activities (including but not
limited to phrases such as: demanda, caso, testigos,
demandada, plaintiff, etc.); d) designation of record
custodians to include all co-defendants, and other unnamed
GDB employees known to tease, insult and taunt Rodríguez

CIVIL NO. 09-1151 (JP)          -5-

    based on her physical appearance and age (a description of
    the process is further detailed in the ESI Specialist
    Report).

    GDB opposes said request for Electronically Stored Information

("ESI") as irrelevant, overbroad, and not reasonably calculated to

lead to the discovery of admissible evidence.  Specifically, GDB

argues that the requests by Plaintiffs are likely to produced

hundreds if not thousands of documents which will include irrelevant,

confidential and potentially privileged information.  Plaintiffs, on

the other hand, argue that the ESI requested includes metadata and

native format documents which, unlike hard copy print outs, provides

additional information as to reliability, chain of custody and

authenticity.

    Under FRCP 26(b)(2)(B), the Court is given the ability to limit

ESI discovery.  The rule states:

    A party need not provide discovery of electronically
    stored information from sources that the party identifies
    as not reasonably accessible because of undue burden or
    cost. On motion to compel discovery or for a protective
    order, the party from whom discovery is sought must show
    that the information is not reasonably accessible because
    of undue burden or cost. If that showing is made, the
    court may nonetheless order discovery from such sources if
    the requesting party shows good cause, considering the
    limitations of Rule 26(b)(2)(C). The court may specify
    conditions for the discovery.

    After considering the arguments and documents before the Court,

the Court determines that Plaintiffs' motion to compel as to the ESI

is hereby **DENIED**.  In its October 5, 2009 Order (No. 179), the Court

ordered the parties to provide the Court with an informative motion

CIVIL NO. 09-1151 (JP)          -6-

and an ESI Report (the "Report"). Plaintiffs were ordered to include in the informative motion a section explaining what information they anticipated finding in the native format documents and the basis for their belief that they will find such information. In the Report, the parties were ordered to provide information on the cost and time it would take to produce the ESI requested by Plaintiffs. The parties complied with the Order.

The Report was provided by Gabriel Rodríguez from Finanxial IT Consulting Services ("Finanxial"). In the Report, Finanxial stated that production of the ESI would cost around $35,000.00.[2] In a separate attachment, the parties explained how the information would be retrieved. As part of the process, GDB's counsel will perform a privilege and confidentiality review of all the records retrieved by Finanxial.

Based on this information, the Court determines that the ESI requested is not reasonably accessible because of the undue burden and cost. The Court finds that $35,000.00 is too high of a cost for the production of the requested ESI in this type of action. Moreover, the Court is very concerned over the increase in costs that will result from the privilege and confidentiality review that Defendant GDB will have to undertake on what could turn out to be

---

2.    The costs are broken down as follows: (1) $5,000.00 for the configuration and creation of the Concordance Database; (2) $20,000.00 to import the twenty-four Microsoft Outlook mailboxes that were requested by Plaintiffs; and (3) $10,000.00 for the database search and retrieval, and the final ESI Report.

CIVIL NO. 09-1151 (JP)          -7-

hundreds or thousands of documents.  The volume of such information along with the form in which the information is stored makes privilege determinations more difficult and, correspondingly, more expensive and time-consuming.  <u>Hopson v. Mayor and City Council of Baltimore</u>, 232 F.R.D. 228, 238 (D. Md. 2005).  As such, the Court determines that the ESI requested is not reasonably accessible.

However, under FRCP 26(b)(2)(B), the party requesting the information that is not reasonably accessible can still acquire the information if the requesting party shows good cause.  In the instant case, the Court finds that Plaintiffs have failed to show good cause.  In the section in the informative motion explaining what Plaintiffs expect to find from the requested ESI and the basis for their belief, Plaintiffs state that they expect to find more relevant information than that which they have found from the hard copies of the documents requested in the initial request for production of documents.  In the currently requested ESI, Plaintiffs anticipate finding communications showing discriminatory animus such as derogatory and demeaning references, exclusion from meetings, communications and work activities, and general disregard for Plaintiff Rodríguez's abilities.  The only basis for their belief that they will find such information is that there are three articles which suggest that

CIVIL NO. 09-1151 (JP)            -8-

e-mail encourages senders to write unguarded, unwise and often inappropriate comments.[3]

The Court disagrees with Plaintiffs' conclusion. Just because e-mails are more likely to lead to inappropriate comments is not a sufficient basis to believe that the ESI requested here will lead to the discovery of the information Plaintiffs claim they will discover. The Court asked Plaintiffs to provide it with the basis of their belief specifically because the Court wanted to prevent Plaintiffs from requesting the ESI for the sole purpose of conducting a fishing expedition. After considering Plaintiffs' argument, the Court determines that Plaintiffs' request is merely a fishing expedition to find out if there is any evidence that supports their claim. Discovery is not meant to serve as a fishing expedition. As such, the Court concludes that this is not good cause. Accordingly, the Court determines that Plaintiffs' motion to compel the request for production of documents number twelve is hereby **DENIED**.

**3.    Request for Production of Documents Number Fifteen**

Request for production of documents fifteen states:

The personnel files of each employee who has been assigned permanently or administratively to work in any of the same departments as Plaintiff Rodríguez for each year 2007, 2008, 2009, and until the present date.

---

3.    The three articles are: (1) <u>Dewey Partner's E-Mail Causes Upset Over Racial Insensitivity</u>, N.Y. L.J., 01/28/23004; (2) <u>Inappropriate Use of E-mail and the Internet in the Workplace: The Arbitration Picture</u>, 59 Disp. Resol. J. 26 (2004); and (3) <u>The Lewinsky Story Is a Tale Spun Out of Cyberspace and Therein Lies a Drawback of E-Mail: It's Difficult to Ever Really Delete It</u>, The Wall Street Journal, Sept. 22, 1998, at A1.

CIVIL NO. 09-1151 (JP)          -9-

Defendant GDB objects to this request because Plaintiff is basically requesting the personnel file of third parties employed in the Private Financing and Municipal Financing Department. Defendant also argues that said request is completely irrelevant to the claims in Plaintiffs' complaint. Plaintiffs respond by relying on the arguments presented in the section on interrogatories number eight, nine, seventeen, and twenty-four.

The Court agrees with Defendants. Plaintiffs have failed to articulate what information they anticipate finding in the employees files. They have not even articulated what specific part of the files they want to examine. Since Plaintiffs have failed to show that the third party employee files are relevant, the Court **DENIES** Plaintiffs' motion to compel the request for production of documents number fifteen.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of January, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE