IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICKY RODRÍGUEZ TORRES, et al.** <br><br> Plaintiffs <br><br> v. <br><br> **GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, et al.** <br><br> Defendants | **CIVIL No.** 09-1151 (JP) <br><br> TITLE VII VIOLATIONS, AGE & SEX DISCRIMINATION, TORTS <br><br> PLAINTIFF DEMANDS A TRIAL BY JURY |

**STATEMENT OF UNCONTESTED FACTS**

TO THE HONORABLE COURT:

    **COME NOW** individual defendants, Marine Comas Torres ("Comas"), Edgardo Rodríguez Nieves ("Rodríguez"), Javier Ramos Luiña ("Ramos"), Enid López López ("López"), Luis I. Alfaro Martínez ("Alfaro"), Ángel Pérez Rivera ("Pérez"), and Naphis Torres Padró ("Torres") (collectively referred as to "defendants"), through its undersigned counsel and, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56 (b), file the following statement of uncontested facts in support of their motion for summary judgment:

    1.    Vicky Rodríguez Torres ("Rodríguez" or "plaintiff") was hired by the GDB on September 3, 1996, when she was forty seven (47) years old, to work as a Corporate Credit Officer in the Treasury and Investment Department. See Amended Initial Scheduling Conference Order ("ISC Order"), Section IV at ¶¶ 2 and 4, Dkt. No. 191 at 5.

A.    <u>Javier Ramos</u>

    2.    Ramos was, at all times relevant to the Complaint, the Director of the Tourism Development Fund, and Principal Financing Officer of the GDB. See Exhibit 1, Depo. V. Rdgz. of

2

August 12, 2009, at 72, lines 20-22; Exhibit 2 at ¶ 2, Sworn statement by J. Ramos; Amended Complaint, Dkt. 95, at ¶ 27.

    3.    Javier Ramos never made any comment about plaintiff's age or gender. See Exhibit 1, Depo. V. Rdgz. of August 12, 2009, at 269.

B.    Luis Alfaro

    4.    Alfaro was, at all times relevant to the Complaint, GDB's Financing Director. See ISC Order, Section IV at ¶ 38, Dkt. No. 191 at 10.

    5.    Plaintiff's only contact with Alfaro was during a meeting held on April 4, 2008. See Exhibit 1, Depo. V. Rdgz. of August 12, 2009, at 275-277.

    6.    Alfaro never made an inappropriate, improper or discriminatory comment to plaintiff on the basis of age or gender. See Exhibit 1, Depo. V. Rdgz. of August 12, 2009, at 277-278.

C.    Enid López

    7.    Enid López was at all times relevant to the Complaint the Director of the Municipal Financing Department. See Exhibit 3 at ¶ 2, Sworn statement by E. López.

    8.    When she was transferred to the Municipal Financing Department, plaintiff remained in her work station at the Private Financing Department because there were space limitations in the Municipal Financing Department. These departments are in the same floor and relatively close to each other. See Exhibit 3, at ¶ 8, Sworn statement by E. López; Exhibit 11.

    9.    On April 18, 2008, early on after plaintiff arrived to the Municipal Financing Department, some employees from the Municipal Financing Department participated in a training session regarding governmental accounting. López informed Rodríguez that she was not invited to participate because the spaces were limited and it because was directed to accounting personnel. See

3

Exhibit 1, Depo.V. Rdgz. at 119-120; Exhibit 4, E-mail dated April 18, 2008, subject: Workshop Training Friday, April 18; Exhibit 3, at ¶ 9, Sworn statement by E. López.

10. Plaintiff did not have any accounting responsibilities. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009 at 120; Exhibit 3, at ¶ 9, Sworn statement by E. López.

11. López assigned plaintiff to collaborate with the analyst workload, amongst other tasks. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 154-155; Exhibit 3, at ¶¶ 7-8, Sworn statement by E. López.

12. On or around August 5, 2008, the Union of GDB Employees presented a grievance under Article IX of the Collective Bargaining Agreement complaining that management employees at the Municipal Financing Department were performing functions which belonged to the Union. In light of these developments, on September 12, 2008, Enid López informed Human Resources that there was very little work in the Department to assign to plaintiff, as a management employee, which would not trigger complaints by the union. See Exhibit 3 at ¶¶ 12-13, Sworn statement by E. López.

D.   Ángel Pérez

13. Ángel Pérez ("Pérez") was, at all times relevant to the Complaint, the GDB's Private Financing Department Director, but on February 8, 2007, he was administratively transferred to the Puerto Rico Tourism Company, and Ramos stayed in charge of the Private Financing Department. See ISC Order, Section IV at ¶ 36, Dkt. No. 191 at 10; Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 86-87; Exhibit 5 at ¶ 4, Sworn statement by A. Pérez.

14. On August 14, 2003, Pérez sent an e-mail to Javier Ramos, Camille Toro, Vicky Rodríguez and Vivian Mercado, with a "brain exercise". Men and people younger than plaintiff were also copied on the e-mail. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 272; Exhibit

4

6, e-mail dated August 14, 2003, subject: Brain Exercise.

E.   Marine Comas

15.   During the period from December 17, 2007 through June 30, 2008, Marine Comas ("Comas") worked as Human Resources Director for the GDB. On July 1, 2008 she returned to her position as Recruiting and Nominations Director for the GDB. See ISC Order, Section IV at ¶ 39, Dkt. No. 191 at 10.

16.   Marine Comas did not do anything that plaintiff considered discriminatory. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 281

17.   Plaintiff admits that Comas pre-qualified her for all but one of the positions plaintiff applied for. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 283.

18.   Plaintiff admits that Comas was not the one who made the hiring decisions at the GDB. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 283.

19.   Plaintiff admits that she never expressed her concern regarding her transfer to the Municipal Financing Department to Comas, and that she merely supposes Comas knew. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 281-282.

20.   Comas never made a statement to plaintiff regarding age or gender. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 284.

21.   From November 17, 2008 to December 15, 2008, Rodríguez took a vacation leave. See Exhibit 7, at ¶ 9, Sworn statement by M. Comas.

F.   Naphis Torres

22.   Naphis Torres was GDB's Human Resources Director from July 1, 2008 to December 31, 2008. See ISC Order, Section IV at ¶ 40, Dkt. No. 191 at 11.

5

23. Plaintiff made a claim of discrimination before Torres on November 7, 2008, and he said he would follow up on her claims. See Amended Complaint at at ¶ 39, Dkt. No. 95.

24. On December 2, 2008, Torres informed plaintiff that upon her return to work from her vacation, she would return to the Private Financing Department, as per her request. See ISC Order, Section IV at ¶ 28, Dkt. No. 191 at 9.

G. <u>Edgardo Rodríguez</u>

25. Rodríguez was, at all times relevant to the Complaint the GDB's Human Resources Sub-director. See ISC Order, Section IV at ¶ 41, Dkt. No. 191 at 11.

26. Plaintiff did not have any contact with Rodríguez. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 290.

27. Rodríguez did not make any discriminatory comment regarding plaintiff's age or gender. See Exhibit 1, Depo.V. Rdgz. of August 12, 2009, at 290.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 21st day of January, 2010.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Tel: (787) 765-4646; Fax: (787) 765-4611

6

**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com


**s/Erika Berríos Berríos**
**Erika Berríos-Berríos**
USDC PR No. 227312
eberrios@salawpr.com