IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br><br>Plaintiffs<br><br>v.<br><br>GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, et al.<br><br>Defendants | CIVIL No. 09-1151 (JP)<br><br>TITLE VII VIOLATIONS, AGE & SEX DISCRIMINATION, TORTS<br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

## STATEMENT UNDER PENALTY OF
## PERJURY PURSUANT TO 28 U.S.C. § 1746

I, Enid López López, of legal age, single, Municipal Financing Director of the Government Development Bank ("GDB"), and resident of Carolina, Puerto Rico, under penalty of perjury, pursuant to 28 U.S.C. § 1746, state and affirm as follows:

1. My personal circumstances are as previously stated.

2. In 2004, I began working as Director in GDB's Municipal Financing Department.

3. At the beginning of the year 2008, the Municipal Financing Department experimented immediate and pressing personnel needs which arrive after the first wave of Act 188's Early Retirement Plan took place.



4. When the first wave of retirees under the Early Retirement Plan took effect, the Municipal Financing Department lost more than half of it personnel, at the same time that its workload increased because of Bank activity directly involving the Department.

5. Consequently, from April 7, 2008 to December 12, 2008, Vicky Rodríguez ("Rodríguez") was administratively transferred ("destaque") to the Municipal Financing Department

-2-

under my supervision. Throughout this time, she retained her position as Account Executive in the Private Financing Department.

6. On April 4, 2008, I met with Rodríguez, José Chaves ("Chaves"), Director of GDB's Labor Relations, Marine Comas, Human Resources Director, and Luis Alfaro ("Alfaro"), GDB's Financing Director to discussed with her the nature of Rodríguez' transfer. We explained to Rodríguez that the transfer was on a temporary basis and that she would be collaborating in various matters depending on the demands of the Department.

7. Once in the Municipal Financing Department, Rodríguez was assigned to collaborate in various matters as needed. As things began to settle, it became evident that the Analysts needed support and I asked Rodríguez to assist in that area.

8. When Rodríguez was transferred to the Municipal Financing Department all the offices in this department were occupied and she remained in her work area at the Private Financing area. One of the offices was occupied by José Feijoo, since November 2007, when he was assigned to work at the Municipal Financing Department with several duties, particularly with the issue of the Municipal Finance Agency bonds ("MFA"). The Private Financing Department and the Municipal Financing Department are in the same floor and relatively close to each other.



9. On April 18, 2008, early on after Rodríguez arrived to the Municipal Financing Department, some employees from the Municipal Financing Department participated in a training regarding governmental accounting. I informed Rodríguez that she was not invited to participate because the spaces were limited and it was directed to accounting personnel and she did not have any accounting responsibilities.

10. The Municipal Congress of 2008, was an activity organized by the Governor of

-3-

Puerto Rico. Some of the Municipal Financing Department employees were invited by the Governor. This was an activity organized by external people and the GDB does not have any type of control regarding the people invited to participated in it.

11. On April 23, 2008, Rodríguez requested access to the system that the Municipal Financing Department Analysts used. On this same date, I requested the GDB's Security Department grant the access as requested. On April 24, 2008 the requested access was granted. Rodríguez did no have access to this system before because she did not require it for the work she had been performing.

12. On August 5, 2008, the Union of GDB Employees presented a grievance under Article IX of the Collective Bargaining Agreement complaining that management employees at the Municipal Financing Department were performing functions which belonged to the Union. Apparently, this was in part because of the assistance Rodríguez had been providing to the Analysts.

13. In light of these developments, on September 12, 2008, I informed Human Resources that there was very little work in the Department to assign to Rodríguez as a management employee which would not trigger complaints by the Union. Until November 14, 2008, I gave follow up to the Human Resources staff of Rodríguez status at the Municipal Financing Department.

14. Rodríguez did not apply for the position number 0370, Account Executive for the Municipal Financing Department. This position was granted to José Feijoo ("Feijoo"). As of November 2007, Feijoo had been assigned to work at the Municipal Financing Department performing several duties with particularly attention to the issue of the Municipal Finance Agency bonds ("MFA").

15. The Inspection and Control Specialist posting was taken out of effect because of

-4-

issues with the GDB union. I was the hiring director for this position but no one was interviewed of hired.

16. On August 29, 2008, Rodríguez applied for the position number 4000, Executive for Special Projects. The position required close work with municipalities and their financial and socioeconomic projects and macroeconomics analysis.

17. I interviewed Rodríguez for the Executive of Special Projects position. Although she was a qualified person, Miguel Deynes was more qualified because of his experience with complex socioeconomic studies and municipal finance and macroeconomic analysis. Since June 1985, when he joined the GDB he was working with Economic Studies. Rodríguez does not had experience in macroeconomic analysis.

18. As her supervisor, I never took any adverse employment action against Rodríguez on the basis of her age, sex or any other discriminatory reason. I have never witnessed any conduct on the part of Rodríguez' co-workers or supervisors which would lead me to believe she was being discriminated or "at risk of injury". Moreover, Rodríguez never brought any complaint of this nature to my attention.

19. Nonetheless, as a Municipal Financing Director, I declare that any action taken regarding Rodríguez was justified and made on the basis of legitimate non discriminatory business reasons. Also, in compliance with my supervisory duties, I always complied with the GDB's anti-discrimination policies. As a matter of fact Rodríguez never complained to me of discriminatory treatment or hostile work environment.



20. As to the comment about the wrinkles referenced by Rodríguez, I was referring to my own.

-5-

I, Enid López López, declare under penalty of perjury under the laws of the United States of America that all of the foregoing is true and correct to the best of my personal knowledge.

WHEREFORE, I subscribe the present statement in San Juan, Puerto Rico, on this 15th day of January 2010.

Enid López López