IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al. | |
| Plaintiffs | CIVIL No. 09-1151 (JP) |
| v. | TITLE VII VIOLATIONS, AGE & SEX DISCRIMINATION, TORTS |
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, et al. | PLAINTIFF DEMANDS A TRIAL BY JURY |
| Defendants | |

**DEFENDANTS' RULE 54(D) MOTION FOR COSTS AND MEMORANDUM OF LAW IN SUPPORT THREOF**

TO THE HONORABLE COURT:

**COME NOW** defendants the Government Development Bank ("GDB" or "the Bank"), Marine Comas Torres ("Comas"), Edgardo Rodríguez Nieves ("Rodríguez"), Javier Ramos Luíña ("Ramos"), Enid López López ("López"), Luis I. Alfaro Martínez ("Alfaro"), Ángel Pérez Rivera ("Pérez")and Naphis Torres Padró ("Torres") in his official capacity, (collectively referred to as "defendants"), through the undersigned counsel and pursuant to Rule 54(d) of the Federal Rule of Civil Procedure and Local Rule 54(b) of the United States District Court for the District of Puerto Rico, file the instant motion for costs as follows.

## I.  INTRODUCTION

On February 23, 2010, this Honorable Court entered summary judgment in favor of the appearing defendants, pursuant to Rule 56 of the Federal of Civil Procedure. See Dkt. No. 267.  As the prevailing parties, Defendants are entitled to recover costs incurred in the instant litigation  as envisioned by Rule 54(d) of the Federal Rules of Civil Procedure and D.P.R. Local Rule 54(b). Thus, Defendants hereby submit their bill of costs, an itemized list of costs and expenses, sworn verification of these costs, and memorandum of law in support of the same.

2

## II. DISCUSSION

Rule 54 of the Federal Rules of Civil Procedure provides that: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...". Fed. R. Civ., R. 54(d).

Said rule bestows discretion on the Court to grant costs to the prevailing party. See In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956, 962 (1st Cir. 1993). This discretion, however, operates in the framework of a longstanding presumption favoring costs recovery for prevailing parties. See id. The presumption emanates from the rule's language: "costs shall be allowed as of course". See Fed. R. Civ., R. 54(d). Thus, the award of costs to the prevailing party is the norm, and not the exception. See Delta Airlines Inc. v. August, 450 U.S. 346, 352 (1981).

Congress has filled the void resulting from Rule 54(d)'s failure to define the term "costs" by enumerating the types of expenses that a federal court "may tax as costs." See 28 U.S.C. § 1920.8; Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987) (holding that "section 1920 defines the term 'costs' as used in Rule 54(d)"). In its relevant part, said section provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1)    Fees of the clerk or marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)    Fees and disbursement for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)     Compensation of Court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

It is well settled that a prevailing party "ordinarily is entitled" to recoup the costs enumerated in section 1920.  See Castro v. United States, 775 F.2d 399, 410 (1st Cir.1985). Defendants, as the prevailing parties, are therefore entitled to the costs hereby requested inasmuch as they fall well within the purview of Rule 54(d) and 28 U.S.C. § 1920.

## III.  SPECIFIC REQUESTS FOR COSTS

1.     *Translations:*

Local Rule 5(g) for the United States District Court for the District of Puerto Rico mandates that all documents presented or filed in the Court which are not in the English language, be accompanied by an English translation properly certified by a Court Interpreter.  See D.P.R. Local Rule 5(g).  The costs incurred by the Defendants in order to comply with the Local Rules of the Court were a necessary and unavoidable expense in preparing and filing its successful motion for summary judgment, and fall well within the purview of 28 U.S.C. § 1920(6).  To that extent, Exhibits 7, 8, 9, 10, 12, 13, 14, 15, 17, 18 and 20 were used in support of Defendant's motion for summary judgement and needed to be translated in advance of filing the same in order to comply with the Court's ISC Order.

