IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al.<br>Plaintiffs<br>v.<br>Government Development Bank P.R., et al.<br>Defendants | **CIVIL No. 09-01151-JP**<br><br>TITLE VII AGE & GENDER DISCRIMINATION, TORTS<br><br>TRIAL BY JURY |

### RULE 59(e) MOTION TO VACATE ORDER, RE: DOC.# 278 - GRANTING DEFENDANTS' (GDB) [272] MOTION FOR ATTORNEYS' FEES

**TO THE HONORABLE COURT**:

All plaintiffs, through the undersigned counsel, and pursuant to **Fed. R. Civ. P. 59(e)**, and state as follows:

**1.** On April 12th, 2010, this Court granted - **Doc.# 278** - GDB's post-judgment motion for attorney's fees, **Doc.# 272**.

**2.** In issuing **Doc.# 278**, the Court considered Plaintiffs' purported litigation behavior as imputed by GDB, for conduct which occurred as early as June, 2009, and for which GDB sought redress for the first time on March 9th, 2010, in **Doc.# 272**. Moreover, Plaintiffs' conduct which this Court found offensive relates to Plaintiffs' filing of several motions, which the Court has ruled on against Plaintiffs, and which Plaintiffs are now taking up for review by the 1st Circuit Court of Appeals. See: Plaintiffs' *Notice of Appeal*, **Doc.# 270**, and *USCA Case Number 10-1441*, **Doc.# 277**.

3. Plaintiffs submit to the Court that GDB's abrupt condemnation of Plaintiffs' litigation behavior is untimely - besides standing on shaky grounds on the merits, at best. Moreover, it lends itself to confusion and the inefficiency resulting from having both the district court and appellate court adjudicating on the same issues, simultaneously. Also, this Courts Order as set forth in **Doc.# 278** effectively not only sanctions Plaintiffs, but it also stands as a threat against Plaintiffs for planning to take on an appeal that this Court considers to be frivolous, with the concomitant dangerous chilling effect it potentially has against Plaintiffs, by deterring Plaintiffs from exercising their right to appellate review of the District Court's rulings. Furthermore, to allow **Doc.# 278**'s Order to stand, encroaches upon the jurisdiction of the 1st Circuit Court of Appeals, improperly influences the outcome of the appellate review, and impinges on matters which already are under the proper consideration of the Appellate Court. See: **_Webster v. Sowders_**_, 846 F.2d 1032, 1040 (6th Cir., 1988)_.

*"Just as it appears clear that a trial judge cannot sanction a party or lawyer for taking an appeal, we do not believe that it is proper here for the District Judge to threaten to sanction the defendants or their attorney for filing a motion to stay his order pending appeal on the grounds that the underlying appeal is frivolous. The only purpose of such threat is to prevent an appeal. Appeals of district court orders should not be deterred by threats from district judges."*.

4. In any event, Plaintiffs also submit to the Court that its Order as set forth in **Doc.# 278**, summarily granting GDB's **Doc.# 272**, offends Constitutional

principles of Due Process of Law, guaranteed by the **V<sup>th</sup> Amendment to the United States Constitution**.

5. Due process requires that, before a § 1927 award is imposed, offending counsel be afforded fair notice and an opportunity to be heard. See: **Roadway Express v. Piper, 447 U.S. 752, 767 (1980)**. "*Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record*". A § 1927 award may not be imposed upon a lawyer who is not on notice of: **(a)** the fact that such an award is under consideration by the District Court, and **(b)** the reasons why it is under consideration. See: **Eash v. Riggins Trucking, Inc., 757 F.2d 557, 570-571 (3rd Cir., 1985)**. Due process required this Court to: **(a)** give Plaintiffs notice that it was considering the imposition of costs against them; **(b)** informed Plaintiffs of the grounds for such imposition; **(c)** give Plaintiffs the opportunity to explain the basis for their opposition; and **(d)** a hearing. See: **In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 118 (2nd Cir., 2000)**.

6. **WHEREBY**, for all of the above, Plaintiffs pray this Honorable Court: **VACATE** its ORDER as set forth in **Doc.# 278**.

**Respectfully submitted in San Juan, Puerto Rico, this 4th day of May, 2010.**

| | |
|---|---|
| S/William E. Meléndez | S/Miguel A. Cuadros |
| William E. Meléndez | Miguel A. Cuadros |
| USDC PR No. 226902 | USDC PR No. 114814 |
| CUADROS & CUADROS | CUADROS & CUADROS |

| | |
|---|---|
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 410 Park Avenue 15th Floor, Suite # 1223 | 701 Ponce de León Avenue Suite # 215 |
| New York, New York 10022 | San Juan, Puerto Rico 00907 |
| Tel. (718) 725-7387 | Tel.(787)725-2652 |
| We.Melendez@e-Lex.us | macuadros@cuad-law.com |

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of interest.

**IN San Juan, Puerto Rico, this 4th day of May, 2010.**

| | |
|---|---|
| S/William E. Meléndez | S/Miguel A. Cuadros |
| William E. Meléndez | Miguel A. Cuadros |
| USDC PR No. 226902 | USDC PR No. 114814 |
| | |
| CUADROS & CUADROS | CUADROS & CUADROS |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| 410 Park Avenue 15th Floor, Suite # 1223 | 701 Ponce de León Avenue Suite # 215 |
| New York, New York 10022 | San Juan, Puerto Rico 00907 |
| Tel. (718) 725-7387 | Tel.(787)725-2652 |
| We.Melendez@e-Lex.us | macuadros@cuad-law.com |