## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICKY RODRÍGUEZ TORRES, et al. | |
| Plaintiffs | CIVIL No. 09-1151 (JP) |
| v. | TITLE VII VIOLATIONS, AGE & SEX DISCRIMINATION, TORTS |
| GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, et al. | PLAINTIFF DEMANDS A TRIAL BY JURY |
| Defendants | |

### MOTION FOR RECONSIDERATION

**TO THE HONORABLE COURT:**

**COMES NOW** the Government Development Bank ("GDB" or "the Bank"), through the undersigned counsel and respectfully, states, alleges and prays as follows:

1. On March 9, 2010, defendants filed a motion for the imposition of attorney's fees against plaintiffs and their attorneys of record. See Dkt. No. 272. Plaintiff did not file an opposition to the aforementioned motion nor did they request an extension to do so. On April 12, 2010, this Honorable Court granted defendants' motion for attorneys' fees and ordered plaintiffs to pay defendants the amount of $41,416.25. See Dkt. No.278.

2. On May 4, 2010, plaintiff filed a motion to vacate this Honorable Court's order of April 12, 2010, under Rule 59(e) of the Federal Rules of Civil Procedure and on May 10, 2010 defendants filed an opposition to the same. See Dkt. Nos. 281 and 283. However, on May 10, 2010, plaintiffs and their attorneys filed two Notice of Appeals in connection to the April 12 order. See Dkt. Nos. 284 and 285. On that same date, plaintiffs also filed a Notice of Compliance incorrectly stating that by filing the Notices of Appeals they had "divested this Honorable Court jurisdiction

-2-

over Dkt. 278 pending the outcome of the appellate review by the First Circuit Court of Appeals."

See Dkt. No. 286.

      3.      On May 17, 2010, defendants filed a "Motion for Execution of Order and Alternative Motion for Supersedeas Bond." See Dkt. No. 287.  Essentially, defendants informed the Honorable Court that plaintiffs had not complied with the April 12 order nor withdrawn their Motion under Rule 59 (e).  On December 1, 2010, defendants filed a "Second Motion for Execution of Order and Alternative Motion for Supersedeas Bond".  See Dkt. No. 303.

      4.      On January 18, 2011, this Honorable Court entered an order granting plaintiff's Motion  to Vacate the Court's opinion and order granting defendants' motion for attorney's fees, Dkt. No 278.  Essentially, this Honorable Court stated that defendants "filed their motion for attorney's fees prior to the disposition of Plaintiffs' appeal" and pursuant to Local Rule 54(a), "[d]efendants' original motion for attorney's fees has no effect."  See Dkt. No. 304.  For the reasons stated below, the GDB hereby request this Honorable Court to reconsider said order:

**DISCUSSION**

      In their motion for attorney's fees defendants sought recovery of attorney's fees as related to various aspects of plaintiff's case.  Specifically, (1) the vexatious and wanton discovery conduct displayed by plaintiffs' counsels discovery conduct; (2) plaintiffs' wage discrimination claim; (3) plaintiffs' section 1983 claim; and (4) the claims against the individual defendants in their individual capacities.  Defendants' argument was twofold, inasmuch as it was supported by two separate theories of recovery:  the "American Rule" and 28 U.S.C. § 1927.  Pursuant to the former, plaintiffs are responsible for the payment of the attorney's fees, while, under the latter it their counsels who

−3−

would be made to bear such a burden.  As can be noted, defendants requested the recovery of attorneys' fees as a sanction to plaintiffs and their counsel vexatious and wanton conduct.[1]

It is important to note that the Opinion and Order granting defendants' motion requesting attorneys' fees specifically stated that plaintiffs "unreasonably multiplied the proceedings" in the case; that "plaintiffs behavior of hiding information, such as her previous lawsuits and the doctors who had previously treated her, is inexcusable and directly contradicts the goals of the Federal Rules of Civil Procedures"; that plaintiffs "unreasonably disregarded" the court's order related to third party subpoenas and "issued the unauthorized subpoenas"; that plaintiffs filed a Motion in *Limine*, to which defendants had to oppose, "without foundation"; that plaintiff's failure to "even attempt to present evidence of their wage discrimination claims shows that the claim was completely baseless"; that "[p]laintiffs brought Section 1983 claims and again failed to provide any evidence to support said claims"; and that the "ADEA and Title VII claims brought against the individual defendants" were groundless inasmuch that the "ADEA and Title VII do not provide for individual liability.  Moreover, plaintiffs **failed to even oppose the arguments put forth by Defendants in their motion summary judgment**."  See Dkt. No. 278, at 6, 8, 10-12 (emphasis added).  As can be noted, the imposition of attorney's fees was as a sanction for plaintiffs and their counsel vexatious conduct and is not necessarily related to the merits of the summary judgment.

