IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Vicky Rodríguez Torres, *et al.*<br><br>    Plaintiffs<br><br>             v.<br><br>Government Development Bank for Puerto Rico, *et al.*<br><br>    Defendants | Civil No. 09-1151 (JAF)<br><br>Tittle VII Violations, Age & Sex Discrimination, Torts |

### WRIT OF EXECUTION

| | |
|---|---|
| THE UNITED STATES OF AMERICA | ) |
| THE PRESIDENT OF THE UNITED STATES | )    SS |
| THE COMMONWEALTH OF PUERTO RICO | ) |

**TO THE UNITED STATES MARSHAL**

The Honorable José Antonio Fusté, United States District Judge, entered an Order for Execution in this case dated December 21, 2012, See Docket No. 327, granting the GDB's Motion for Execution of Payment of Costs, which read as follows:

### ORDER

Before the Court is the Government Development Bank's ("the GDB") Motion for Execution of Orders and Request for Issuance of Writ of Execution, Docket No. 321. For the reasons stated below, the same is granted. On February 23, 2010, the Court entered a summary judgment in favor of the defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure. On March 9, 2010, defendants filed a motion for the imposition of attorney's fees against plaintiffs and their former attorneys of record Miguel A. Cuadros-Pesquera and William E. Meléndez-Menéndez. On that same date plaintiff filed a Notice of Appeal as to the Final Judgment and other discovery motions. Plaintiffs did not file an opposition to defendant's motion for attorney's fees nor did they request an extension to do so. On April 12, 2010, the Court granted defendants' motion for attorneys' fees and ordered plaintiffs to pay defendants the amount of $41,416.25. On May 4, 2010, plaintiff filed a motion to vacate this Honorable Court's order of April 12, 2010, under Rule 59(e) of the Federal Rules of Civil Procedure and on May 10, 2010 defendants filed an opposition to the same.

-2-

On January 18, 2011, the Court entered an order granting plaintiff's Motion to Vacate the Court's opinion and order granting defendants' motion for attorney's fees. In the aforementioned Order we stated that defendants "filed their motion for attorney's fees prior to the disposition of Plaintiffs' appeal" and pursuant to Local Rule 54(a), "[d]efendants' original motion for attorney's fees has no effect."

On March 7, 2012, the U.S. Court of Appeals entered a Judgment affirming this Court Final Judgment and, subsequently, the mandate was issued to this Court and costs were taxed against plaintiffs in the amount of $935.90. On March 21, 2012 defendants' filed a motion requesting the reinstatement of the Order granting defendant's requests for attorney's fees. On March 27, 2012, the Court granted defendants request for attorney's fees in the rounded amount of $30,000 against plaintiffs, Cuadros and Meléndez. Finally, on April 10, 2012 the Clerk of this Court taxed costs in the amount of $6,549.04 against plaintiffs. As of this date, however, neither plaintiffs nor Cuadros and/or Meléndez have complied with the Court's order to pay defendants the aforementioned attorney's fees. Also, plaintiffs have neither comply with the U.S. Court of Appeals order regarding taxation of costs in favor of defendants for the amount of $935.90 and this Court's Clerk taxation of costs against plaintiffs in the amount of $6,549.04. Accordingly, pursuant to 28 U.S.C.A. 1961 plaintiffs, Cuadros and Meléndez owed defendants $30,000 plus the post judgment interests accrued since the date of the order granting requests for attorney's fees. Plaintiffs owed defendants $30,000 for attorney's fees plus $935.90 for costs in appeal and $6,549.04 for costs before this Court and the accrued interests.

On December 13, 2012 the GDB requested the execution of pending monetary orders and sanctions. Plaintiffs nor Cuadros and/or Meléndez have file an opposition to the same.

Therefore, pursuant to Rule of Civil Procedure 69 (a), 28 U.S.C.A., R. 69(a) and Puerto Rico's Rule of Civil Procedure, 51.2, P.R. Laws Ann. tit. 32, Ap. V, the Court orders the Clerk of this Court to issue the Writs of Execution requested by the GDB. The first Writ of Execution shall be issued against plaintiffs, and their former counsel Cuadros and Meléndez ordering the enforcement of the Order to pay defendants $30,000, plus accrued interest. The second Writ of Execution shall be issued against plaintiffs themself ordering the enforcement of the Order to pay $935.90 plus $6,549.04 for costs in appeal and before this Court, plus accrued interest.

Consequently, the Clerk of this Court is ordered to issue a Writ of Execution directed to the Marshal of this United States District Court for the District of Puerto Rico, enabling him/her to make effective the Court of Appeals Clerk's Order awarding $935.90 in Appeal's costs and the Clerk of this Court order awarding $6,549.04 to defendant.

Wherefore, the Marshal of the United States District Court for the District of Puerto Rico, will be ordered by the Clerk to proceed forthwith and

Case 3:09-cv-01151-JAF   Document 328   Filed 12/21/12   Page 3 of 3

-3-

execute the Court of Appeal Clerk's Order awarding costs in the amount of $935.90, and the Clerk of this Court order awarding costs in the amount of $6,549.04, in favor of the GDB through the attachments of cash, checks, monies in banks or other institutions, real property and any other property belonging to Vicky Rodríguez Torres a/k/a Virgen Yolanda Rodríguez Torres and/or Luis Rafael Maldonado Vaillant subject to attachment up to the amount of the Order stated above. The Marshal will be also ordered by the Clerk to enforce the Orders described above with daily interests and Marshal's costs as provided by law.

A separate Order and Writ of Execution will be issued as to the monetary sanctions.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of December, 2012.

S/JOSE A. FUSTE

JOSE ANTONIO FUSTE
UNITED STATES DISTRICT JUDGE

THEREFORE you the United States Marshal, are requested to proceed with Order for Execution entered on December 21, 2012, in accordance with its terms and applicable law, which is literary transcribe above.

In San Juan, Puerto Rico, this 21st day of December, 2012.

FRANCES RIOS DE MORAN
Clerk of the Court

By: S/ Sulma López-Defilló
Sulma López-Defilló
Deputy Clerk