Additionally, on August 27, 2009 defendants filed a Motion for Protective Order which was granted by the Court on reconsideration on December 9, 2009.  See Dkt. No. 125, 173 and 226. This discovery motion was necessary in order to defend against plaintiff's unauthorized extraction of documents from the Bank.  In support of this motion, defendant filed the GDB's Worplance and Ethics policy, which needed to be translated in compliance with the Court Local Rule 5(g).  See Dkt. No 140.

4

Pursuant to the clear language of section 1920(6), the Court should allow the recovery of the costs incurred for the translation of documents in the case at bar. In fact, it is the policy of the Office of the Clerk to allow the costs of translating to the English language of all documents filed with the District Court. See Taxation Cost Guidelines of the District Court for the District of Puerto Rico. However, it is necessary for the claimant of costs to identify the documents translated, including copy of the invoice, translator's name, title/name of documents, number of pages and cost per page.

Following the Clerk's Guidelines, an itemized table containing the required information is included in Part IV of this Motion.

**2.    *Depositions*:**

Section 1920(2) permits taxation of costs for the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The cost of transcribing depositions fits within the meaning of this subsection. See, Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir. 1988) (stating that taking and transcribing depositions fall within the ambit of section 1920(2)); Templeman v. Chris Craft Corp., 770 F.2d 245 (1st Cir. 1985) citing 28 U.S.C. §1920(2) as permitting taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."); See also Allen v. United States Steel Corp., 665 F.2d 689, 697 (5th Cir.1982); Sun Ship, Inc. v. Lehman, 655 F.2d 1311, 1318 n. 48 (D.C. Cir.1981); Economics Laboratory, Inc. v. Donnolo, 612 F.2d 405, 411 (9th Cir.1979); SCA Services, Inc. v. Lucky Stores, 599 F.2d 178, 181 (7th Cir.1979); Keyes v. School District No. 1, 439 F.Supp. 393, 417 (D.Colo.1977); Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir.1983). It is the policy of the Office of the Clerk to allow as taxable the costs of those depositions, including the cost of transcribing the deposition, used in connection with a successful motion for summary judgment. See Taxation Cost Guidelines of the District Court for the District of Puerto Rico.

5

In the case at bar, Defendants took the deposition of both plaintiffs as a necessary measure to prepare an adequate defense. The taking of a plaintiff's deposition is certainly a reasonable and necessary step in the preparation of any defendant's case. See Papas, 849 F.2d at 704 (citing to Re Puerto Rico Electric Power Authority, 687 F.2d 501, 507 (1st Cir.1982)).  Moreover, substantial portions of Vicky Rodríguez' deposition were used in Defendants' successful motion for summary judgement.

In addition, in compliance with the Court's ISC Order, Defendants took the depositions of Plaintiff's expert witness José A. Franceschini Carlo, Plaintiff's physician Suzette Rivera and Plaintiff's psychiatrist,  Jorge Sánchez which were announced as Plaintiff's witnesses in her Initial Scheduling Conference Memorandum.  All of these depositions were vital in the preparation of an adequate defense for Defendants, particularly as related to Rodríguez' claim for damages. The transcripts of these depositions were necessarily obtained for use in the case at hand and, as such, Defendants respectfully submit that the costs incurred in the taking of the same are taxable under Fed. R. Civ. P. 54(d). See Part IV of this Motion for the expenses related to these depositions.

**3.**   *Expert Fees***:**

In Crawford Fitting Company v. J.T. Gibbons, 482 U.S. 437 (1987), the Supreme Court held that a federal court is bound by the limits of 28 U.S.C. § 1821 when considering expert witness fees as court costs, absent contractual or explicit statutory authority to the contrary.  To this effect, the present Complaint was brought under Title VII.  The remedial provision of which provides that "[i]n any action or proceeding under this title the court, in its discretion may allow the prevailing party . . . a reasonable attorney's fee (including *expert fees*) as part of the costs . . . ."  42 U.S.C. § 2000e-5(k).  Accordingly, Defendants respectfully requests that the court allow the taxation of the expert fees incurred in its own expert witnesses, Dr. Haydee Costas, psychiatric expert, necessarily incurred

in defending against Plaintiff's allegations of emotional and monetary damages as well as the expert fee paid to Plaintiff's psychiatric expert, Dr. José A. Franceschini Carlo, for the taking of his deposition.   Both the taking of Dr. Franceschini's deposition and the expenses related to the submission of Dr. Costa's report on October 9, 2009, were necessary to the defense of the case and made in compliance with the Court's ISC's order.