It is well established that unless there is a "statute or enforceable contract providing therefor"a prevailing party is prohibited from requiring the losing party to pay for attorneys' fees.

---

[1] It should noted that on January 25, 2010, prior to the disposition of the motion for summary judgment, this Honorable Court ordered plaintiffs to pay for defendants' reasonable expenses in preparing their Motion to Compel of December 17, 2009, Dkt. No. 227, including attorney's fees.  On February 9, 2010, defendants submitted the expenses and attorneys' fees related to the aforementioned motion in the amount of $1,025.11.  After considering defendant's motion for the imposition of attorney's fees filed on March 9, 2010, Dkt. No. 272, this Honorable Court granted said expenses and attorney's fees and included them in the total amount granted in Dkt. No. 278, to wit, $41,416.25

– 4 –

Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967).  Notwithstanding, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NAC, Inc., 501 U.S. 32, 45-46 (1991).  Also, "a Court may assess attorney's fees as a sanction for the willful disobedience of a court order." Id. at 45.

Although Local Rule 54(a) specifically states that "[a] claim for fees filed before the final disposition of any appeal shall have no effect and a new application must be filed within the time prescribed herein", it is well established that "while the district court does not have unbridled discretion to ignore the local rules, it enjoys a "considerable latitude in applying local procedural rules ... and in departing from them. . . . [w]e generally will not disturb the district court's departure from its local rules so long as there is sound reason for the departure and no party's substantial rights have been unfairly jeopardized." García Goyco v. Environmental Consultants, Inc., 428 F. 3d 14, 19 (1st Cir., 2005) (citing United States v. Díaz-Villafañe, 874 F.2d 43, 46 (1st Cir. 1989)).

To this effect, in Reyes Cañada v. Rey Hernández, 411 F. Supp. 2d 53 (D.P.R., 2006), the Court specifically stated that Local Rule 54(a) did not preclude the Court from ruling on the attorney fees petition.  Specifically, the Court found that "defendants will not be prejudiced by a ruling on attorney's fees, [because t]he Court will not order that any award be payable until the appeal process concludes". Id. at 55.

We respectfully submit that the same reasoning applies in the present case.  Plaintiffs and their counsels' conduct demands the imposition of sanctions.  Moreover, a review of the reasons behind such sanctions demonstrate they are not contingent on the merits of the appeal.  Even if the First Circuit Court of Appeals were to reverse the grant of summary judgment, such  reversal will not have any impact on the District Court's decision regarding plaintiff's vexatiousness.  The fact

−5−

remains that plaintiffs violated various Court orders and abused the discovery process regardless of the final disposition of their case.  See Dkt. No. 278.  Inasmuch, as this Honorable Court can order that no execution shall be made until the resolution of the Appeal, we respectfully request to this Court, reconsider its January 18, 2011 order, Dkt. No. 304, and reinstate its order in Dkt. No. 278, pending the resolution of the appeal process.

We submit to the Court the GDB has already been forced to bear substantial costs related to plaintiffs undue multiplication of proceedings.  In the absence of an abuse of discretion, Judge Pieras' resolution of a matter with which he became painfully familiar during the course of proceedings in this case should not be vacated to the continued prejudice of the GDB.  Plaintiffs were already afforded the opportunity to defend against the propriety of these sanctions, yet failed to do so.  Therefore, they have waived their right to raise said objections at a later stage of the proceedings including after decision on the matters currently pending appeal.  See Medina v. Metropolitan Life, Inc., 588 F.3d 41 (1st Cir., 2009); Lugo Velázquez v. Stiefel Labs., Inc., 522 F.3d 96 (1st Cir. 2008).  We respectfully submit that there are good reasons for the court's departure from Local Rule 54(a) and that the District Court's finding should not be vacated.  If anything a stay of execution should be sufficient.

**WHEREFORE**, the GDB respectfully request to this Honorable Court that reconsider its January 18, 2011 order, Dkt. No. 304, and reinstate its order in Dkt. No. 278, pending the resolution of the appeal process.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 1st day of February, 2011.

– 6 –

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Tel: (787) 765-4646; Fax: (787) 765-4611


**s/Mariela Rexach-Rexach**
**Mariela Rexach-Rexach**
USDC PR No. 214110
mrexach@salawpr.com


**s/Erika Berríos Berríos**
**Erika Berríos-Berríos**
USDC PR No. 227312
eberrios@salawpr.com