**4.**      *Witness Fees:*

Under Rule 54(d) the fees of witnesses are proper items of cost to be taxed in favor of the prevailing party.  See Fed. R. Civ. P. 54(d); Crawford Fitting Co. v. J,T, Gibbons, 482 U.S. 437 (1987). The Court should therefore allow the costs of the witness fee disbursed to Dr. Jorge Sánchez Cuevas and Dr. Suzette Rivera, which were announced as Plaintiff's witnesses in her Initial Scheduling Conference Memorandum.  In addition, their depositions were necessarily obtained in connection with defending against Plaintiff's allegations, trial preparation and compliance with this Court's discovery deadlines.

**5.**      *Copies:*

Fees for copies of papers necessarily obtained for use in the case are taxable.  See 28 U.S.C. § 1920(4); See also Rodríguez-García v. Dávila, 904 F.2d 90 (1st Cir 1990) (refusing to adopt a narrow interpretation of this provision).  This item includes exemplification of documents introduced into evidence in lieu of the original, as well as documents necessarily notified, filed and/or served and which are reasonably necessary for the maintenance of the action.

It should be noted that in the process of discovery in the case at bar, Defendants were forced to seek Plaintiff's medial records in order to prepare an adequate defense against Plaintiff's allegation for damages.  Accordingly, the Court should tax the copies of exemplification and certification of Plaintiff's medical records with Dr. Jorge Sánchez, Dr. Suzette Rivera, Dr. María

Ramos, Dr. Priscilla Mieses, Dr. Lucy López, Dr. Carlos Fraga, Dr. Ivonne Fraga, Dr. Juan Medina, Dr. Nesto Colón, Dr. Lucy Lopez Roig, Dr. Roberto F. Hunter, Dr. José Montañez.  As previously mentioned, these documents were necessary and vital in the preparation for an adequate defense against Plaintiff's allegations for alleged emotional distress and mental anguish.

In addition, the exemplification and certification of plaintiff's medical records with Hosp. Panamericano, Coperativa de Seguros de Vida de Puerto Rico (COSVI) and Puerto Rico's State Sewer Department (ACAA) are also taxable given that they were necessarily obtained to defend against that Plaintiff's allegations of damages.

Defendants' request for production of the above medical records were also obtained in an expedite fashion in order to comply with the time-frame set forth by this Court in the "AISC".

## IV.  ITEMIZED LIST OF COSTS AND EXPENSES

Costs for Certified Translations:  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$ 678.63**

Translation of documents including Exhibits submitted in support of Defendants' motion for summary judgement. (Exhibit A-1)

11/17/09:  Translations by Mayra Cardona . . . . . . . . . . . . . . . . . . . . . . . $402.15

Exhibit 14: chain of e-mails regarding union complaint

– 803 words @ 15¢ per word= $120.45

Exhibit 15: E-mail from E. López to N. Torres dated 11/14/08

– 889 words @ 15¢ per word= $133.35

Exhibit 7: E-mail from L/ Alfaro to J. Irizarry dated 8/6/08

--129 words @ 15¢ per word =$19.35

Exhibit 13: E-mail from E. Nieves to E. López dated 8/6/08

--130 words @ 15¢ per word = $19.50

Exhibit 12: E-mail from E. López t/ V. Rodríguez dated 4/14/08

--111 words @ 15¢ per word = $16.65

Exhibit 10: E-mail from L. Alfaro to M. Comas and J. Chaves dated 4/7/08

--110 words @ 15¢ per word = $16.50

8

Exhibit 8: Letter from M Comas to V. Rodríguez dated 4/3/08

--103 words @ 15¢ per word = $15.45

Exhibit 20: Special Programs Director

--406 words @ 15¢ per word = $60.90

12/31/09:  Translations by Mayra Cardona . . . . . . . . . . . . . . . . . . . . . . . . $63.00

Exhibit 18: E-mail from M. Comas to E. Rodríguez dated 8/13/08

--186 words @  15¢  per word = $27.90

Exhibit 9: E-mail from M. Comas to V. Rodríguez dated 4/4/08

-- 234 words @ 15¢ per word = $35.10

1/13/10 Translations by Mayra Cardona . . . . . . . . . . . . . . . . . . . . . . . . . $ 63.00

Exhibit 17: EEO policy

-- 420 words @ $.15 per word = $63.00

Translation of documents in support of a successful motion requesting protective

order (Exhibit A-2)

9/4/09: Translations by Edie Nuñez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $150.48

GDB Workplace and ethics policy

--836 words @ 18¢ per word = $150.48

Transcription Cost of Depositions:  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$5,378.45**

(Exhibit B)

– Deposition of expert witness José Franceschini 9/14/09 . . . . . . . . . . . $821.20

– Deposition of Vicky Rodriguez & Luis Maldonado 9/17/09  . . . . . .  $3,367.45

– Deposition of Dr. Suzette Rivera & Dr. Jorge Sánchez 9/30/09 . . . . $1, 189.80

Expert Fees:  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$7,250.00**

(Exhibit C)

- Dr. Haydée Costas Defendants' psychiatric expert witness

10/4/09 Retainer fee and preparation of Expert Witness Report . . . $6,000

- Dr. José A. Franceschini Carlo

8/31/09 Expert Witness Fee for Deposition . . . . . . . . . . . . . . . . . . . $1,250

<u>Witness Fees</u>: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$84.68**

(Exhibit D)

    - Witness Fee for Deposition of Dr. Jorge Sánchez Cuevas . . . . . . . . . . $42.34

    - Witness Fee for Deposition of Dr. Suzette Rivera . . . . . . . . . . . . . . . . $42.34

<u>Fees for Copies</u>: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .**$477.25**

(Exhibit E)

    –  Reproduction and certification of plaintiff's medical record with

        Dr. Jorge Sánchez (V. Rodríguez) . . . . . . . . . . . . . . . . . . . . . . . . . $25.00

        (L. Maldonado) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $20.00

        Dr. Suzette RiveraV. Rodríguez) . . . . . . . . . . . . . . . . . . . . . . . . . . $50.00

        (L. Maldonado) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25.00

        Dr. María Ramos . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$25.00

        Dr. Priscilla Mieses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25.00

        Dr. Lucy Lopez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25.00

        Dr. Roberto F. Hunter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $115.00

        Dr. José Montañez . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $11.25

        Dr. Nesto Colón . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25.00

        Dr. Juan Medina . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$25.00

        Dr. Ivonne Fraga . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25.00

        Dr. Carlos Fraga . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5.00

        Panamericano Hospital . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $21.00

        COSVI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $40.50

        ACAA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $14.50

**TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$13,869.01**

        **WHEREFORE**, Defendants, Government Development Bank ("GDB" or "the Bank"),

Marine Comas Torres ("Comas"), Edgardo Rodríguez Nieves ("Rodríguez"), Javier Ramos Luiña

("Ramos"), Enid López López ("López"), Luis I. Alfaro Martínez ("Alfaro"), Ángel Pérez Rivera

("Pérez")and Naphis Torres Padró ("Torres") in his official capacity, respectfully request that this

10

Honorable Court grant the request for reimbursement of costs necessarily incurred in defending this litigation, totaling **$13,869.01** in favor of defendants.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 9th day of March, 2010.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court  using the CM/ECF system.  Notice of this filing will be sent to all parties. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Tel: (787) 765-4646
Fax: (787) 765-4611


**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com

H:\PLEGAL\YHV\GDB\Vicky Rodríguez\Motion for Costs.wpd